**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

SECURITIES AND EXCHANGE
COMMISSION,

                              Plaintiff,

      -against-

PETER R. QUARTARARO,

                              Defendant,

      -and-
PRIVATE EQUITY SOLUTIONS, INC.,
LEONARD QUARTARARO, PAUL CASELLA,
and LISA ECKERT,

                              Relief Defendants.

Case No. 2:21-cv-02305-JMA-AKT

---

**MOTION OF NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE FOR LEAVE TO INTERVENE AND FOR A STAY OF DISCOVERY PENDING RESOLUTION OF PARALLEL CRIMINAL PROCEEDINGS**

**INTRODUCTION**

The Nassau County District Attorney's Office ("NCDAO") respectfully moves to intervene in this action for the limited purpose of moving to stay discovery (only) pending resolution of a state criminal case that involves the same alleged misconduct. Plaintiff U.S. Securities & Exchange Commission ("SEC") assents to the NCDAO's motion to intervene and takes no position on the NCDAO's motion for a stay.

Both the NCDAO and the SEC have been investigating the defendant, Peter R. Quartararo, in connection with a securities fraud scheme. The SEC filed this action on April 27, 2021, the same day that an eight-count felony complaint was filed against Peter Quartararo in Nassau County. The felony complaint charged Peter Quartararo with five counts of Grand Larceny in the Second Degree, in violation of New York Penal Law §155.40(1); one count of Grand Larceny in the

third Degree, in violation of New York Penal Law § 155.35(1); one count of Scheme to Defraud in the First Degree, in violation of New York Penal Law § 190.65(1)(b); and one count of Conspiracy in the Fourth Degree, in violation of New York Penal Law § 105.10.

The NCDAO's felony complaint and the SEC's complaint are founded on the same operative facts. Accordingly, a stay of discovery in the civil proceedings (but not of unrelated motion practice) is justified for the reasons outlined below.

First, without a stay, Quartararo —charged in both actions—could use the civil discovery process in a manner that impairs proper administration of the criminal case. Depositions and interrogatories targeting the key witnesses in both matters would broadly disclose the essentials of the NCDAO's trial case at an early stage, thus allowing the defense to tailor factual and legal defenses to fit the anticipated proof; and needlessly harass and intimidate the witnesses, who are civilians and not law enforcement personnel. As discussed further below, courts in this and other districts have repeatedly recognized that the disparities between civil and criminal discovery justify staying civil proceedings. *See, eg., SEC v. TelexFree, Inc.*, 52 F. Supp. 3d 349, 352 (D. Mass. 2014) (ordering that discovery be stayed in an insider-trading enforcement action pending the outcome of parallel criminal cases and noting that "staying the civil proceedings would prevent the criminal defendants from exploiting liberal civil discovery rules to obtain evidence to support their criminal defenses"); *Gov. of Fed. Reserve v. Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery."); *United States v. MellonBank, N. A.*, 545 F.2d 869, 872-873 (3rd Cir. 1976) (affirming stay, noting that "the similarity of the issues left open the possibility that [target] might improperly exploit civil discovery for the advancement of his criminal case").

Second, a stay of discovery would create genuine efficiencies. A resolution of the parallel criminal case, which is pending in Nassau County, *see People v. P. Quartararo,* CR-005128-21NA, could well impact the result here. For example, a conviction in the criminal case could have an estoppel effect as to Quartararo's civil liability. *See, e.g., Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568-69 (1951) ("It is well established that a prior criminal conviction may work an estoppel in favor of the government in a subsequent civil proceeding."). Resolving the criminal case before this one may also simplify the issues to be addressed here, even if any civil discovery ultimately occurs.[1]

Finally, and relatedly, giving precedence to the criminal case could save litigation costs. For all these reasons, a stay of discovery is in the public interest, is the more efficient use of judicial and litigant resources and will not prejudice the defendant in either action.

## BACKGROUND

In December 2020, the NCDAO received a referral from the SEC which alleged that Quartararo, a broker previously registered with the Financial Industry Regulatory Authority ("FINRA")[2], told three investors that he had access to "pre-IPO" or initial public offering shares of stock in Peloton, WeWork, and Airbnb. These investors issued checks totaling $436,000 to Quartararo with an understanding that he would purchase pre-IPO shares on their behalf.

---

[1] *See, e.g., In re Grand Jury Proceedings (Williams)*, 995 F.2d 1013, 1018 n.11 (11th Cir. 1993) ("Although stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues."); *Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3d Cir. 1967) (affirming stay of civil action in part because "the trial of the criminal case [might] reduce the scope of discovery in the civil action . . . [a]nd . . . perhaps might also simplify the issues"); *Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985) ("[T]he resolution of the criminal case might reduce the scope of discovery in the civil case or otherwise simplify the issues.").

[2] On March 21, 2013, Quartararo was barred by FINRA in connection with a pre-IPO penny stock fraud where he stole money from potential investors and spent it on personal items instead of buying the stock on their behalf.

NCDAO's investigation revealed that Quartararo never purchased any shares for the victims and that a large portion of the victims' money was spent on personal items such as luxury automobiles.

## ARGUMENT

**I.     THE COURT SHOULD ALLOW THE NCDAO TO INTERVENE FOR THE LIMITED PURPOSE OF MOVING FOR A STAY.**

Pursuant to Rule 24(a) (2) of the Federal Rules of Civil Procedure, anyone may intervene as of right when the applicant "claims an interest relating to the property or transaction which is the subject of the action" and the applicant is so situated that "disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest . . . ." *See also Intl. Paper Co. v. Inhabitants of Jay, Maine,* 887 F.2d 338, 342 (1st Cir. 1989) (discussing standard).[3]

As noted, the NCDAO has a direct and substantial interest in the subject matter of this litigation, which is the same subject matter as that underlying prosecution in *People v. P. Quartararo,* CR-005128-21NA. Specifically, the NCDAO has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988) (denying appeal of district court order that allowed intervention and stayed SEC enforcement action in favor of criminal case). Without intervention the NCDAO cannot protect its interest in the criminal prosecution, because it cannot weigh in on whether civil discovery should proceed.

---

[3] "Thus, a party seeking intervention of right under Rule 24(a)(2) must demonstrate three things: 1) that it has a direct and substantial interest in the subject matter of the litigation; 2) that its ability to protect the interest may be impaired if it is not allowed to intervene; and 3) that its interest will not be adequately represented by an existing party. *See, e.g.*, *Keith v. Daley,* 764 F.2d 1265, 1268 (7th Cir. 1984)." *Id*.

The Court can also permit intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). To intervene under this section, the NCDAO must establish that there is a common question, an independent ground for jurisdiction, and a timely motion. If these conditions are met, the District Court has the discretion to allow intervention, and should consider whether intervention will unduly delay or prejudice adjudicating the civil case and whether the interests of the intervener are already adequately represented by the existing parties. *See id.; see also, e.g., In re Acushnet River & New Bedford Harbor Proceedings,* 712 F. Supp. 1019, 1023 (D. Mass. 1989) (discussing standard); *Bureerong v. Uvawas,* 167 F.R.D. 83, 85-86 (C.D. Cal. 1996) (permitting government to intervene under Rule 24(b)(2) and staying civil discovery pending resolution of criminal case).

Courts regularly recognize that federal prosecutors have a substantial interest in intervening in civil actions to protect the interests of the United States in securing convictions in criminal cases. *See, e.g., TelexFree, Inc.*, *supra*; *Chestman*, *supra*. "It is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact." *SEC v. Downe*, 1993 WL 22126, at *11 (S.D.N.Y. 1993) (citations omitted).

Civil discovery may, as a practical matter, similarly impair the NCDAO's ability to protect its interests in the enforcement of state criminal law. Accordingly, the NCDAO respectfully seeks leave to intervene for the purpose of arguing for a stay.

## II. THE COURT SHOULD STAY DISCOVERY TO PROTECT THE INTEGRITY OF THE CRIMINAL ACTION

It is "clearly within the power of the District Court to balance 'competing interests' and decide that judicial economy would best be served by a stay of civil proceedings." *United States v. Mellon Bank, N.A.,* 545 F.2d 869, 872-873 (3d Cir. 1976) (affirming stay); *see also Microfinancial, Inc. v. Premier Holidays Intl., Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic" that federal courts have the inherent power to stay civil proceedings in deference to criminal matters).

Courts generally consider certain factors when deciding whether to stay a civil case pending resolution of a criminal matter, including (a) the extent to which the civil and criminal cases overlap; (b) the public interest; (c) any potential prejudice to the civil parties if that matter is stayed; (d) the court's interest in managing dockets and resources; and (e) the current status of the criminal case. [4] In *Microfinancial*, a case in which the District Court denied defendants' motion to stay a civil trial because of a rumored grand jury investigation, the First Circuit articulated the relevant factors similarly, though some were specific to the facts of that case: whether delay would prejudice the civil litigants; potential prejudice to the party that is the defendant in both the civil and criminal matters (defendant had moved for the stay); impact on judicial resources; interests of any third parties; the public interest; the status of the two matters; and whether the litigants are acting in good faith. *See Microfinancial,* 385 F.3d at 78.

---

[4] *See, e.g., Keating v. Office of Thrift Superv.*, 45 F.3d 322, 324–25 (9th Cir. 1995); *TelexFree, Inc.*, 52 F. Supp. 3d 349; *Chao v. Fleming*, 498 F.Supp.2d 1034, 1041 (W.D. Mich. 2007); *In re Adelphia Comm. Sec. Litig.*, 2003 WL 22358819, *7 (E.D. Pa. May 13, 2003); *U.S. Sec. & Exch. Comm. v. HealthSouth Corp.*, 261 F.Supp.2d 1298, 1326 (N.D. Ala. 2003); *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 74 (W.D.N.Y. 2003); *Walsh Sec. v. Cristo Prop. Mgt.*, 7 F.Supp.2d 523, 526-27 (D.N.J. 1998).

### A. Discovery Should be Stayed Because of the Near Total Overlap of Facts and Evidence

"[T]he most important factor [in ruling on a motion to stay civil proceedings because of a pending criminal case] is the degree to which the civil issues overlap with the criminal issues." *SEC v. Nicholas*, 569 F.Supp.2d 1065, 1070 (C.D. Cal. 2008) (allowing DOJ intervention and staying SEC action pending resolution of criminal case; citations omitted); *see also, e.g.*, *Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F.Supp.2d 523, 527 (D.N.J. 1998) (making same point); *In re Adelphia Comm. Sec. Litig.*, 2003 WL 22358819, *6-7 (E.D. Pa. May 13, 2003) (citing risk of inconsistent judgments in civil and criminal proceedings with overlapping facts).

As noted above, here, the criminal and civil proceedings here are substantively identical: both are predicated on the allegation that Quartararo engaged in a pre-IPO stock fraud investment scheme wherein he stole potential investors' money. Although the SEC has named as relief defendants two additional parties not charged by the Nassau County District Attorney's Office, the facts underlying the two actions are identical. Accordingly, the two cases will necessarily rely on the same key witnesses and documentary evidence.

### B. Discovery Should Be Stayed Because the Public Interest Weighs in Favor of Unimpeded Resolution of the Criminal Case

Dozens of courts have recognized that the interests of justice weigh in favor of staying parallel civil proceedings because of the various ways those proceedings can impede the criminal case. "Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter." *United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966).

This principle has been followed repeatedly in securities cases where criminal and SEC enforcement actions were pending at the same time. *See, e.g.*, *TelexFree, Inc.*, *supra* (granting intervention and stay of SEC action); *SEC v. Purchasers of Secs. In Global Industr., Inc.,* 2012 WL 5505738, *3-6 (S.D.N.Y. Nov. 9, 2012) (same); *SEC v. Gordon,* 2009 WL 2252119, *3-6 (N.D. Okl. July 28, 2009) (same); *Nicholas,* 569 F.Supp.2d at 1070 (same); *SEC v. Beacon Hill Asset Management LLC*, 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (same); *In re Worldcom, Inc., Sec. Litig.*, 2002 WL 31729501, *3-10 (S.D.N.Y. Dec. 5, 2002) *(same); SEC v. Downe,* 1993 WL 22126, *12-14 (S.D.N.Y. Jan. 26, 1993) (same). Additionally, as several of these courts have noted, a substantial overlap of facts and evidence makes the public's interest in a stay even stronger.

The reasons for the long-standing policy against allowing civil discovery when an overlapping criminal matter is open stem directly from the procedural differences between civil and criminal proceedings. As the Fifth Circuit explained in *Campbell v. Eastland*, an often-cited case in this area,

> The very fact that there is a clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. <u>Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.</u>

*Campbell v. Eastland,* 307 F.2d 478, 487 (5th Cir. 1962) (emphasis added). As *Campbell* shows, for at least 50 years courts have recognized that priority should be given to the "public interest in law enforcement." *Id.*; *United States v. Hugo Key & Son, Inc.*, 672 F. Supp. 656, 685 (D.R.I. 1987) (citing "public interest" in law enforcement); *In re Ivan F. Boesky Securities Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the *public interest* in the criminal case is entitled to precedence over the civil litigant" (emphasis in original)).

Here, the public interest weighs in favor of staying discovery. The criminal case against Quartararo will operate under a specific set of discovery and procedural rules designed to balance state and personal interests. But that balance is upended, and thus the public's (and potential victims') rights impacted, if the defendant is able to use civil discovery to evade the criminal rules. *See, e.g., Beacon Hill Asset Management LLC*, 2003 WL 554618 at *1 (granting stay; "the principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases"). Or, as one court has articulated it,

> It is well established that a litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit to avoid the restrictions on criminal discovery and, thereby, obtain documents [and testimony] he might otherwise not be entitled to for use in his criminal suit.

*Founding Church of Scientology v. Kelley*, 77 F.R.D. 378, 380 (D.D.C. 1977) (citations omitted); *see also Pharaon*, 140 F.R.D. at 639 ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery.").[5]

---

[5] *See also, e.g., United States v. Mellon Bank, N. A.*, 545 F.2d 869, 872-873 (3d Cir. 1976) (affirming stay; noting that "the similarity of the issues [in the civil and criminal matters] left open the possibility that [the target] might improperly exploit civil discovery for the advancement of his criminal case"); *In re Eisenberg*, 654 F.2d 1107, 1113-14 (5th Cir. 1981) (observing that allowing civil discovery to proceed would make litigant "the beneficiary of materials otherwise unavailable under the criminal rules . . . thus nullifying in effect the criminal discovery limitations"); *Ashworth v. Albers Medical, Inc.*, 229 F.R.D. 527 (S.D. W. Va. 2005) (United States had discernable interest in intervening to prevent civil discovery from being used to circumvent scope of discovery in criminal matter); *United States v. GAF Financial Servs.*, 335 F. Supp. 2d 1371, 1373 (S.D. Fla. 2004) (civil forfeiture stayed pursuant to 18 U.S.C. § 981(g)); *Downe*, 1993 WL 22126, at *12–14 (staying securities action); *In re Ivan F. Boesky Secs. Litig.*, 128 F.R.D. at 49-50 (same); *Hugo Key & Son,* 672 F. Supp. at 657-59 (staying civil action in favor of environmental criminal investigation); *Founding Church of Scientology,* 77 F.R.D. at 380-81 (blocking interrogatories in favor of ongoing grand jury investigation); *U.S. Sec. & Exch. Comm. v. Control Metals Corp.*, 57 F.R.D. 56, 57-58 (S.D.N.Y. 1972) (staying depositions of four grand jury witnesses).

Other courts have even deemed it "abusive" to use civil discovery to circumvent criminal discovery rules. *See, e.g., United States v. Phillips*, 580 F. Supp. 517, 520 (N.D. Ill. 1984) ("This abusive tactic is an improper circumvention of the restrictions of the criminal discovery rules. Protection of the integrity of the criminal justice process fully justifies this Court's taking remedial action." (granting stay)); *Beacon Hill Asset Management LLC*, 2003 WL 554618 at *1 ("principal concern" in allowing civil discovery "is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases" (granting stay)).

### C. Because the Civil and Criminal Cases are Based on the Same Facts, Any Stay of Discovery Should Cover All Discovery, Instead of Proceeding by Category or Request by Request

In the context of motions to stay civil proceedings, courts sometimes seek to avoid a "blanket" stay of discovery, favoring a more specific approach. *See, e.g., Beacon Hill Asset Management LLC*, 2003 WL 554618 at *2 (granting stay of Rule 26(a)(i)(A) discovery and of discovery pertaining to "any person the U.S Attorney's Office certifies may be called as witness in the criminal case"); *SEC v. Doody*, 186 F.Supp.2d 379, 382 (S.D.N.Y. 2002) (same).

Here, however, because of the near-total overlap of facts and evidence in the civil and criminal cases, any discovery would implicate the NCDAO's interests in the criminal matter. Therefore, the NCDAO respectfully suggests that a complete stay is simpler, more efficient, and thus more beneficial for the litigants and the Court.

Proceeding with discovery in some categories but not others—or, alternatively, ruling on a stay each time a specific deposition notice, set of interrogatories or document request is served— would inevitably result in piecemeal litigation. Reviewing disputes about whether discovery falls within a barred category, or whether a specific discovery request should be subject to a stay under current law, would unnecessarily waste judicial resources. *See, e.g., Downe*, 1993 WL 22126 at

\*14 (opting for complete, instead of partial, stay, to avoid "unfairness" to certain civil defendants and "duplication of effort").

### D. The Defendant Will Not Be Prejudiced by a Stay, Further Tilting the Balance of Interests in Favor of One, and the Judicial Efficiencies are Clear

A stay is warranted for the public policy reasons summarized above. But, in addition, a stay would not prejudice the defendant. Indeed, a stay would allow the defendant to avoid the costs and distraction of litigating the civil case while the criminal case. Moreover, resolution of the criminal case would potentially expedite resolution of this civil case. Finally, a stay of discovery alone will not prevent the defendant from pursuing a dispositive motion or other similar relief.

The interest in judicial efficiency equally supports a stay. As Judge Cote noted in the *Worldcom* securities litigation,

> The Court shares with all parties an interest in the efficient resolution of the instant actions. Nonetheless, a concern for judicial efficiency does not necessarily militate against the granting of a stay.. . . <u>The conviction of a civil defendant as a result of the entry of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges</u>. *See Rosenthal v. Giuliani,* 2001 WL 121944, \*2 (S.D.N.Y. Feb. 9, 2001) ("[A] stay in the action will streamline later civil discovery since transcripts from the criminal case will be available to the civil parties.").

*In re Worldcom*, 2002 WL 31729501 at \*8 (emphasis added; citations omitted) (finding stay "particularly compelling" in light of factual overlap and U.S. Attorney's Office's request); *see also TelexFree,* 52 F. Supp. 3d at 353, (reasoning that "[a] stay would also conserve judicial resources"). A stay would allow not just the litigants, but also the Court, to avoid needless work, without prejudice to any defendant or to the overall public interest in justice being served.

## CONCLUSION

For the foregoing reasons, the NCDAO respectfully moves for permission to intervene in this case, and for a stay of discovery pending resolution of the parallel criminal proceedings.

Dated: May 18, 2021
       Mineola, New York

                                      Respectfully submitted,

                                      MADELINE SINGAS
                                      District Attorney

By:    Richard Sikes
        Assistant District Attorney
        Nassau County District Attorney's Office
        262 Old Country Road
        Mineola, New York 11501
        (516) 571-2149

        Cristin N. Connell
        Assistant District Attorney
        Nassau County District Attorney's Office
        262 Old Country Road
        Mineola, New York 11501
        (516) 571-3658

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) including Gerard Donnelly, Esq., counsel for Peter Quartararo in the Nassau County criminal action.

Dated: May 18, 2021
         Mineola, New York

_____
CRISTIN N. CONNELL