# EXHIBIT 1



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281-1022

**DIVISION OF ENFORCEMENT**

Bennett Ellenbogen
Senior Counsel
212-336-0062

May 4, 2021

Peter R. Quartararo
350 Herb Hill Rd., Apt. 244H
Glen Cove, NY 11542

Re: **SEC v. Peter Quartararo, et al., 2:21-cv-02305-JMA-AKT (EDNY)**

Dear Mr. Quartararo:

The Securities and Exchange Commission has commenced a lawsuit against you. A copy of the complaint is attached to this notice. The complaint has been filed in the United States District Court for the Eastern District of New York, and has been assigned docket number 21-cv-02305-JMA-AKT (EDNY). Also attached are the Judges' and Magistrate Judges' Rules and the Local Rules for the EDNY.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the costs of serving ou with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date on which this Notice and Request is sent: May 4, 2021. I enclosed a pre-paid addressed UPS envelope for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designate below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, as authorized by those Rules, ask the court to require you

to pay the full costs of such service.  In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, on May 4, 2021.

Sincerely,

Bennett Ellenbogen
Senior Counsel
Division of Enforcement
Securities and Exchange
    Commission

Att:    Waiver (2)
       Complaint
       Summons
       Judges' and Magistrate Judges' Rules
       Local Rules EDNY

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| PETER R. QUARTARARO, | ) |
| Defendant, | ) |
| -and- | ) |
| PRIVATE EQUITY SOLUTIONS, INC., | ) |
| LEONARD QUARTARARO, PAUL CASELLA, and LISA ECKERT, | ) |
| **Relief Defendants.** | ) |
| _____ | ) |
| *Defendant(s)* | |

Civil Action No.  **21-cv-02305**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  **PETER R. QUARTARARO**
**350 Herb Hill Rd., Apt. 244H**
**Glen Cove, NY  11542**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   **Bennett Ellenbogen**
**Securities and Exchange Commission**
**Brookfield Properties, 200 Vesey Street**
**4th Floor**
**New York, NY 10281**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

Civil Action No. **21-cv-02305**

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ **0.00** .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:


Print    Save As...    Reset

# Local Rules of the
# United States District Courts for the
# Southern and Eastern Districts of New York

**Effective October 29, 2018**

**with amendments to S.D.N.Y. Rule for Division of Business 19**

<u>Adopted</u> by the Board of Judges of the
Eastern District of New York and the
Southern District of New York
<u>Approved </u>by the Judicial Council of the Second Circuit

**Local Rules of the**
**United States District Courts for the**
**Southern and Eastern Districts of New York**

**Table of Contents**

# LOCAL CIVIL RULES

1.1.   Application of Rules ....................................................................................................6
1.2.   Night Depository .........................................................................................................6
1.3.   Admission to the Bar ...................................................................................................6
1.4.   Withdrawal or Displacement of Attorney of Record .................................................10
1.5.   Discipline of Attorneys ..............................................................................................11
1.6.   Duty of Attorneys in Related Cases ..........................................................................17
1.7.   Fees of Court Clerks and Reporters ...........................................................................18
1.8.   Photographs, Radio, Recordings, Television .............................................................18
1.9    Acceptable Substitutes for Affidavits [formerly Local Civil Rule 1.10]……………...............19
5.1.   Filing of Discovery Materials ....................................................................................19
5.2.   Electronic Service and Filing of Documents……………. ……………… …… . .. .. 20
5.3.   Service by Overnight Delivery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21
6.1.   Service and Filing of Motion Papers .........................................................................21
6.2.   Orders on Motions .....................................................................................................22
6.3.   Motions for Reconsideration or Reargument .............................................................23
6.4.   Computation of Time..................................................................................................23
7.1    Motion Papers. .......................................................... ……………...………......... .. ...24
7.1.1  Disclosure Statement  .................................................................................................25
7.2    Authorities to be Provided to Pro Se Litigants .........................................................26
11.1.  Form of Pleadings, Motions, and Other Papers .......................................................26
12.1.  Notice to Pro Se Litigant Who Opposes a Rule 12 Motion
          Supported by Matters Outside the Pleadings……………………………………… 27
16.1.  Exemptions from Mandatory Scheduling Order .......................................................28
16.2.  Entry and Modification of Mandatory Scheduling Orders by Magistrate Judges ...................29
23.1.  Fees in Class Action and Shareholder Derivative Actions .......................................29
26.1.  Address of Party and Original Owner of Claim to Be Furnished .............................30
26.2.  Assertion of Claim of Privilege.................................................................................30
26.3.  Uniform Definitions in Discovery Requests .............................................................32
26.4.  Cooperation Among Counsel in Discovery [formerly Local Civil Rules 26.5 and 26.7] .........34
26.5.  Form Discovery Requests [formerly Local Civil Rule 26.6]......................................34
30.1.  Counsel Fees on Taking Depositions More Than 100 Miles From Courthouse ....................35
30.2.  Telephonic and Other Remote Depositions [formerly Local Civil Rule 30.3] ........................35
30.3.  Persons Attending Depositions [formerly Local Civil Rule 30.4]…………………………......36
30.4.  Conferences Between Deponent and Defending Attorney [formerly Local Civil Rule 30.6].36
33.1. [Local Civil Rule Intentionally Omitted]..................................................................................36

33.2.  Standard Discovery in Prisoner Pro Se Actions..............................................................36

33.3.  Interrogatories (Southern District Only)......................................................................39

37.1.  Verbatim Quotation of Discovery Materials ..............................................................39

37.2.  Mode of Raising Discovery Disputes With the Court (Southern District Only) ....................40

37.3.  Mode of Raising Discovery and Other Non-Dispositive Pretrial Disputes With
         the Court (Eastern District Only)........................................................................40

39.1.  Custody of Trial and Hearing Exhibits........................................................................41

39.2.  Order of Summation .......................................................................................................42

47.1.  Assessment of Jury Costs .............................................................................................42

53.1.  Masters..............................................................................................................................43

54.1.  Taxable Costs ................................................................................................................43

54.2.  Security for Costs............................................................................................................48

54.3.  Entering Satisfaction of Money Judgment.................................................................48

55.1.  Certificate of Default......................................................................................................49

55.2.  Default Judgment.............................................................................................................49

56.1.  Statements of Material Facts on Motion for Summary Judgment..............................50

56.2.  Notice to Pro Se Litigant Who Opposes a Summary Judgment ...............................51

58.1.  Remand by an Appellate Court.....................................................................................52

65.1.1. Sureties............................................................................................................................53

67.1.  Order for Deposit in Interest-Bearing Account........................................................54

72.1.  Powers of Magistrate Judges ......................................................................................55

72.2.  Reference to Magistrate Judge (Eastern District Only)............................................56

73.1.  Consent Jurisdiction Procedure ..................................................................................56

77.1.  Submission of Orders, Judgments and Decrees........................................................57

81.1.  Removal of Cases from State Courts ..........................................................................57

83.1.  Transfer of Cases to Another District .......................................................................58

83.2.  Settlement of Actions by or on Behalf of Infants or Incompetents, Wrongful
         Death Actions, and Actions for Conscious Pain and Suffering of the Decedent...............58

83.3.  Habeas Corpus ...............................................................................................................59

83.4.  Publication of Advertisements [formerly Local Civil Rule 83.6]..............................60

83.5.  Notice of Sale [formerly Local Civil Rule 83.7].........................................................60

83.6.  Contempt Proceedings in Civil Cases [formerly Local Civil Rule 83.9] ...................62

83.7.  Court-Annexed Arbitration (Eastern District Only) [formerly Local Civil Rule 83.10]...........63

83.8.  Court-Annexed Mediation (Eastern District Only) [formerly Local Civil Rule 83.11] ............70

83.9.  Alternative Dispute Resolution (Southern District Only) [formerly Local Civil Rule 83.12]...76

83.10.  Plan for Certain §1983 Cases Against the City of New York (Southern District Only) ….....78

## LOCAL ADMIRALTY AND MARITIME RULES

A.1.  Application of Rules ........................................................................................................84

B.1.  Affidavit That Defendant Is Not Found Within the District....................................84

B.2.   Notice of Attachment................................................................84
C.1.   Intangible Property ....................................................................84
C.2.   Publication of Notice of Action and Arrest; Sale......................85
C.3.   Notice Required for Default Judgment in Action In Rem ........85
D.1.   Return Date in Possessory, Petitory, and Partition Actions......86
E.1.   Adversary Hearing Following Arrest, Attachment or Garnishment ...........87
E.2.   Intervenors' Claims ....................................................................87
E.3.   Claims by Suppliers for Payment of Charges.............................88
E.4.   Preservation of Property .............................................................88

## LOCAL CRIMINAL RULES

1.1.   Application of Rules ....................................................................89
1.2.   Notice of Appearance..................................................................90
12.4.   Disclosure Statement..................................................................90
16.1.   Conference of Counsel ................................................................90
23.1.   Free Press-Fair Trial Directives .................................................91
34.1.   Post-Trial Motions ......................................................................94
45.1.   Computation of Time ..................................................................95
47.1.   Applications for Ex Parte Orders................................................95
49.1.   Service and Filing of Motion Papers ..........................................95
58.1.   Petty Offenses--Collateral and Appearance ..............................96
59.1.   Powers of Magistrate Judges ......................................................97

## LOCAL PATENT RULES

1.   Application of Rules ........................................................................98
2.   Initial Scheduling Conference .........................................................98
3.   Certification of Disclosures .............................................................98
4.   Admissibility of Disclosures............................................................99
5.   Discovery Objections Based on Local Patent Rules........................99
6.   Disclosure of Asserted Claims and Infringement Contentions .......99
7.   Invalidity Contentions .....................................................................99
8.   Disclosure Requirements in Patent Cases Initiated by Declaratory Judgment ...........100
9.   Duty to Supplement Contentions...................................................100
10. Opinion of Counsel......................................................................100
11. Joint Claim Terms Chart ..............................................................101
12. Claim Constructions Briefing .......................................................101

**RULES FOR THE DIVISION OF BUSINESS AMONG DISTRICT JUDGES**

**SOUTHERN DISTRICT** ....................................................................................................102
1. Individual Assignment System ....................................................................................102
2. Assignment Committee ................................................................................................102
3. Part I ...............................................................................................................................103
4. Civil Actions or Proceedings (Filing and Assignment)..............................................104
5. Criminal Actions or Proceeding (Filing and Assignment) ........................................105
6. Criminal Proceedings (Filing and Assignment) .........................................................106
7. Cases Certified for Prompt Trial or Disposition ....................................................... 107
8. Criminal Motions ......................................................................................................... 108
9. Petitions for Collateral Relief from Convictions ....................................................... 108
10. Assignments to New Judges......................................................................................... 109
11. Assignments to Senior Judges..................................................................................... 109
12. Assignments to Visiting Judges................................................................................... 110
13. Related Cases ................................................................................................................ 110
14. Transfer of Cases by Consent ..................................................................................... 113
15. Transfers from Senior Judges. ..................................................................................... 113
16. Transfer Because of Disqualification, etc................................................................... 113
17. Transfer of Cases Because of a Judges's Death, Resignation, Prolonged Illness, Disability, Unavoidable Absence, or Excessive Backlog............................................ 113
18. Designation of White Plains Cases..............................................................................113
19. Reassignment of Cases to/from White Plains ............................................................115
20. Removed Actions and Bankruptcy Matters ...............................................................115
21. Social Security Actions and *Habeas Corpus* Petitions ..............................................115
22. Filing at Either Courthouse .........................................................................................116


**EASTERN DISTRICT** ....................................................................................................117
50.1    Categories and Classification of Cases; Information on Cases and Parties............117
50.2    Assignment of Cases ................................................................................................119
50.3.1 Related Civil Cases ..................................................................................................122
50.3.2 Related Criminal Cases ............................................................................................124
50.4    Reassignment of Cases .............................................................................................126
50.5    Miscellaneous Judge.................................................................................................126
50.6    Calendars ..................................................................................................................127
50.7    Conference.................................................................................................................128

## JOINT LOCAL CIVIL RULES
## UNITED STATES DISTRICT COURTS FOR THE
## SOUTHERN AND EASTERN DISTRICTS OF NEW YORK

**Local Civil Rule 1.1.    Application of Rules**

These Local Civil Rules apply in all civil actions and proceedings governed by the Federal Rules of Civil Procedure.

### COMMITTEE NOTE

The Committee recommends that Local Civil Rule 1.1 be reworded in order to make clear that the Local Civil Rules apply in all civil actions and proceedings governed by the Federal Rules of Civil Procedure.

**Local Civil Rule 1.2.    Night Depository**

A night depository with an automatic date stamp shall be maintained by the Clerk of the Southern District in the Pearl Street Courthouse and by the Clerk of the Eastern District in the Brooklyn Courthouse.    After regular business hours, papers for the District Court only may be deposited in the night depository.    Such papers will be considered as having been filed in the District Court as of the date stamped thereon, which shall be deemed presumptively correct.

### COMMITTEE NOTE

The Committee believes that it is unnecessary to have a Local Rule dealing with the hours of opening of the Clerk's Office, which are best set forth in the websites of the respective Courts.    Because the Advisory Committee note to the 2009 amendment to Fed. R. Civ. P. 6(a)(4) indicates that a local rule is necessary to authorize the use of night depositories, the Joint Committee recommends the retention of the portion of Local Civil Rule 1.2 dealing with night depositories.

**Local Civil Rule 1.3.    Admission to the Bar**

(a)    A member in good standing of the bar of the State of New York, or a member in good standing of the bar of the United States District Court in Connecticut or Vermont and of the bar of the State in which such district court is located, provided such district court by its rule extends a corresponding privilege to members of the bar of this Court, may be admitted to practice in this Court

on compliance with the following provisions:

Each applicant for admission is required to file an application for admission in electronic form and pay the required fee through the Public Access to Court Electronic Records (PACER) system at www.pacer.gov. This one application will be utilized both to admit and then to provide the applicant to the bar of this Court with electronic filing privileges for use on the Court's Electronic Case Filing (ECF) system. The applicant shall adhere to all applicable rules of admission.

The application for admission shall state:

(1) applicant's residence and office address;

(2) the date(s) when, and courts where, admitted;

(3) applicant's legal training and experience;

(4) whether applicant has ever been held in contempt of court, and, if so, the nature of the contempt and the final disposition thereof;

(5) whether applicant has ever been censured, suspended, disbarred or denied admission or readmission by any court, and, if so, the facts and circumstances connected therewith;

(6) that applicant has read and is familiar with

(A) the provisions of the Judicial Code (Title 28, U.S.C.) which pertain to the jurisdiction of, and practice in, the United States District Courts;

(B) the Federal Rules of Civil Procedure;

(C) the Federal Rules of Criminal Procedure;

(D) the Federal Rules of Evidence;

(E) the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; and

(F) the New York State Rules of Professional Conduct as adopted from time

to time by the Appellate Divisions of the State of New York; and

(7) that applicant will faithfully adhere to all rules applicable to applicant's conduct in connection with any activities in this Court.

The application shall be accompanied by a certificate of the clerk of the court for each of the states in which the applicant is a member of the bar, which has been issued within thirty (30) days of filing and states that the applicant is a member in good standing of the bar of that state court. The application shall also be accompanied by an affidavit of an attorney of this Court who has known the applicant for at least one year, stating when the affiant was admitted to practice in this Court, how long and under what circumstances the attorney has known the applicant, and what the attorney knows of the applicant's character and experience at the bar.

Such application shall be placed at the head of the calendar and, on the call thereof, the attorney whose affidavit accompanied the application shall, for the Eastern District of New York, and may, and is encouraged to, for the Southern District of New York, personally move the admission of the applicant. If the application is granted, the applicant shall take the oath of office and sign the roll of attorneys.

A member of the bar of the state of New York, Connecticut, or Vermont who has been admitted to the bar of this Court pursuant to this subsection and who thereafter voluntarily resigns from membership in the bar of the state pursuant to which he was admitted to the bar of this Court, and who does not within 30 days of that voluntary resignation file an affidavit with the Clerk of this Court indicating that such person remains eligible to be admitted to the bar of this Court pursuant to other provisions of this subsection (such as because he is still a member of the bar of another eligible state and, where applicable, a corresponding district court), shall be deemed to have voluntarily resigned from the bar of this Court as of the same date the member resigned from the bar of the underlying state, provided that such resignation shall not be deemed to deprive this Court of jurisdiction to impose discipline on this person, pursuant to Rule 1.5 infra, for conduct preceding the date of such resignation.

(b)    A member in good standing of the bar of either the Southern or Eastern District of New York may be admitted to the bar of the other district without formal application

> (1) upon electronically filing through the PACER website a certificate of the Clerk of the United States District Court for the district in which the applicant is a member of the bar, which has been issued within thirty (30) days of filing and states that the applicant is a member in good standing of the bar of that Court;
>
> (2) an affidavit by the applicant stating
>
> > (A) whether the applicant has ever been convicted of a felony,
> >
> > (B) whether the applicant has ever been censured, suspended, disbarred or denied admission or readmission by any court,
> >
> > (C) whether there are any disciplinary proceedings presently against the applicant and
> >
> > (D) the facts and circumstances surrounding any affirmative responses to (a) through (c); and
>
> (3) upon taking the oath of office, signing the roll of attorneys of that district, and paying the fee required in that district. Each district retains the right to deny admission based upon the content of the affidavit in response to item (2).

(c)    A member in good standing of the bar of any state or of any United States District Court may be permitted to argue or try a particular case in whole or in part as counsel or advocate, upon motion as described below.

After requesting pro hac vice electronic filing privileges through the PACER website, applicants shall electronically file a motion for admission pro hac vice on the court's ECF system and pay the required fee.

The motion must be accompanied by a certificate of the court for each of the states in which the

applicant is a member of the bar, which has been issued within thirty (30) days of filing and states that the applicant is a member in good standing of the bar of that state court, and an affidavit by the applicant stating

> (1) whether the applicant has ever been convicted of a felony,
>
> (2) whether the applicant has ever been censured, suspended, disbarred or denied admission or readmission by any court,
>
> (3) whether there are any disciplinary proceedings presently against the applicant and
>
> (4) the facts and circumstances surrounding any affirmative responses to (a) through (c);

Attorneys appearing for the Department of Justice may appear before the Court without requesting pro hac vice admission. Such attorneys shall request electronic filing privileges through the PACER website. Attorneys appearing for other federal agencies must move for pro hac vice admission but the fee requirement is waived and the certificate(s) of good standing may have been issued within one year of filing. Only an attorney who has been so admitted or who is a member of the bar of this Court may enter appearances for parties, sign stipulations or receive payments upon judgments, decrees or orders.

(d)    If an attorney who is a member of the bar of this Court, or who has been authorized to appear in a case in this Court, changes his or her residence or office address, the attorney shall immediately notify the Clerk of the Court, in addition to serving and filing a notice of change of address in each pending case in which the attorney has appeared.

## 2011 COMMITTEE NOTE

The Committee recommends that Local Civil Rule 1.3(c) be amended to clarify that a motion for admission pro hac vice may be made by the applicant, and does not need to be made by a member of the Court's bar. This is a logical corollary of the fact that the Southern and Eastern Districts no longer require that attorneys admitted pro hac vice be associated with local counsel who are members of the Court's bar.

## 2013 COMMITTEE NOTE

The amendments to Local Civil Rule 1.3(c) have two purposes. First, to conform the rule to local practice, i.e., to reflect the required fee for pro hac vice admission and the practice, mandated by 28 U.S.C. ' 517, of not requiring Department of Justice attorneys, who are not members of the bar of this Court, to be admitted pro hac vice before appearing. The second purpose of the rule is to make pro hac vice admission less onerous for other federal agency attorneys by waiving the fee requirement and easing the certificate of good standing requirement. It was the considered judgment of the Court that pro hac vice admission remains necessary to ensure recourse in the event of any violation of the rules of court.

## 2016 COMMITTEE NOTE

A candidate for admission to the bar must respond to inquiries on the application regarding the candidate's criminal and disciplinary history. The amendment requires that the same information be supplied in two circumstances not previously covered by the Rule: (1) an application for admission pro hac vice; and (2) the admission to a second district (whether the Southern or Eastern District of New York) upon the filing of a certificate of good standing from the first district (whether the Southern or Eastern District of New York) within 30 days of admission in the first district. In the latter circumstance, the amendment also provides that the second district may deny admission based upon the disclosed criminal and disciplinary history.

## 2018 COMMITTEE NOTE

Local Rule 1.3 is revised solely to reflect the new process for electronically filing an application for admission and obtaining electronic filing privileges.

## Local Civil Rule 1.4.    Withdrawal or Displacement of Attorney of Record

An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.   All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

## COMMITTEE NOTE

The Committee recommends that Local Civil Rule 1.4 be amended to require that the affidavit in support of a motion to withdraw state whether or not a retaining or charging lien is being asserted, and to clarify that all applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.   This is not meant to preclude the Court from permitting the reasons for withdrawal to be stated in camera and under seal in an appropriate case.   It is also not meant to preclude

substitution of counsel by a stipulation which has been signed by counsel, the counsel's client, and all other parties, and which has been so ordered by the Court.

**Local Civil Rule 1.5.   Discipline of Attorneys**

(a)   Committee on Grievances.   The Chief Judge shall appoint a committee of the Board of Judges known as the Committee on Grievances, which under the direction of the Chief Judge shall have charge of all matters relating to the discipline of attorneys.   The Chief Judge shall appoint a panel of attorneys who are members of the bar of this Court to advise or assist the Committee on Grievances. At the direction of the Committee on Grievances or its chair, members of this panel of attorneys may investigate complaints, may prepare and support statements of charges, or may serve as members of hearing panels.

(b)   Grounds for Discipline or Other Relief.   Discipline or other relief, of the types set forth in paragraph (c) below, may be imposed, by the Committee on Grievances, after notice and opportunity to respond as set forth in paragraph (d) below, if any of the following grounds is found by clear and convincing evidence:

(1)   Any member of the bar of this Court has been convicted of a felony or misdemeanor in any federal court, or in a court of any state or territory.

(2)   Any member of the bar of this Court has been disciplined by any federal court or by a court of any state or territory.

(3)   Any member of the bar of this Court has resigned from the bar of any federal court or of a court of any state or territory while an investigation into allegations of misconduct by the attorney was pending.

(4)   Any member of the bar of this Court has an infirmity which prevents the attorney from engaging in the practice of law.

(5)   In connection with activities in this Court, any attorney is found to have engaged

in conduct violative of the New York State Rules of Professional Conduct as adopted from time to time by the Appellate Divisions of the State of New York. In interpreting the Code, in the absence of binding authority from the United States Supreme Court or the United States Court of Appeals for the Second Circuit, this Court, in the interests of comity and predictability, will give due regard to decisions of the New York Court of Appeals and other New York State courts, absent significant federal interests.

(6) Any attorney not a member of the bar of this Court has appeared at the bar of this Court without permission to do so.

(c) Types of Discipline or Other Relief.

(1) In the case of an attorney admitted to the bar of this Court, discipline imposed pursuant to paragraph (b)(1), (b)(2), (b)(3), or (b)(5) above may consist of a letter of reprimand or admonition, censure, suspension, or an order striking the name of the attorney from the roll of attorneys admitted to the bar of this Court.

(2) In the case of an attorney not admitted to the bar of this Court, discipline imposed pursuant to paragraph (b)(5) or (b)(6) above may consist of a letter of reprimand or admonition, censure, or an order precluding the attorney from again appearing at the bar of this Court.

(3) Relief required pursuant to paragraph (b)(4) above shall consist of suspending the attorney from practice before this Court.

(d) Procedure.

(1) If it appears that there exists a ground for discipline set forth in paragraph (b)(1), (b)(2), or (b)(3), notice thereof shall be served by the Committee on Grievances upon the attorney concerned by first class mail, directed to the address of the attorney as shown on the rolls of this Court and to the last known address of the attorney (if any) as shown in the complaint and any materials submitted therewith. Service shall be deemed complete upon mailing in

accordance with the provisions of this paragraph.

In all cases in which any federal court or a court of any state or territory has entered an order disbarring or censuring an attorney or suspending the attorney from practice, whether or not on consent, the notice shall be served together with an order by the Clerk of this Court, to become effective twenty-four days after the date of service upon the attorney, disbarring or censuring the attorney or suspending the attorney from practice in this Court upon terms and conditions comparable to those set forth by the other court of record. In all cases in which an attorney has resigned from the bar of any federal court or of a court of any state or territory while an investigation into allegations of misconduct by the attorney was pending, even if the attorney remains admitted to the bar of any other court, the notice shall be served together with an order entered by the Clerk for this Court, to become effective twenty-four days after the date of service upon the attorney, deeming the attorney to have resigned from the bar of this Court. Within twenty days of the date of service of either order, the attorney may file a motion for modification or revocation of the order. Any such motion shall set forth with specificity the facts and principles relied upon by the attorney as showing cause why a different disposition should be ordered by this Court. The timely filing of such a motion will stay the effectiveness of the order until further order by this Court. If good cause is shown to hold an evidentiary hearing, the Committee on Grievances may direct such a hearing pursuant to paragraph (d)(4) below. If good cause is not shown to hold an evidentiary hearing, the Committee on Grievances may proceed to impose discipline or to take such other action as justice and this rule may require. If an evidentiary hearing is held, the Committee may direct such interim relief pending the hearing as justice may require.

In all other cases, the notice shall be served together with an order by the Committee on Grievances directing the attorney to show cause in writing why discipline should not be imposed.

If the attorney fails to respond in writing to the order to show cause, or if the response fails to show good cause to hold an evidentiary hearing, the Committee on Grievances may proceed to impose discipline or to take such other action as justice and this rule may require.   If good cause is shown to hold an evidentiary hearing, the Committee on Grievances may direct such a hearing pursuant to paragraph (d)(4) below.   If an evidentiary hearing is held, the Committee may direct such interim relief pending the hearing as justice may require.

(2)   In the case of a ground for discipline set forth in paragraph (b)(2) or (b)(3) above, discipline may be imposed unless the attorney concerned establishes by clear and convincing evidence (i) that there was such an infirmity of proof of misconduct by the attorney as to give rise to the clear conviction that this Court could not consistent with its duty accept as final the conclusion of the other court, or (ii) that the procedure resulting in the investigation or discipline of the attorney by the other court was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process, or (iii) that the imposition of discipline by this Court would result in grave injustice.

(3)   Complaints in writing alleging any ground for discipline or other relief set forth in paragraph (b) above shall be directed to the Chief Judge, who shall refer such complaints to the Committee on Grievances.   The Committee on Grievances, by its chair, may designate an attorney, who may be selected from the panel of attorneys established pursuant to paragraph (a) above, to investigate the complaint, if it deems investigation necessary or warranted, and to prepare a statement of charges, if the Committee deems that necessary or warranted. Complaints, and any files based on them, shall be treated as confidential unless otherwise ordered by the Chief Judge for good cause shown.

(4)   A statement of charges alleging a ground for discipline or other relief set forth in paragraph (b)(4), (b)(5), or (b)(6) shall be served upon the attorney concerned by certified mail, return receipt requested, directed to the address of the attorney as shown on the rolls of this Court and to the last known address of the attorney (if any) as shown in the complaint and any

materials submitted therewith, together with an order by the Committee on Grievances directing the attorney to show cause in writing why discipline or other relief should not be imposed. Upon the respondent attorney's answer to the charges the matter will be designated by the Committee on Grievances for a prompt evidentiary hearing before a Magistrate Judge of the Court or before a panel of three attorneys, who may be selected from the panel of attorneys established pursuant to paragraph (a) above. The Magistrate Judge or panel of attorneys conducting the hearing may grant such pre-hearing discovery as they determine to be necessary, shall hear witnesses called by the attorney supporting the charges and by the respondent attorney, and may consider such other evidence included in the record of the hearing as they deem relevant and material. The Magistrate Judge or panel of attorneys conducting the hearing shall report their findings and recommendations in writing to the Committee on Grievances and shall serve them upon the respondent attorney and the attorney supporting the charges. After affording the respondent attorney and the attorney supporting the charges an opportunity to respond in writing to such report, or if no timely answer is made by the respondent attorney, or if the Committee on Grievances determines that the answer raises no issue requiring a hearing, the Committee on Grievances may proceed to impose discipline or to take such action as justice and this rule may require.

(e)    Reinstatement.    Any attorney who has been suspended or precluded from appearing in this Court or whose name has been struck from the roll of the members of the bar of this Court may apply in writing to the Chief Judge, for good cause shown, for the lifting of the suspension or preclusion or for reinstatement to the rolls.    The Chief Judge shall refer such application to the Committee on Grievances.    The Committee on Grievances may refer the application to a Magistrate Judge or hearing panel of attorneys (who may be the same Magistrate Judge or panel of attorneys who previously heard the matter) for findings and recommendations, or may act

upon the application without making such a referral. Absent extraordinary circumstances, no such application will be granted unless the attorney seeking reinstatement meets the requirements for admission set forth in Local Civil Rule 1.3(a).

(f)  Remedies for Misconduct.  The remedies provided by this rule are in addition to the remedies available to individual District Judges and Magistrate Judges under applicable law with respect to lawyers appearing before them.  Individual District Judges and Magistrate Judges may also refer any matter to the Chief Judge for referral to the Committee on Grievances to consider the imposition of discipline or other relief pursuant to this rule.

(g)  Notice to Other Courts.  When an attorney is known to be admitted to practice in the court of any state or territory, or in any other federal court, and has been convicted of any crime or disbarred, precluded from appearing, suspended or censured in this court, the Clerk shall send to such other court or courts a certified or electronic copy of the judgment of conviction or order of disbarment, preclusion, suspension or censure, a certified or electronic copy of the Court's opinion, if any, and a statement of the attorney's last known office and residence address.

(h)  Duty of Attorney to Report Discipline.

(1)      In all cases in which any federal, state or territorial court, agency or tribunal has entered an order disbarring or censuring an attorney admitted to the bar of this Court, or suspending the attorney from practice, whether or not on consent, the attorney shall deliver a copy of said order to the Clerk of this Court within fourteen days after the entry of the order.

(2)      In all cases in which any member of the bar of this Court has resigned from the bar of any federal, state or territorial court, agency or tribunal while an investigation into allegations of misconduct against the attorney was pending, the attorney shall report such resignation to the Clerk of this Court within fourteen days after the submission of the resignation.

(3)      In all cases in which this Court has entered an order disbarring or censuring an

attorney, or suspending the attorney from practice, whether or not on consent, the attorney shall deliver a copy of said order within fourteen days after the entry of the order to the clerk of each federal, state or territorial court, agency and tribunal in which such attorney has been admitted to practice.

(4)     Any failure of an attorney to comply with the requirements of this Local Civil Rule 1.5(h) shall constitute a basis for discipline of said attorney pursuant to Local Civil Rule 1.5(c).

## COMMITTEE NOTE

Because Local Civil Rule 1.5 has been the subject of a recent review by the Courts, the Committee has not proposed any substantive changes therein.   An amendment is recommended to Local Civil Rule 1.5(g) to recognize the fact that today the Clerks of the Courts often give notice of disciplinary actions to other courts by electronic means.

## Local Civil Rule 1.6.     Duty of Attorneys in Related Cases

(a)     It shall be the continuing duty of each attorney appearing in any civil or criminal case to bring promptly to the attention of the Court all facts which said attorney believes are relevant to a determination that said case and one or more pending civil or criminal cases should be heard by the same Judge, in order to avoid unnecessary duplication of judicial effort.   As soon as the attorney becomes aware of such relationship, said attorney shall notify the Judges to whom the cases have been assigned.

(b)     If counsel fails to comply with Local Civil Rule 1.6(a), the Court may assess reasonable costs directly against counsel whose action has obstructed the effective administration of the Court's business.

## COMMITTEE NOTE

The Committee recommends that Local Civil Rule 1.6(a) be amended to provide simply that notification must be given to the Judges to whom the case has been assigned.

## Local Civil Rule 1.7.     Fees of Court Clerks and Reporters

(a)     The Clerk shall not be required to render any service for which a fee is prescribed by statute or by the Judicial Conference of the United States unless the fee for the particular service is paid to the

Clerk in advance or the Court orders otherwise.

(b)     Every attorney appearing in any proceeding who orders a transcript of any trial, hearing, or any other proceeding, is obligated to pay the cost thereof to the court reporters of the Court upon rendition of the invoice unless at the time of such order, the attorney, in writing, advises the court reporter that only the client is obligated to pay.

## COMMITTEE NOTE

Local Civil Rule 1.7(a) serves a useful purpose in light of 28 U.S.C. § 1914(c), which provides that "[e]ach district court by rule or standing order may require advance payment of fees."

## Local Civil Rule 1.8.    Photographs, Radio, Recordings, Television

Unless authorized to do so by an administrative order of each respective Court, no one other than Court officials engaged in the conduct of Court business shall (a) bring any camera, transmitter, receiver, recording device, cellular telephone, computer or other electronic device into any courthouse; or (b) make an audio or video recording of any proceeding or any communication with the Court, an employee of the Court or any person acting at the direction of the Court, including a mediator.

## COMMITTEE NOTE

The recommended revised language of Local Civil Rule 1.8, which the Committee understands has been worked out by the respective Courts, recognizes that both Courts have adopted administrative orders dealing with the extent to which cameras, recording devices, and other electronic devices will be permitted to be brought into their respective courthouses.   The environs of the courthouses are excluded from the proposed local rule in accordance with the spirit of the settlement agreement so ordered by the Court in Antonio Musumeci v. United States Department of Homeland Security, 10 Civ. 3370 (RJH).

## 2016 COMMITTEE NOTE

The Rule has long restricted the act of bringing certain devices into any courthouse without authorization. The amendment now prohibits the making of any audio or video recording of a proceeding or communication with the Court, even if the device was brought into the courthouse with authorization. The amendment encompasses activities regardless of location, including the recording from a remote location of a telephone conversation with a Judge, a member of a Judge's staff or the Court's staff or other persons acting at the Court's direction, including a mediator.

**Local Civil Rule 1.9.    Acceptable Substitutes for Affidavits [formerly Local Civil Rule 1.10]**

In situations in which any Local Rule provides for an affidavit or a verified statement, the following are acceptable substitutes:    (a) a statement subscribed under penalty of perjury as prescribed in 28 U.S.C. § 1746; or (b) if accepted by the Court as a substitute for an affidavit or a verified statement, (1) a statement signed by an attorney or by a party not represented by an attorney pursuant to Federal Rule of Civil Procedure 11, or (2) an oral representation on the record in open court.

**COMMITTEE NOTE**

The Committee believes that this Local Civil Rule continues to serve a useful function, particularly in pro se cases, and therefore recommends its retention.

**Local Civil Rule 5.1.    Filing of Discovery Materials**

A party seeking or opposing relief under Fed. R. Civ. P. 26 through 37 inclusive, or making or opposing any other motion or application, shall quote or attach only those portions of the depositions, interrogatories, requests for documents, requests for admissions, or other discovery or disclosure materials, together with the responses and objections thereto, that are the subject of the discovery motion or application, or that are cited in papers submitted in connection with any other motion or application.    See also Civil Local Rule 37.1.

**COMMITTEE NOTE**

The Committee believes that Local Civil Rule 5.1 continues to serve a very useful purpose by making clear that only those discovery materials that are necessary to the decisional process should be filed in connection with a motion or application.    The Committee recommends that language be added to confirm that this principle applies to parties opposing motions as well as to those making motions.

**Local Civil Rule 5.2.    Electronic Service and Filing of Documents**

(a)        Parties serving and filing papers shall follow the instructions regarding Electronic Case Filing (ECF) published on the website of each respective Court.    A paper served and filed by electronic means in accordance with such instructions is, for purposes of Fed. R. Civ. P. 5, served and filed in

compliance with the Local Civil Rules of the Southern and Eastern Districts of New York.

(b)     Subject to the instructions regarding ECF published on the website of each respective Court and any pertinent Individual Judge's Practices, letter-motions permitted by Local Civil Rule 7.1(d) and letters addressed to the Court (but not letters between the parties) may be filed via ECF.

(c)     Parties have an obligation to review the Court's actual order, decree, or judgment (on ECF), which controls, and should not rely on the description on the docket or in the ECF Notice of Electronic Filing (NEF).

## COMMITTEE NOTE

The substance of the last sentence of Local Civil Rule 5.3(b) has been moved to this local rule, so as to consolidate in this local rule everything in the Local Civil Rules dealing with the subject of ECF. The local rule has been revised to refer to the instructions regarding ECF on the website of each respective Court, because the instructions change with sufficient frequency to make it unfeasible to incorporate them into the local rules.

## 2013 COMMITTEE NOTE

Recommended new Local Civil Rule 5.2(b) would authorize the filing of letter-motions and letters to the Court by ECF. ECF filing of letters to the Court is already required by the ECF instructions in the Eastern District of New York, and in the Southern District of New York this Local Rule amendment would authorize (but not require) ECF filing of letters to the Court that generally now are accepted by judges in the Southern District of New York. Allowing such letters to be filed will improve the record on appeal in cases where an appeal is taken, and will allow the press and the public to follow more fully what is happening in pending cases. Recommended Local Civil Rule 5.2(b) does not authorize the filing of letters exchanged between the parties.

Parties should remember to review the Individual Judge's Practices for any pertinent restrictions on the filing of letters or letter-motions, such as requirements for courtesy copies and any page limitations. Moreover, before filing a letter via ECF, parties should consider whether the letter contains information about settlement discussions or personal information (including medical information regarding a party or counsel) that should not be in the public file, in which case the letter should be sent directly to chambers instead of via ECF, or, in the Eastern District, if chambers permits, may be filed under seal via ECF.

Recommended new Local Civil Rule 5.2(c) reminds parties that they should review the actual order, decree, or judgment of the Court on ECF, rather than relying upon the description of the order, decree, or judgment on the docket or in the ECF Notice of Electronic Filing, which is often just a short summary of a more detailed order.

## Local Civil Rule 5.3.   Service by Overnight Delivery

Service upon an attorney may be made by overnight delivery service.   "Overnight delivery

service" means any delivery service which regularly accepts items for overnight delivery.   Overnight

delivery service shall be deemed service by mail for purposes of Fed. R. Civ. P. 5 and 6.

**COMMITTEE NOTE**

Local Civil Rule 5.3(a), dealing with overnight delivery service, is still necessary, because Fed. R. Civ. P. 5 has not been amended to deal with overnight delivery service.   However, many of the detailed provisions of present Local Civil Rule 5.3(a) are unnecessary once it is made clear that overnight delivery service shall be treated the same as service by mail.

In Local Civil Rule 5.3(b), the first two sentences, dealing with service by facsimile, are unnecessary in light of Fed. R. Civ. P. 5(b)(2)(E), and the substance of the last sentence, dealing with ECF, has been moved to Local Civil Rule 5.2.

## Local Civil Rule 6.1.   Service and Filing of Motion Papers

Except for letter-motions as permitted by Local Rule 7.1(d), and unless otherwise provided by

statute or rule, or by the Court in a Judge's Individual Practice or in a direction in a particular case, upon

any motion, the notice of motion, supporting affidavits, and memoranda shall be served and filed as

follows:

(a)    On all motions and applications under Fed. R. Civ. P. 26 through 37 inclusive and 45(d)(3),

(1) the notice of motion, supporting affidavits, and memoranda of law shall be served by the moving

party on all other parties that have appeared in the action, (2) any opposing affidavits and answering

memoranda of law shall be served within seven days after service of the moving papers, and (3) any reply

affidavits and reply memoranda of law shall be served within two days after service of the answering

papers.   In computing periods of days, refer to Fed. R. Civ. P. 6 and Local Civil Rule 6.4.

(b)    On all civil motions, petitions, and applications, other than those described in Rule 6.1(a),

and other than petitions for writs of habeas corpus, (1) the notice of motion, supporting affidavits, and

memoranda of law shall be served by the moving party on all other parties that have appeared in the

action, (2) any opposing affidavits and answering memoranda shall be served within fourteen days after

service of the moving papers, and (3) any reply affidavits and memoranda of law shall be served within

seven days after service of the answering papers.   In computing periods of days, refer to Fed. R. Civ.

P. 6 and Local Civil Rule 6.4.

(c)    The parties and their attorneys shall only appear to argue the motion if so directed by the

Court by order or by a Judge's Individual Practice.

(d)    No *ex parte* order, or order to show cause to bring on a motion, will be granted except upon

a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by

notice of motion is necessary, and stating whether a previous application for similar relief has been made.

### COMMITTEE NOTE

In the initial paragraph of Local Civil Rule 6.1, the Committee recommends the deletion of the parenthetical reference to Fed. R. Civ. P. 56, because Fed. R. Civ. P. 56, as amended effective December 1, 2010, no longer provides for a different period of time to make a motion for summary judgment than that prescribed by Local Civil Rule 6.1.    In Local Civil Rule 6.1(c), the Committee recommends the deletion of the words "or upon application" in order to prevent any implication that oral argument will be granted automatically upon application.   This change is not intended to suggest that the parties cannot apply to the Court for oral argument.

### 2013 COMMITTEE NOTE

This is a conforming amendment designed to bring Local Civil Rule 6.1 into conformity with recommended new Local Civil Rule 7.1(d), which authorizes letter-motions in the case of certain non-dispositive matters.

### Local Civil Rule 6.2.    Orders on Motions

A memorandum signed by the Court of the decision on a motion that does not finally determine

all claims for relief, or an oral decision on such a motion, shall constitute the order unless the

memorandum or oral decision directs the submission or settlement of an order in more extended form.

The notation in the docket of a memorandum or of an oral decision that does not direct the submission

or settlement of an order in more extended form shall constitute the entry of the order.   Where an

order in more extended form is required to be submitted or settled, the notation in the docket of such

order shall constitute the entry of the order.

### COMMITTEE NOTE

Local Civil Rule 6.2 remains necessary because the Federal Rules of Civil Procedure do not

specify what constitutes the entry of an order. The Committee believes that the existing language of Local Civil Rule 6.2 is broad enough to encompass notations in the ECF docket, and that no change is required for this reason.

## Local Civil Rule 6.3.    Motions for Reconsideration or Reargument

Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked. The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the Court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the Court.

## COMMITTEE NOTE

Local Civil Rule 6.3 is necessary because the Federal Rules of Civil Procedure do not specify the time periods governing a motion for reconsideration or reargument. In the first sentence of Local Civil Rule 6.3, the Committee recommends an amendment to clarify that the Court may set a different time for the filing of a motion for reconsideration or reargument.

## Local Civil Rule 6.4.    Computation of Time

In computing any period of time prescribed or allowed by the Local Civil Rules or the Local Admiralty and Maritime Rules, the provisions of Fed. R. Civ. P. 6 shall apply unless otherwise stated. In these Local Rules, as in the Federal Rules as amended effective December 1, 2009, Saturdays, Sundays, and legal holidays are no longer excluded in computing periods of time. If the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

# COMMITTEE NOTE

Recommended Local Civil Rule 6.4 is unchanged in substance from the version that became effective on December 1, 2009, pursuant to the time computation amendments to the Federal Rules of Civil Procedure.

## Local Civil Rule 7.1.    Motion Papers

(a)    Except for letter-motions as permitted by Local Rule 7.1(d) or as otherwise permitted by the Court, all motions shall include the following motion papers:

(1)    A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;

(2)    A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and

(3)    Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

(b)    Except for letter-motions as permitted by Local Rule 7.1(d) or as otherwise permitted by the Court, all oppositions and replies with respect to motions shall comply with Local Civil Rule 7.1(a)(2) and (3) above, and an opposing party who seeks relief that goes beyond the denial of the motion shall comply as well with Local Civil Rule 7.1(a)(1) above.

(c)    Unless otherwise ordered by the District Judge to whom the appeal is assigned, appellate briefs on bankruptcy appeals shall comply with the briefing format and length specifications set forth in Federal Rules of Bankruptcy Procedure 8015 to 8017.

(d)    Applications for extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matters as permitted by the instructions regarding ECF published on the website of each respective Court and any pertinent Individual Judge's Practices, may be brought by letter-

motion filed via ECF pursuant to Local Civil Rule 5.2(b).

## COMMITTEE NOTE

Recommended Local Civil Rule 7.1 is designed to collect in one place the requirements for motion papers. It includes the substance of the present Local Civil Rule 7.1 on memoranda of law, and of the present Local Civil Rule 7.2 regarding notices of motion and orders to show cause. The Committee believes that it will be helpful, especially to lawyers from out of state and to lawyers who practice primarily in the state courts, to have a Local Rule that sets forth the types of papers that are required in support of or in opposition to a motion.

## 2013 COMMITTEE NOTE

Local Civil Rule 7.1(d) would authorize the use of letter-motions for applications for extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matters. Pursuant to recommended Local Civil Rule 5.2(b), such letter-motions may be filed by ECF.

The use of letter-motions is intended to follow existing practice in which counsel request certain non-dispositive relief by letter. Using a letter-motion instead of a letter will ensure that the Court is aware that relief is requested (as distinguished from, for example, a status update letter where no relief is requested). Local Civil Rule 7.1(d) is not intended to expand the types of motions that can be made by letter-motion. For example, motions to dismiss or motions for summary judgment may not be made by letter-motion.

Parties should remember to review the Individual Judge's Practices for any pertinent restrictions on the filing of letter-motions, such as requirements for courtesy copies and any page limitations.

## 2016 COMMITTEE NOTE

Local Rule 7.l(c) is amended to conform to the Federal Rules of Bankruptcy Procedure.

### Local Civil Rule 7.1.1    Disclosure Statement

For purposes of Fed. R. Civ. P. 7.1(b)(2), "promptly" shall mean "within fourteen days," that is, parties are required to file a supplemental disclosure statement within fourteen days of the time there is any change in the information required in a disclosure statement filed pursuant to those rules.

## COMMITTEE NOTE

The Committee believes that Local Civil Rule 7.1.1 continues to serve a useful purpose in helping to ensure that Judges will be given prompt notice of changes that might require consideration of possible recusal.

### Local Civil Rule 7.2.    Authorities to Be Provided to Pro Se Litigants

In cases involving a pro se litigant, counsel shall, when serving a memorandum of law (or other

submissions to the Court), provide the pro se litigant (but not other counsel or the Court) with copies of cases and other authorities cited therein that are unpublished or reported exclusively on computerized databases. Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.

**COMMITTEE NOTE**

The Committee recommends the addition of an additional sentence to Local Civil Rule 7.2 in order to facilitate compliance with the decision of the Second Circuit in <u>Lebron v. Sanders</u>, 557 F.3d 76 (2d Cir. 2009).

## Local Civil Rule 11.1.    Form of Pleadings, Motions, and Other Papers

(a)    Every pleading, written motion, and other paper must (1) be plainly written, typed, printed, or copied without erasures or interlineations which materially deface it, (2) bear the docket number and the initials of the District Judge and any Magistrate Judge before whom the action or proceeding is pending, and (3) have the name of each person signing it clearly printed or typed directly below the signature.

(b)    The typeface, margins, and spacing of all documents presented for filing must meet the following requirements:    (1) all text must be 12-point type or larger, except for text in footnotes which may be 10-point type; (2) all documents must have at least one-inch margins on all sides; (3) all text must be double-spaced, except for headings, text in footnotes, or block quotations, which may be single-spaced.

**COMMITTEE NOTE**

The provisions of Local Civil Rule 11.1 deal with topics that are not covered in Fed. R. Civ. P. 11.    Recommended Local Civil Rule 11.1(b), which is based upon similar provisions in other local rules, is intended to set simple and easily followed minimum standards for legibility of documents filed with the Court.

**Local Civil Rule 12.1.    Notice to Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings**

A represented party moving to dismiss or for judgment on the pleadings against a party proceeding pro se, who refers in support of the motion to matters outside the pleadings as described in Fed. R. Civ. P. 12(b) or 12(c), shall serve and file the following notice with the full text of Fed. R. Civ. P. 56 attached at the time the motion is served.    If the Court rules that a motion to dismiss or for judgment on the pleadings will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56, and the movant has not previously served and filed the notice required by this rule, the movant shall amend the form notice to reflect that fact and shall serve and file the amended notice within fourteen days of the Court's ruling.

**Notice to Pro Se Litigant Who Opposes a Rule 12 Motion
Supported by Matters Outside the Pleadings**

The defendant in this case has moved to dismiss or for judgment on the pleadings pursuant to Rule 12(b) or 12(c) of the Federal Rules of Civil Procedure, and has submitted additional written materials.    This means that the defendant has asked the Court to decide this case without a trial, based on these written materials.    You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.    For this reason, THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME by filing sworn affidavits as required by Rule 56(c) and/or other documents.    The full text of Rule 56 of the Federal Rules of Civil Procedure is attached.

In short, Rule 56 provides that you may NOT oppose the defendant's motion simply by relying upon the allegations in your complaint.    Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising specific facts that support your claim.    If you have proof of your claim, now is the time to submit it.    Any witness statements must be

in the form of affidavits. An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion.

If you do not respond to the motion on time with affidavits and/or documents contradicting the facts asserted by the defendant, the Court may accept defendant's facts as true. Your case may be dismissed and judgment may be entered in defendant's favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

## COMMITTEE NOTE

Local Civil Rule 12.1 plays a valuable role in alerting <u>pro se</u> litigants to the potentially serious consequences of a motion to dismiss based upon evidence outside the pleadings, and to the requirements for controverting such evidence. The Committee recommends certain changes in the text of the notice required by the rule in order to make it more understandable to non-lawyers.

## Local Civil Rule 16.1.    Exemptions from Mandatory Scheduling Order

Matters involving habeas corpus petitions, social security disability cases, motions to vacate sentences, forfeitures, and reviews from administrative agencies are exempted from the mandatory scheduling order required by Fed. R. Civ. P. 16(b).

## COMMITTEE NOTE

The Committee recommends the retention of Local Civil Rule 16.1. It serves an important function, because Fed. R. Civ. P. 16(b)(1) requires that any exemption of categories of cases from the mandatory scheduling order requirement must be accomplished by a local rule.

## Local Civil Rule 16.2.    Entry and Modification of Mandatory Scheduling Orders by Magistrate Judges

In any case referred to a Magistrate Judge, the Magistrate Judge may issue or modify scheduling orders pursuant to Fed. R. Civ. P. 16(b).

**COMMITTEE NOTE**

Local Civil Rule 16.2 is necessary because Fed. R. Civ. P. 16(b)(1) requires a local rule in order to confer upon Magistrate Judges the power to issue or modify scheduling orders. The Committee recommends that the language of the rule be simplified, and that it be applicable to all cases in which a case has been referred to a Magistrate Judge.

## Local Civil Rule 23.1.    Fees in Class Action and Shareholder Derivative Actions

Fees for attorneys or others shall not be paid upon recovery or compromise in a class action or a derivative action on behalf of a corporation except as allowed by the Court after a hearing upon such notice as the Court may direct. The notice shall include a statement of the names and addresses of the applicants for such fees and the amounts requested respectively and shall disclose any fee sharing agreements with anyone. Where the Court directs notice of a hearing upon a proposed voluntary dismissal or settlement of a class action or a derivative action, the above information as to the applications shall be included in the notice.

**COMMITTEE NOTE**

The Committee recommends the retention of Local Civil Rule 23.1.1. Unlike Fed. R. Civ. P. 23 (which deals with class actions), Fed. R. Civ. P. 23.1 (dealing with shareholder derivative actions) does not contain any provisions dealing with attorney's fees. Local Civil Rule 23.1.1 has been part of the local rules for many years, and has proven its usefulness in derivative actions.

### 2016 COMMITTEE NOTE

The Committee in 2011 recommended that prior Local Rule 23.1 regarding class actions be deleted as unnecessary. The Second Circuit's recent decision in Bernstein v. Bernstein Litowitz Berger & Grossman LLP, 814 F.3d 132, 137 n.2 (2d Cir. 2016), stated that the prior Local Rule is not redundant with Fed. R. Civ. P. 23(h) regarding fee sharing arrangements. The Committee therefore recommends reinstating Local Rule 23.1 and combining it with Local Rule 23 .1.1 to cover both class actions and derivative actions.

## Local Civil Rule 26.1.    Address of Party and Original Owner of Claim to Be Furnished

A party shall furnish to any other party, within seven (7) days after a demand, a verified statement setting forth:

(a)    If the responding party is a natural person, that party's residence and domicile, and any state

or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332;

(b)    If the responding party is a partnership, limited liability partnership, limited liability company, or other unincorporated association, like information for all of its partners or members, as well as the state or other jurisdiction of its formation;

(c)    If the responding party is a corporation, its state or other jurisdiction of incorporation, principal place of business, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332; and

(d)    In the case of an assigned claim, corresponding information for each original owner of the claim and for any assignee.

## COMMITTEE NOTE

Local Civil Rule 26.1 has been revised in order to make it a more effective tool for determining quickly whether or not there is a basis to challenge diversity jurisdiction.

## Local Civil Rule 26.2.    Assertion of Claim of Privilege

(a)    Unless otherwise agreed by the parties or directed by the Court, where a claim of privilege is asserted in objecting to any means of discovery or disclosure, including but not limited to a deposition, and an answer is not provided on the basis of such assertion,

(1)   The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

(2)   The following information shall be provided in the objection, or (in the case of a deposition) in response to questions by the questioner, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(A)    For documents:    (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the

author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

(B)    For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

(b) Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (a) above shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the Court.

(c)    Efficient means of providing information regarding claims of privilege are encouraged, and parties are encouraged to agree upon measures that further this end.    For example, when asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by this rule by group or category.    A party receiving a privilege log that groups documents or otherwise departs from a document-by-document or communication-by-communication listing may not object solely on that basis, but may object if the substantive information required by this rule has not been provided in a comprehensible form.

## COMMITTEE NOTE

With the advent of electronic discovery and the proliferation of e-mails and e-mail chains, traditional document-by-document privilege logs may be extremely expensive to prepare, and not really informative to opposing counsel and the Court.    There is a growing literature in decisions, law reviews, and other publications about the need to handle privilege claims in new and more efficient ways.    The Committee wishes to encourage parties to cooperate with each other in developing efficient ways to communicate the information required by Local Civil Rule 26.2 without the need for a traditional privilege log.    Because the appropriate approach may differ depending on the size of the case, the volume of privileged documents, the use of electronic search techniques, and other factors, the purpose

of Local Civil Rule 26.2(c) is to encourage the parties to explore methods appropriate to each case. The guiding principles should be cooperation and the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. <u>See also</u> The Sedona Cooperation Proclamation, available at www.TheSedonaConference.org, whose principles the Committee endorses.

**Local Civil Rule 26.3.    Uniform Definitions in Discovery Requests**

(a)    The full text of the definitions and rules of construction set forth in paragraphs (c) and (d) is deemed incorporated by reference into all discovery requests.    No discovery request shall use broader definitions or rules of construction than those set forth in paragraphs (c) and (d).    This rule shall not preclude (1) the definition of other terms specific to the particular litigation, (2) the use of abbreviations, or (3) a more narrow definition of a term defined in paragraph (c).

(b)    This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

(c)    The following definitions apply to all discovery requests:

(1)    Communication**.**    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2)    Document**.**    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).    A draft or non-identical copy is a separate document within the meaning of this term.

(3)    Identify (with respect to persons).    When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4)    Identify (with respect to documents).    When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).    In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

(5)    Parties.    The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.    This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6)    Person.    The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

(7)    Concerning.    The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(d)    The following rules of construction apply to all discovery requests:

(1)    All/Any/Each.    The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(2)    And/Or.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3)    Number.    The use of the singular form of any word includes the plural and vice versa.

## COMMITTEE NOTE

Local Civil Rule 26.3 has performed a useful role in simplifying definitions that are commonly used in discovery requests.    The Committee recommends certain changes to reflect current practice.

The definition of "document" in Local Civil Rule 26.3(c)(2) has been updated to include the term "electronically stored information," which is now used in Fed. R. Civ. P. 34(a)(1)(A).

## Local Civil Rule 26.4.    Cooperation Among Counsel in Discovery [formerly Local Civil Rules 26.5 and 26.7]

(a)    Counsel are expected to cooperate with each other, consistent with the interests of their

clients, in all phases of the discovery process and to be courteous in their dealings with each other,

including in matters relating to scheduling and timing of various discovery procedures.

(b)    Discovery requests shall be read reasonably in the recognition that the attorney serving

them generally does not have the information being sought and the attorney receiving them generally

does have such information or can obtain it from the client.

### COMMITTEE NOTE

This recommended Local Civil Rule is derived from prior Local Civil Rules 26.5 and 26.7, which applied to the Eastern District only.   The Committee endorses the goals of professional cooperation and courtesy embodied in this recommended Local Civil Rule, and recommends that the rule be made applicable to both the Southern and Eastern Districts.

## Local Civil Rule 26.5.    Form Discovery Requests [formerly Local Civil Rule 26.6]

Attorneys using form discovery requests shall review them to ascertain that they are consistent

with the scope of discovery under Fed. R. Civ. P. 26(b)(l).    Non-compliant requests shall not be used.

### COMMITTEE NOTE

While this Local Civil Rule is a straightforward corollary of Fed. R. Civ. P. 26(g)(1)(B), the Committee understands that it is frequently relied upon, and therefore recommends its retention in the Eastern District and its adoption in the Southern District.

### 2016 COMMITTEE NOTE

The change to Local Rule 26.5 is necessary because the December 2015 amendments to the Federal Rules of Civil Procedure eliminated discovery about the "subject matter," instead limiting discovery to the claims and defenses, as further limited by proportionality factors.

**Local Civil Rule 30.1.  Counsel Fees on Taking Depositions More Than 100 Miles From Courthouse**

When a deposition upon oral examination is to be taken at a place more than one hundred (100) miles from the courthouse, any party may request the Court to issue an order providing that prior to the examination, another party shall pay the expense (including a reasonable counsel fee) of the attendance of one attorney for each other party at the place where the deposition is to be taken.   The amounts so paid, unless otherwise directed by the Court, may be taxed as a cost at the conclusion of the action or proceeding.

### COMMITTEE NOTE

The Committee believes that Local Civil Rule 30.1 serves a useful purpose in directing the attention of the parties to their ability to request expenses in the event that a deposition is taken more than 100 miles from the courthouse.   Whether or not to award such expenses, and whether or not to tax them as costs at the conclusion of the case, remain in the discretion of the Court.

**Local Civil Rule 30.2.   Telephonic and Other Remote Depositions [formerly Local Civil Rule 30.3]**

The motion of a party to take the deposition of an adverse party by telephone or other remote means will presumptively be granted.   Where the opposing party is a corporation, the term "adverse party" means an officer, director, managing agent or corporate designee pursuant to Fed. R. Civ. P. 30(b)(6).

### COMMITTEE NOTE

The Committee recommends that this Local Civil Rule be broadened to encompass the taking of depositions by remote means other than telephonic means, as has been done with Fed. R. Civ. P. 30(b)(4).

**Local Civil Rule 30.3.   Persons Attending Depositions [formerly Local Civil Rule 30.4]**

A person who is a party in the action may attend the deposition of a party or witness.   A witness or potential witness in the action may attend the deposition of a party or witness unless otherwise ordered by the Court.

# COMMITTEE NOTE

This rule provides a useful summary of the rules regarding who may attend a deposition, and the Committee recommends that it be extended to the Southern District as well as the Eastern District. The exclusion-of-witnesses rule of Fed. R. 615 is made inapplicable to depositions by Fed. R. Civ. P. 30(c)(1), but Fed. R. Civ. P. 26(c)(1)(E) allows the Court, for good cause, to "designat[e] the persons who may be present while the discovery is conducted."

## Local Civil Rule 30.4.  Conferences Between Deponent and Defending Attorney [formerly Local Civil Rule 30.6]

An attorney for a deponent shall not initiate a private conference with the deponent while a deposition question is pending, except for the purpose of determining whether a privilege should be asserted.

# COMMITTEE NOTE

The Committee believes that this Local Civil Rule serves a useful purpose, and that it is consistent with (although not duplicative of) Fed. R. Civ. P. 30(c)(2) and 20(d)(2).   The Committee believes that there is a broad consensus that it is improper for the deponent's attorney to initiate a private conference with the deponent while a question is pending.   By recommending that this minimum standard be stated in the rule, the Committee does not intend any negative implication that other types of obstructive conduct during depositions may not be dealt with by appropriate orders of the Court.

## [Local Civil Rule 33.1 Intentionally Omitted]

## Local Civil Rule 33.2.   Standard Discovery in Prisoner Pro Se Actions

(a)  This rule shall apply in any action commenced pro se in which the plaintiff's complaint includes any claim described in paragraph (b) of this rule, in which the events alleged in the complaint occurred while the plaintiff was in the custody of the New York State Department of Corrections & Community Supervision, the Department of Correction of the City of New York, or any other jail, prison or correctional facility operated by or for a city, county, municipal or other local governmental entity (collectively, the "Department").   Defendants represented by the Office of the Attorney General, the Office of the Corporation Counsel of the City of New York, or counsel for or appointed by the Department responsible for the jail, prison or correctional facility (collectively, the

"Facility"), shall respond to the standing discovery requests adopted by the Court, in accordance with the instructions and definitions set forth in the standing requests, unless otherwise ordered by the Court.

(b)  The claims to which the standard discovery requests shall apply are Use of Force Cases, Inmate Against Inmate Assault Cases and Disciplinary Due Process Cases, as defined below.

(1)  "Use of Force Case" refers to an action in which the complaint alleges that an employee of the Department or Facility used physical force against the plaintiff in violation of the plaintiff's rights.

(2)  "Inmate against Inmate Assault Case" refers to an action in which the complaint alleges that an employee of the Department or Facility was responsible for the plaintiff's injury resulting from physical contact with another inmate.

(3)  "Disciplinary Due Process Case" refers to an action in which (i) the complaint alleges that an employee of the Department or Facility violated or permitted the violation of a right or rights in a disciplinary proceeding against plaintiff, and (ii) the punishment imposed upon plaintiff as a result of that proceeding was placement in a special housing unit for more than 30 days.

(c)  If a response to the requests is required to be made on behalf of an individual defendant represented by the Office of the Corporation Counsel, the Office of the Attorney General or counsel for or appointed by the Department responsible for the Facility, it shall be made on the basis of information and documents within the possession, custody or control of the Department or Facility in accordance with the instructions contained in the requests. If no defendant is represented by such counsel, responses based upon such information need not be made pursuant to this Local Rule, without prejudice to such other discovery procedures as the plaintiff shall initiate.

(d)  The requests, denominated "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents," shall be answered within 120 days of service of the complaint on any

named defendant except (i) as otherwise ordered by the Court, for good cause shown, which shall be based upon the facts and procedural status of the particular case and not upon a generalized claim of burden, expense or relevance or (ii) if a dispositive motion is pending. The responses to the requests shall be served upon the plaintiff and shall include verbatim quotation of the requests. Copies of the requests are available from the Court, including the Court's website.

(e) Except upon permission of the Court, for good cause shown, the requests shall constitute the sole form of discovery available to plaintiff during the 120-day period designated above.

### JULY 2011 COMMITTEE NOTE

Local Civil Rule 33.2 has worked well, and the Committee recommends its continuation. The Committee recommends that the rule be revised to make it applicable on the same basis in the Eastern District as in the Southern District. In addition, the Committee recommends extension of the rule to other prison facilities in addition to State and New York City prison facilities (12/2014). Because this Local Civil Rule and Local Civil Rule 33.3 are frequently cited, the Committee does not recommend that they be renumbered.

### DECEMBER 2011 COMMITTEE NOTE

The Committee recommends extension of the rule to other prison facilities in addition to State and New York City prison facilities. Also, the trigger for a Disciplinary Due Process Case is reduced from 100 days in SHU to 30 days to better reflect the case law in this area.

### 2014 COMMITTEE NOTE

The Committee recommends deleting Local Civil Rule 33.2(f). The Rule is intended to be automatic and the standard discovery requests are available on the Courts' websites and in most prison libraries. The second sentence of Local Rule 33.2(d) also is amended to require that the responses include verbatim quotation of the requests, to further insure that the pro se plaintiff has the language of the requests.

## Local Civil Rule 33.3.   Interrogatories (Southern District Only)

(a)      Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent

insurance agreements, and other physical evidence, or information of a similar nature.

(b)    During discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court.

(c)    At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise.

### COMMITTEE NOTE

Local Civil Rule 33.3 reflects the general practice in the Southern District, and the Committee recommends its continuation there.   Practice in the Eastern District is more receptive to the use of interrogatories, and the Committee therefore does not recommend that this Local Civil Rule be extended to the Eastern District.

## Local Civil Rule 37.1.    Verbatim Quotation of Discovery Materials

Upon any motion or application involving discovery or disclosure requests or responses under Fed. R. Civ. P. 37, the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed.   The motion or application shall also set forth the grounds upon which the moving party is entitled to prevail as to each request or response.   Local Civil Rule 5.1 also applies to the motion or application.

### COMMITTEE NOTE

Local Civil Rule 37.1 continues to serve a clearly useful purpose, and the Committee recommends its retention.

## Local Civil Rule 37.2.    Mode of Raising Discovery Disputes With the Court (Southern District Only)

No motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the Court

by letter-motion for a pre-motion discovery conference (subject to the instructions regarding ECF published on the Court's website and the Judge's Individual Practices) and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference.

## COMMITTEE NOTE

The modes of raising discovery disputes with the Court are sufficiently different in the Southern and Eastern Districts that the Committee is constrained to recommend the continuation of two different rules – Local Civil Rule 37.2 applying to the Southern District, and Local Civil Rule 37.3 applying to the Eastern District.

## 2013 COMMITTEE NOTE

This amendment would make clear that the request to the Court required by Local Civil Rule 37.2 shall now be made by letter-motion as authorized by Local Civil Rule 7.1(d), instead of by letter as before, without any substantive change in practice.

## Local Civil Rule 37.3.   Mode of Raising Discovery and Other Non-Dispositive Pretrial Disputes With the Court (Eastern District Only)

(a)    Good-Faith Effort to Resolve.    Prior to seeking judicial resolution of a discovery or non-dispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with Fed. R. Civ. P. 37(a)(1).

(b)    Disputes Arising During Depositions.    Where the attorneys for the affected parties or a non-party witness cannot agree on a resolution of a discovery dispute that arises during a deposition, they shall, to the extent practicable, notify the Court by telephone and seek a ruling while the deposition is in progress.    If a prompt ruling cannot be obtained, and the dispute involves an instruction to the witness not to answer a question, the instruction not to answer may stand and the deposition shall continue until a ruling is obtained pursuant to the procedure set forth in paragraph (c) below.

(c)    Other Discovery and Non-Dispositive Pretrial Disputes.    Where the attorneys for the

affected parties or non-party witness cannot agree on a resolution of any other discovery dispute or non-dispositive pretrial dispute, or if they are unable to obtain a telephonic ruling on a discovery dispute that arises during a deposition as provided in paragraph (b) above, they shall notify the Court by letter not exceeding three pages in length outlining the nature of the dispute and attaching relevant materials. Within four days of receiving such a letter, any opposing affected party or non-party witness may submit a responsive letter not exceeding three pages attaching relevant materials. Except for the letters and attachments authorized herein, or where a ruling which was made exclusively as a result of a telephone conference is the subject of *de novo* review pursuant to paragraph (d) hereof, papers shall not be submitted with respect to a dispute governed by this rule unless the Court has so directed.

(d)  Motion for Reconsideration.  A ruling made exclusively as a result of a telephone conference may be the subject of *de novo* reconsideration by a letter not exceeding five pages in length attaching relevant materials submitted by any affected party or non-party witness. Within four days of receiving such a letter, any other affected party or non-party witness may submit a responsive letter not exceeding five pages in length attaching relevant materials.

(e)  Decision of the Court.  The Court shall record or arrange for the recording of the Court's decision in writing.  Such written order may take the form of an oral order read into the record of a deposition or other proceeding, a handwritten memorandum, a handwritten marginal notation on a letter or other document, or any other form the Court deems appropriate.

## COMMITTEE NOTE

As explained in the Committee Note to Local Civil Rule 37.2, the Committee believes that it is necessary to have a separate Local Civil Rule setting forth the mode of raising discovery and other non-dispositive pretrial disputes in the Eastern District.  In Local Civil Rule 37.3(c), the Committee concluded that, except in the context of an ongoing deposition (which is covered by Local Civil Rule 37.3(b)), disputes should be raised by letter rather than by a telephone call to the Court.

**Local Civil Rule 39.1.    Custody of Trial and Hearing Exhibits**

(a)    Unless the Court orders otherwise, trial and hearing exhibits shall not be filed with the Clerk, but shall be retained in the custody of the respective attorneys who produced them in court.

(b)    Trial and hearing exhibits which have been filed with the Clerk shall be removed by the party responsible for them (1) if no appeal is taken, within ninety (90) days after a final decision is rendered, or (2) if an appeal has been taken, within thirty (30) days after the final disposition of the appeal.    Parties failing to comply with this rule shall be notified by the Clerk to remove their exhibits and upon their failure to do so within thirty (30) days, the Clerk may dispose of them as the Clerk may see fit.

### COMMITTEE NOTE

The Committee believes that this Local Civil Rule is useful in alerting counsel to the Courts' practice concerning the custody of trial and hearing exhibits, which differs from the practices of many other courts.

**Local Civil Rule 39.2.    Order of Summation**

After the close of evidence in civil trials, the order of summation shall be determined in the discretion of the Court.

### COMMITTEE NOTE

The Committee believes that Local Civil Rule 39.2 serves a useful role in clarifying the power of the Court to determine the order of summation.

**Local Civil Rule 47.1.    Assessment of Jury Costs**

All counsel in civil cases shall seriously discuss the possibility of settlement a reasonable time prior to trial. The Court may, in its discretion, assess the parties or counsel with the cost of one day's attendance of the jurors if a case is settled after the jury has been summoned or during trial, the amount

to be paid to the Clerk of the Court.   For purposes of this rule, a civil jury is considered summoned for a trial as of Noon one day prior to the designated date of the trial.

**COMMITTEE NOTE**

The Committee understands that the power to impose the cost of one day's attendance of jurors upon parties who have failed to reach (or notify the Court of) a settlement at least one business day before trial is exercised only infrequently and in egregious cases.   The Committee agrees that the Court should have this power in order to deal with such egregious cases, and that the rule serves a useful purpose in notifying the bar that the Court has this power.

**Local Civil Rule 53.1.   Masters**

(a)   Oath.   Every person appointed pursuant to Rule 53 shall before entering upon his or her duties take and subscribe an oath, which, except as otherwise prescribed by statute or rule, shall be the same as the oath prescribed for Judges pursuant to 28 U.S.C. § 453, with the addition of the words "in conformance with the order of appointment" after the words "administer justice."   Such an oath may be taken before any federal or state officer authorized by federal law to administer oaths, and shall be filed in the office of the Clerk.

(b)   May Sit Outside District.   A person appointed pursuant to Rule 53 may sit within or outside the district.   When the person appointed is requested to sit outside the district for the convenience of a party and there is opposition by another party, he or she may make an order for the holding of the hearing, or a part thereof, outside the district, upon such terms and conditions as shall be just.   Such order may be reviewed by the Court upon motion of any party, served within twenty-one (21) days after service on all parties by the master of the order.

**COMMITTEE NOTE**

The Committee believes that Local Civil Rule 53.1 serves a useful purpose by clarifying two subjects that are not dealt with in Fed. R. Civ. P. 53.

**Local Civil Rule 54.1.    Taxable Costs**

(a)  Notice of Taxation of Costs. Within thirty (30) days after the entry of final judgment, or, in the case of an appeal by any party, within thirty (30) days after the final disposition of the appeal, unless this period is extended by the Court for good cause shown, any party seeking to recover costs shall file with the Clerk a notice of taxation of costs by Electronic Case Filing, except a pro se party may do so in writing, indicating the date and time of taxation which shall comply with the notice period prescribed by Fed. R. Civ. P. 54, and annexing a bill of costs. Costs will not be taxed during the pendency of any appeal, motion for reconsideration, or motion for a new trial. Within thirty (30) days after the determination of any appeal, motion for reconsideration, or motion for a new trial, the party seeking tax costs shall file a new notice of taxation of costs. Any party failing to file a notice of taxation of costs within the applicable thirty (30) day period will be deemed to have waived costs.   The bill of costs shall include an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred. Bills for the costs claimed shall be attached as exhibits.

(b)  Objections to Bill of Costs.   A party objecting to any cost item shall serve objections by Electronic Case Filing, except a pro se party may do so in writing, prior to the date and time scheduled for taxation.   The parties need not appear at the date and time scheduled for taxation unless requested by the Clerk. The Clerk will proceed to tax costs at the time scheduled and allow such items as are properly taxable. In the absence of written objection, any item listed may be taxed within the discretion of the Clerk.

(c)  Items Taxable as Costs

(1)  Transcripts.   The cost of any part of the original trial transcript that was necessarily obtained for use in this Court or on appeal is taxable.   Convenience of counsel is not sufficient.   The cost of a transcript of Court proceedings prior to or subsequent to trial is taxable only when authorized in advance or ordered by the Court.

(2)  Depositions.   Unless otherwise ordered by the Court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety.   Costs for depositions are also taxable if they were used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion.   Costs for depositions taken solely for discovery are not taxable. Counsel's fees and expenses in attending the taking of a deposition are not taxable except as provided by statute, rule (including Local Civil Rule 30.1), or order of the Court.   Fees, mileage, and subsistence for the witness at the deposition are taxable at the same rates as for attendance at trial if the deposition taken was used or received in evidence at the trial.

(3)  Witness Fees, Travel Expenses and Subsistence.   Witness fees and travel expenses authorized by 28 U.S.C. § 1821 are taxable if the witness testifies.   Subsistence pursuant to 28 U.S.C. § 1821 is taxable if the witness testifies and it is not practical for the witness to return to his or her residence from day to day.   No party to the action may receive witness fees, travel expenses, or subsistence.   Fees for expert witnesses are taxable only to the extent of fees for ordinary witnesses unless prior court approval was obtained.

(4)  Interpreting Costs.   The reasonable fee of a competent interpreter is taxable if the fee of the witness involved is taxable.   .

(5)  Exemplifications and Copies of Papers.   A copy of an exhibit is taxable if the original was not available and the copy was used or received in evidence.   The cost of copies used for the convenience of counsel or the Court are not taxable.   The fees for a search and certification or proof of the non-existence of a document in a public office is taxable.

(6)  Maps, Charts, Models, Photographs and Summaries.   The cost of photographs, 8" x 10" in size or less, is taxable if used or received in evidence.   Enlargements greater than 8" x 10" are not taxable except by order of the Court.   Costs of maps, charts, and models,

including computer generated models, are not taxable except by order of the Court. The cost of compiling summaries, statistical comparisons and reports is not taxable.

(7) Attorney Fees and Related Costs. Attorney fees and disbursements and other related fees and paralegal expenses are not taxable except by order of the Court. A motion for attorney fees and related nontaxable expenses shall be made within the time period prescribed by Fed. R. Civ. P. 54.

(8) Fees of Masters, Receivers, Commissioners and Court Appointed Experts. Fees of masters, receivers, commissioners, and Court appointed experts are taxable as costs, unless otherwise ordered by the Court.

(9) Costs for Title Searches. A party is entitled to tax necessary disbursements for the expenses of searches made by title insurance, abstract or searching companies.

(10) Docket and Miscellaneous Fees. Docket fees, and the reasonable and actual fees of the Clerk and of a marshal, sheriff, and process server, are taxable unless otherwise ordered by the Court.

## COMMITTEE NOTE

Local Civil Rule 54.1 serves a very useful purpose by outlining what costs are and are not taxable unless otherwise ordered by the Court. This is a subject that is not addressed with specificity by 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1). Local Civil Rule 54.1 has been updated with the valuable assistance of the Clerks of the two Courts to reflect more precisely which costs are and are not taxable without an order of the Court.

[August 2014 Note]: Local Rule 54.1 is modified to indicate that the Bill of Costs, and any objection thereto, shall be filed via ECF (except for Pro Se parties) in both Districts.

[July 2013 Note]: The seven-day notice period previously set forth in Local Civil Rule 54.1(a) was in conflict with the 14-day notice period provided by Rule 54(d)(1) of the Federal Rules of Civil Procedure, and the Committee recommends that the Local Rule be changed to conform with Rule 54(d)(1). Instead of prescribing a particular time period (which might be changed by a future amendment to Fed. R. Civ. P. 54), the Committee recommends that the Local Rule refer the reader to Fed. R. Civ. P. 54.

The term "request to tax costs" has misled some parties into not realizing that they need to file a notice of taxation of costs specifying the date and time of taxation. For this reason, the Committee recommends that Local Civil Rule 54.1(a) be amended to substitute the term "notice of taxation of costs" for the term "request to tax costs", and to add an explicit requirement that the notice specify

the date and time fixed for taxation.

Local Civil Rule 54.1(a) presently provides that costs will not be taxed during the pendency of an appeal. At the suggestion of the Clerk's Offices, the Committee recommends that the Rule be amended to provide that costs will likewise not be taxed during the pendency of a motion for reconsideration or a motion for a new trial. Also at the suggestion of the Clerk's Offices, the Committee recommends that the Rule be amended to provide that the party seeking to tax costs shall file a new notice of taxation of costs within 30 days after the determination of any appeal, motion for reconsideration, or motion for a new trial.

At the suggestion of the Eastern District Clerk's Office, the Committee recommends that Local Civil Rule 54.1(b) be amended to place parties on notice that, in the Eastern District, the parties need not appear at the date and time scheduled for taxation.

The Committee recommends that Local Civil Rule 54.1(c)(1) remain unchanged. It is authorized by 28 U.S.C. § 1920(2), which allows taxation of "fees for printed or electronically recorded transcripts necessarily obtained for use in this case."

The Committee recommends that Local Civil Rule 54.1(c)(2) remain unchanged. 28 U.S.C. § 1920 does not by its terms specifically address costs related to depositions. However the practice of taxing the expenses of a deposition when it is received in evidence or employed on a successful motion for summary judgment is widespread, and can be regarded as authorized by 28 U.S.C. § 1920(2) as "expenses for transcripts necessarily obtained for use in this case." *See* 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2676 (3d ed. 1998) ("There is general agreement that expenses of a deposition may be taxed as costs when it was received in evidence."); 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 54.103(3)(c)(i) (3d ed. 2011) ("§1920 also contains several provisions for the recovery of costs that, alone or in conjunction, have been interpreted to permit the awarding of the routine expenses incurred in taking depositions."). *See also Anderson v. City of New York*, 132 F. Supp. 2d 239, 246 (S.D.N.Y. 2001) (allowing deposition transcripts to be taxed as costs under § 1920).

The Committee recommends that Local Civil Rule 54.1(c)(3) remain unchanged. This subsection is authorized by 28 U.S.C. § 1920(3), which allows taxation of "fees and disbursements for printing and witnesses."

The Committee recommends that the second sentence of Local Civil Rule 54.1(c)(4) be deleted in light of the Supreme Court's ruling in *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S. Ct. 1997 (2012). The rest of Local Civil Rule 54.1(c)(4) is authorized by § 1920(6), which allows taxation of "compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services" under 28 U.S.C. § 1828.

The Committee recommends that Local Civil Rule 54.1(c)(5) remain unchanged. This subsection is authorized by § 1920(4), which allows taxation of "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in this case."

Courts in other circuits have begun to address the question whether and to what extent the costs of electronic discovery can be taxed as costs of copying or exemplification. See, e.g., Race Tires America, Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158 (3d Cir. 2012). Particularly in the absence of authoritative guidance from the Second Circuit on this issue, the Committee has concluded that it is premature to address this question in Local Civil Rule 54.1(c).

The Committee recommends that Local Civil Rule 54.1(c)(6) remain unchanged. This subsection is authorized by 28 U.S.C. § 1920(4), which allows taxation of "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in this case."

The Committee recommends that Local Civil Rule 54.1(c)(7) be retained, because it does not

authorize taxation of any costs, but instead serves a useful purpose by pointing out that attorney's fees are addressed in Fed. R. Civ. P. 54, and are not taxable except by order of the Court. For the reasons explained in the Committee Note to Local Civil Rule 54.1(a), the Committee recommends that the Local Rule refer the reader to Fed. R. Civ. P. 54 for the time period within which attorney's fees must be sought.

The Committee recommends that Local Civil Rule 54.1(c)(8) remain unchanged. Although 28 U.S.C. § 1920 does not by its terms address fees for masters, receivers, or commissioners, Fed. R. Civ. P. 53(g) authorizes the Court to allocate payment for a master's compensation, and commentators have observed that appropriate expenditures incurred in connection with a special master may be taxed as costs by the prevailing party. 10 Fed. Prac. & Proc. Civ. §2677 (3d ed.).

The Committee recommends that Local Civil Rule 54.1(c)(9) remain unchanged. This subsection is authorized by 28 U.S.C. § 1920(4), which allows a taxation of "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in this case."

The Committee recommends that Local Civil Rule 54.1(c)(10) remain unchanged. This subsection is authorized by 28 U.S.C. § 1920(5), which allows taxation of docket fees under 28 U.S.C. § 1923.

## Local Civil Rule 54.2. Security for Costs

The Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate. For failure to comply with the order the Court may make such orders in regard to noncompliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the non-complying party.

### COMMITTEE NOTE

Local Civil Rule 54.2 has been applied by the District Courts with the approval of the Second Circuit. The Committee recommends its retention.

## Local Civil Rule 54.3. Entering Satisfaction of Money Judgment

Satisfaction of a money judgment entered or registered in this district shall be entered by the Clerk as follows:

(a) Upon the payment into the Court of the amount thereof, plus interest, and the

payment of the Clerk's and marshal's fees, if any;

(b) Upon the filing of a satisfaction executed and acknowledged by: (1) the judgment creditor; or (2) the judgment creditor's legal representatives or assigns, with evidence of their authority; or (3) the judgment creditor's attorney if within ten (10) years of the entry of the judgment or decree;

(c) If the judgment creditor is the United States, upon the filing of a satisfaction executed by the United States Attorney;

(d) Pursuant to an order of satisfaction entered by the Court; or

(e) Upon the registration of a certified copy of a satisfaction entered in another court.

## COMMITTEE NOTE

The Committee recommends a few clarifying changes in the wording of this Local Civil Rule.

## Local Civil Rule 55.1.    Certificate of Default

A party applying for entry of default under Fed. R. Civ. P. 55(a) shall file:

(a) a request for a Clerk's Certificate of Default; and

(b) an affidavit demonstrating that:

(1) the party against whom a notation of default is sought is not an infant,

in the military, or an incompetent person;

(2) the party has failed to plead or otherwise defend the action; and

(3) the pleading to which no response has been made was properly served.

A proposed Clerk's Certificate of Default form must be attached to the affidavit.

## COMMITTEE NOTE

The Committee believes that Local Civil Rule 55.1 is helpful in setting forth the contents of the affidavit to be submitted by a party seeking a certificate of default pursuant to Fed. R. Civ. P. 55(a).

## 2018 COMMITTEE NOTE

The revision to Local Rule 55.1 incorporates the revised ECF Rule requiring the electronic

filing of a request for a Clerk's Certificate of Default.

**Local Civil Rule 55.2.    Default Judgment**

(a)  By the Clerk.    Upon issuance of a Clerk's certificate of default, if the claim to which no response has been made only sought payment of a sum certain, and does not include a request for attorney's fees or other substantive relief, and if a default judgment is sought against all remaining parties to the action, the moving party shall submit an affidavit showing the principal amount due and owing, not exceeding the amount sought in the claim to which no response has been made, plus interest, if any, computed by the party, with credit for all payments received to date clearly set forth, and costs, if any, pursuant to 28 U.S.C. § 1920.

(b)  By the Court.    In all other cases the party seeking a judgment by default shall apply to the Court as described in Fed. R. Civ. P. 55(b)(2), and shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment.

(c)    Mailing of Papers.    Unless otherwise ordered by the Court, all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b) above shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual).    Proof of such mailing shall be filed with the Court.    If the mailing is returned, a supplemental affidavit shall be filed with the Court setting forth that fact, together with the reason provided for return, if any.

## COMMITTEE NOTE

Although Fed. R. Civ. P. 55(b) does not require service of notice of an application for a default judgment upon a party who has not appeared in the action, the Committee believes that experience has shown that mailing notice of such an application is conducive to both fairness and efficiency, and has therefore recommended a new Local Civil Rule 55.2(c) providing for such mailing.

**Local Civil Rule 56.1.    Statements of Material Facts on Motion for Summary Judgment**

a)  Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

(b)  The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.

(c)  Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

(d) Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c).

COMMITTEE NOTE

The requirement embodied in Local Civil Rule 56.1 is firmly rooted in the local practice of the Southern and Eastern Districts, and the Committee recommends its retention.   The language of Local Civil Rule 56.1 was revised in 2004 to make clear that any statement pursuant to Local Civil Rule 56.1 must be divided into brief, numbered paragraphs, that any opposing statement must respond specifically and separately to each numbered paragraph in the statement, and that all such paragraphs in both statements and opposing statements must be supported by citations to specific evidence of the kind required by Fed. R. Civ. P. 56(c).   The Committee believes that the language adopted in 2004 sets forth these requirements clearly, and does not recommend any changes in that language.

**Local Civil Rule 56.2.    Notice to Pro Se Litigant Who Opposes a Summary Judgment**

Any represented party moving for summary judgment against a party proceeding *pro se* shall

serve and file as a separate document, together with the papers in support of the motion, the following "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment" with the full texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1 attached. Where the pro se party is not the plaintiff, the movant shall amend the form notice as necessary to reflect that fact.

### Notice To Pro Se Litigant
### Who Opposes a Motion For Summary Judgment

The defendant in this case has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This means that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME by filing sworn affidavits and/or other documents as required by Rule 56(c) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1. The full text of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 is attached.

In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising specific facts that support your claim. If you have proof of your claim, now is the time to submit it. Any witness statements must be in the form of affidavits. An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion for summary judgment.

If you do not respond to the motion for summary judgment on time with affidavits and/or documents contradicting the material facts asserted by the defendant, the Court may accept defendant's

facts as true. Your case may be dismissed and judgment may be entered in defendant's favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

## COMMITTEE NOTE

Local Civil Rule 56.2 plays a valuable role in alerting <u>pro se</u> litigants to the potentially serious consequences of a motion for summary judgment, and to the requirements for opposing such a motion. The Committee recommends certain changes in the text of the notice required by the rule in order to make it more understandable to non-lawyers.

## Local Civil Rule 58.1.    Remand by an Appellate Court

Any mandate, order, or judgment of an appellate court, when filed in the office of the Clerk of the District Court, shall automatically become the order or judgment of the District Court and be entered as such by the Clerk without further order, except if such mandate, order, or judgment of the appellate court requires further proceedings in the District Court other than a new trial, an order shall be entered making the order or judgment of the appellate court the order or judgment of the District Court.

## COMMITTEE NOTE

The Committee recommends that the word "mandate" be added to Local Civil Rule 58.1 in order to clarify that the mandate of the Court of Appeals, when filed in the Clerk's Office of the District Court as provided in Local Civil Rule 58.1, automatically becomes the judgment of the District Court. The mandate, which consists of "a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs," Fed. R. App. P. 41(a), is the normal means by which the judgment of the Court of Appeals is transmitted to the District Court.

## Local Civil Rule 65.1.1.    Sureties

(a)  Whenever a bond, undertaking or stipulation is required, it shall be sufficient, except as otherwise prescribed by law, if the instrument is executed by the surety or sureties only.

(b)  Except as otherwise provided by law, every bond, undertaking or stipulation must be secured by:    (1) the deposit of cash or government bonds in the amount of the bond, undertaking or

stipulation; or (2) the undertaking or guaranty of a corporate surety holding a certificate of authority from the Secretary of the Treasury; or (3) the undertaking or guaranty of two individual residents of the district in which the case is pending, each of whom owns real or personal property within the district worth double the amount of the bond, undertaking or stipulation, over all his or her debts and liabilities, and over all obligations assumed by said surety on other bonds, undertakings or stipulations, and exclusive of all legal exemptions.

(c) Except as otherwise provided by law, all bonds, undertakings and stipulations of corporate sureties holding certificates of authority from the Secretary of the Treasury, where the amount of such bonds or undertakings has been fixed by a Judge or by court rule or statute, may be approved by the Clerk.

(d) In the case of a bond, or undertaking, or stipulation executed by individual sureties, each surety shall attach the surety's affidavit of justification, giving the surety's full name, occupation, residence and business addresses, and showing that the surety is qualified as an individual surety under paragraph (b) of this rule.

(e) Members of the bar who have appeared in the case shall not act as a surety in the case. Administrative officers and employees of the Court, the marshal, and the marshal's deputies and assistants, shall not act as a surety in any suit, action or proceeding pending in this Court.

(f) Whenever a notice of motion to enforce the liability of a surety upon a bond is served upon the Clerk pursuant to Fed. R. Civ. P. 65.1 or Fed. R. App. P. 8(b), the party making such motion shall deposit with the clerk the original, three copies, and one additional copy for each surety to be served.

## COMMITTEE NOTE

Local Civil Rule 65.1.1 contains useful provisions concerning sureties which supplement the provisions of Fed. R. Civ. P. 65(c) and 65.1. The Committee recommends that Local Civil Rule 65.1.1(f) be broadened to encompass proceedings to enforce the liability of sureties under Fed. R. Civ. P. 65.1 as well as under Fed. R. App. P. 8(b).

**Local Civil Rule 67.1.    Order for Deposit in Interest-Bearing Account**

(a)  Whenever a party seeks a court order for money to be deposited by the Clerk in an interest-bearing account, the party shall file the proposed order.    The Clerk shall inspect the proposed order for proper form and content and compliance with this rule prior to submission to the Judge for signature.

(b)  Proposed orders directing the Clerk to invest such funds in an interest-bearing account or other instrument shall include the following:

(1)  The exact United States dollar amount of the principal sum to be invested; and

(2)  Wording which directs the Clerk to deduct from the income on the investment a fee consistent with that authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office.

(c) Unless otherwise ordered by the court, interpleader funds shall be deposited in the Disputed Ownership Fund in an interest bearing account.    Income generated from fund investments in each case will be distributed after the appropriate fee has been applied and tax withholdings have been deducted from the fund.

## COMMITTEE NOTE

Local Civil Rule 67.1 contains useful provisions concerning orders for the deposit of money into interest-bearing accounts which supplement the provisions of Fed. R. Civ. P. 67(a).    The Committee recommends a clarifying change to Local Civil Rule 67.1(a) in order to make clear that what is required is delivery of the proposed order directly to the Clerk or the Financial Deputy, not personal delivery to them in the sense of hand delivery.

## 2018 COMMITTEE NOTE

Local Civil Rule 67.1 contains practical provisions concerning orders for the deposit of money into interest-bearing accounts which supplement the provisions of Fed. R. Civ. P. 67(a). The Committee recommends revision to Local Civil Rule 67.1(a) to conform to the new requirement for the electronic filing and subsequent processing of a proposed order for the deposit of funds.    The Committee recommends revision to Local Civil Rule 67.1(b)(2) for consistency with S.D.N.Y. Standing

Order M10-1468 [11-MC-173 (LAP)].   The Committee recommends the addition of Local Civil Rule 67.1(c) in order to address the tax administration requirements for certain Court Registry interpleader funds deposited pursuant to 28 U.S.C. § 1335.

**Local Civil Rule 72.1.   Powers of Magistrate Judges**

In addition to other powers of Magistrate Judges:

(a)  Full-time Magistrate Judges are hereby specially designated to exercise the jurisdiction set forth in 28 U.S.C. § 636(c).

(b)  Magistrate Judges are authorized to entertain *ex parte* applications by appropriate representatives of the United States government for the issuance of administrative inspection orders or warrants.

(c)  Magistrate Judges may issue subpoenas, writs of *habeas corpus ad testificandum* or *ad prosequendum* or other orders necessary to obtain the presence of parties or witnesses or evidence needed for court proceedings, and may sign in forma pauperis orders.

(d)  Matters arising under 28 U.S.C. §§ 2254 and 2255 or challenging the conditions of the confinement of prisoners may be referred to a Magistrate Judge by the District Judge to whom the case has been assigned.   A Magistrate Judge may perform any or all of the duties imposed upon a District Judge by the rules governing such proceedings in the United States district courts.   In so doing, a Magistrate Judge may issue any preliminary orders and conduct any necessary evidentiary hearing or other appropriate proceeding and shall submit to a District Judge a report containing proposed findings of fact and recommendations for disposition of the matter by the District Judge.

## COMMITTEE NOTE

Local Civil Rule 72.1 confirms and continues the Courts' intent to give their Magistrate Judges the maximum powers authorized by law.   Local Civil Rule 72.1(a) is necessary in order to authorize full-time Magistrate Judges to exercise the consent jurisdiction conferred by 28 U.S.C. § 636(c)(1). Local Civil Rule 72.1(b) and (c) confer useful administrative powers upon Magistrate Judges. Although Local Civil Rule 72.1(d) may be unnecessary in light of 28 U.S.C. § 636(b)(1)(B), the Committee decided that it would be prudent to retain it in order to avoid any possible question on this

point.   The final sentence of Local Civil Rule 72.1(d) seems unnecessary in light of the sentence preceding it.

**Local Civil Rule 72.2.   Reference to Magistrate Judge (Eastern District Only)**

A Magistrate Judge shall be assigned to each case upon the commencement of the action, except in those categories of actions set forth in Local Civil Rule 16.1.   In any courthouse in this District in which there is more than one Magistrate Judge such assignment shall be at random on a rotating basis.   Except in multi-district cases and antitrust cases, a Magistrate Judge so assigned is empowered to act with respect to all non-dispositive pretrial matters unless the assigned District Judge orders otherwise.

## COMMITTEE NOTE

Local Civil Rule 72.2 sets forth the practices governing the automatic assignment of Magistrate Judges to cases in the Eastern District of New York.     Local Civil Rule 72.2(b) is unnecessary in light of the modern practice of electronic filing of orders, and the Committee recommends its deletion.

**Local Civil Rule 73.1.   Consent Jurisdiction Procedure**

(a)  When a civil action is filed with the Clerk, the Clerk shall give the filing party notice of the Magistrate Judge's consent jurisdiction in a form approved by the Court, with sufficient copies to be served with the complaint on adversary parties.   A copy of such notice shall be attached to any third-party complaint served by a defendant.

(b)   When a completed consent form has been filed, the Clerk shall forward the form for final approval to the District Judge to whom the case was originally assigned.   Once the District Judge has approved the transfer and returned the consent form to the Clerk for filing, the clerk shall reassign the case for all purposes to the Magistrate Judge previously designated to receive any referrals or to whom the case has previously been referred for any purpose, except that, in the Eastern District of New York, upon application of the parties, the Clerk shall select a new Magistrate Judge at random.   If no

designation or referral has been made, the Clerk shall select a new Magistrate Judge at random.

## COMMITTEE NOTE

The Committee believes that Local Civil Rule 73.1(a) continues to serve a useful function by focusing the attention of the parties at the outset of the case upon the consent jurisdiction of the Magistrate Judges.   The Committee proposes a rewording of Local Civil Rule 73.1(b) for purposes of clarification; no change in meaning is intended.

## Local Civil Rule 77.1.    Submission of Orders, Judgments and Decrees

Proposed orders, judgments and decrees shall be presented as directed by the ECF rules published on the website of each respective Court.   Unless the form of order, judgment or decree is consented to in writing, or unless the Court otherwise directs, four (4) days' notice of settlement is required.   One (1) day's notice is required of all counter-proposals.

## COMMITTEE NOTE

The Committee recommends the deletion of Local Civil Rule 77.1(b), whose provisions have been overtaken by the age of electronic filing.   The Committee recommends the retention of Local Civil Rule 77.1(a), which is necessary to specify the timing of the submission of proposed orders, judgments, and decrees.

## 2018 COMMITTEE NOTE

Local Rule 77.1 is revised to be consistent with ECF Rules and practice.

## Local Civil Rule 81.1.    Removal of Cases from State Courts

If the Court's jurisdiction is based upon diversity of citizenship, and regardless of whether or not service of process has been effected on all parties, the notice of removal shall set forth (1) in the case of each individual named as a party, that party's residence and domicile and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332; (2) in the case of each party that is a partnership, limited liability partnership, limited liability company, or other unincorporated association, like information for all of its partners or members, as well as the state or other jurisdiction of its formation; (3) in the case of each party that is a corporation, its state or other

jurisdiction of incorporation, principal place of business, and any state or other jurisdiction of which

that party is a citizen for purposes of 28 U.S.C. § 1332; (4) in the case of an assigned claim,

corresponding information for each original owner of the claim and for each assignee; and (5) the date

on which each party that has been served was served.   If such information or a designated part is

unknown to the removing party, the removing party may so state, and in that case plaintiff within

twenty-one (21) days after removal shall file in the office of the Clerk a statement of the omitted

information.

## COMMITTEE NOTE

The Committee recommends the deletion of Local Civil Rule 81.1(b), because 28 U.S.C. § 1446(a) already provides that the removing party or parties shall file with the notice of removal "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."   The Committee recommends that Local Civil Rule 81.1(a) be reworded, in the same manner as Local Civil Rule 26.1, to describe with greater specificity the information needed to assess the presence of diversity jurisdiction.

## Local Civil Rule 83.1.   Transfer of Cases to Another District

In a case ordered transferred from this District, the Clerk, unless otherwise ordered, shall upon

the expiration of seven (7) days effectuate the transfer of the case to the transferee court.

## COMMITTEE NOTE

Local Civil Rule 83.1 needs to be reworded, because the transfer of cases is normally carried out today electronically rather than by mail.   On balance, the Committee believes that the seven-day waiting period in Local Civil Rule 83.1 should be retained, in order to allow the party opposing transfer the same opportunity as the current rule affords to seek rehearing or appellate review.

## Local Civil Rule 83.2.   Settlement of Actions by or on Behalf of Infants or Incompetents, Wrongful Death Actions, and Actions for Conscious Pain and Suffering of the Decedent

(a)  Settlement of Actions by or on Behalf of Infants or Incompetents.

(1)  An action by or on behalf of an infant or incompetent shall not be settled or

compromised, or voluntarily discontinued, dismissed or terminated, without leave of the Court

embodied in an order, judgment or decree.   The proceeding upon an application to settle or compromise such an action shall conform, as nearly as may be, to the New York State statutes and rules, but the Court, for cause shown, may dispense with any New York State requirement.

(2)  The Court shall authorize payment to counsel for the infant or incompetent of a reasonable attorney's fee and proper disbursements from the amount recovered in such an action, whether realized by settlement, execution or otherwise and shall determine the said fee and disbursements, after due inquiry as to all charges against the fund.

(3)  The Court shall order the balance of the proceeds of the recovery or settlement to be distributed as it deems may best protect the interest of the infant or incompetent.

(b) Settlement of Wrongful Death Actions and Actions for Conscious Pain and Suffering of the Decedent.

In an action for wrongful death or conscious pain and suffering of the decedent:

(1)  Where required by statute or otherwise, the Court shall apportion the avails of the action, and shall approve the terms of any settlement.

(2)  The Court shall approve an attorney's fee only upon application in accordance with the provisions of the New York State statutes and rules.

### COMMITTEE NOTE

The Committee believes that paragraph (b) of this Local Civil Rule should logically apply to actions for conscious pain and suffering of the decedent as well as to wrongful death actions, and therefore recommends that the present distinction between the Southern and Eastern District versions of the Local Rule in this regard be eliminated.

### Local Civil Rule 83.3.    Habeas Corpus

Unless otherwise provided by statute, applications for a writ of habeas corpus made by persons under the judgment and sentence of a court of the State of New York shall be filed, heard and

determined in the District Court for the district within which they were convicted and sentenced; provided, however, that if the convenience of the parties and witnesses requires a hearing in a different district, such application may be transferred to any district which is found by the assigned Judge to be more convenient. The Clerks of the Southern and Eastern District Courts are authorized and directed to transfer such applications to the District herein designated for filing, hearing and determination.

## COMMITTEE NOTE

The Committee believes that this Local Civil Rule performs a very useful function by establishing a presumptive rule that habeas corpus applications shall be filed, heard, and determined in the district within which conviction and sentencing occurred.

## Local Civil Rule 83.4.    Publication of Advertisements [formerly Local Civil Rule 83.6]

(a)  Unless otherwise provided by statute, rule, or order of the Court, all advertisements except notices of sale of real estate or of any interest in land shall be published in a newspaper which has a general circulation in this district or a circulation reasonably calculated to give public notice of a legal publication. The Court may direct the publication of such additional advertisement as it may deem advisable.

(b)  Unless otherwise ordered, notices for the sale of real estate or of any interest in land shall be published in a newspaper of general circulation in the county in which the real estate or the land in question is located.

## COMMITTEE NOTE

This Local Civil Rule continues to be useful in foreclosure and execution cases. The Committee recommends that new introductory language be added to recognize that other means of notice may be authorized by such provisions as Rule G(4)(a)(iv) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which became effective in 2007.

## Local Civil Rule 83.5.    Notice of Sale [formerly Local Civil Rule 83.7]

In any civil action, the notice of any proposed sale of property directed to be made by any order

or judgment of the Court, unless otherwise ordered by the Court, need not set out the terms of sale specified in the order or judgment, and the notice will be sufficient if in substantially the following form:

UNITED STATES DISTRICT COURT

…………..DISTRICT OF NEW YORK

[Docket No. and Judge's Initials]

[CAPTION],

NOTICE OF SALE

Pursuant to ........(Order or Judgment)......... of the United States District Court for the ......................... District of New York, filed in the office of the clerk on ........(Date)............ in the case entitled ..........................(Name and Docket Number)........................... the undersigned will sell at ...................(Place of Sale)............................. on .............(Date and Hour of Sale).............. the property in said .........(Order or Judgment)............ described and therein directed to be sold, to which ......(Order or Judgment)........... reference is made for the terms of sale and for a description of the property which may be briefly described as follows:

Dated:

_____

Signature and Official Title

The notice need not describe the property by metes and bounds or otherwise in detail and will be sufficient if in general terms it identifies the property by specifying its nature and location. However, it shall state: the approximate acreage of any real estate outside the limits of any town or city; the street, lot and block number of any real estate within any town or city; and a general statement of the character of any improvements upon the property.

## COMMITTEE NOTE

As with Local Civil Rule 83.3, this Local Civil Rule continues to be useful in foreclosure and execution cases.

**Local Civil Rule 83.6.  Contempt Proceedings in Civil Cases [formerly Local Civil Rule 83.9]**

(a)  A proceeding to adjudicate a person in civil contempt, including a case provided for in Fed. R. Civ. P. 37(b)(1) and 37(b)(2)(A)(vii), shall be commenced by the service of a notice of motion or order to show cause.   The affidavit upon which such notice of motion or order to show cause is based shall set out with particularity the misconduct complained of, the claim, if any, for damages occasioned thereby and such evidence as to the amount of damages as may be available to the moving party.   A reasonable counsel fee, necessitated by the contempt proceedings, may be included as an item of damage.   Where the alleged contemnor has appeared in the action by an attorney, the notice of motion or order to show cause and the papers upon which it is based may be served upon said attorney; otherwise service shall be made personally, together with a copy of this Local Civil Rule 83.6, in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons.   If an order to show cause is sought, such order may, upon necessity shown, embody a direction to the United States marshal to arrest the alleged contemnor and hold such person unless bail is posted in an amount fixed by the order, conditioned on the appearance of such person in all further proceedings on the motion, and further conditioned that the alleged contemnor will hold himself or herself amenable to all orders of the Court for surrender.

b)  If the alleged contemnor puts in issue his or her alleged misconduct or the damages thereby occasioned, said person shall upon demand be entitled to have oral evidence taken, either before the Court or before a master appointed by the Court.   When by law such alleged contemnor is entitled to a trial by jury, said person shall make written demand before the beginning of the hearing on the application; otherwise the alleged contemnor will be deemed to have waived a trial by jury.

(c)  If the alleged contemnor is found to be in contempt of court, an order shall be entered (1) reciting or referring to the verdict or findings of fact upon which the adjudication is based; (2) setting forth the amount of damages, if any, to which the complainant is entitled; (3) fixing the fine, if any, imposed by the Court, which fine shall include the damages found and naming the person to whom such fine shall be payable; (4) stating any other conditions, the performance of which will operate to purge the contempt; and (5) directing, where appropriate, the arrest of the contemnor by the United States marshal and confinement until the performance of the condition fixed in the order and the payment of the fine, or until the contemnor be otherwise discharged pursuant to law.   A certified copy of the order committing the contemnor shall be sufficient warrant to the marshal for the arrest and confinement of the contemnor.   The complainant shall also have the same remedies against the property of the contemnor as if the order awarding the fine were a final judgment.

(d)  If the alleged contemnor is found not guilty of the charges, said person shall be discharged from the proceedings and, in the discretion of the Court, may have judgment against the complainant for costs and disbursements and a reasonable counsel fee.

## COMMITTEE NOTE

The Committee recommends the deletion of the second sentence of paragraph (c) of this Local Civil Rule on the ground that it is substantive rather than procedural in nature.   See generally Armstrong v. Guccione, 470 F.3d 89 (2d Cir.), cert. denied, 552 U.S. 989 (2007).

## Local Civil Rule 83.7.   Court-Annexed Arbitration (Eastern District Only) [formerly Local Civil Rule 83.10]

(a)  Certification of Arbitrators.

(1)  The Chief Judge or a Judge or Judges authorized by the Chief Judge to act (hereafter referred to as the certifying Judge) shall certify as many arbitrators as may be determined to be necessary under this rule.

(2)  An individual may be certified to serve as an arbitrator if he or she:   (A) has been

for at least five years a member of the bar of the highest court of a state or the District of Columbia, (B) is admitted to practice before this court, and (C) is determined by the certifying Judge to be competent to perform the duties of an arbitrator.

(3)  Each individual certified as an arbitrator shall take the oath or affirmation required by Title 28, U.S.C. § 453 before serving as an arbitrator.

(4)  A list of all persons certified as arbitrators shall be maintained in the Office of the Clerk.

(b)  Compensation and Expenses of Arbitrators.   An arbitrator shall be compensated $250 for services in each case. If an arbitration hearing is protracted, the certifying Judge may entertain a petition for additional compensation.   If a party requests three arbitrators then each arbitrator shall be compensated $100 for service.   The fees shall be paid by or pursuant to the order of the Court subject to the limits set by the Judicial Conference of the United States.

(c)  Immunity of Arbitrators.   Arbitrators shall be immune from liability or suit with respect to their conduct as such to the maximum extent permitted by applicable law.

(d)  Civil Cases Eligible for Compulsory Arbitration.

(1)  The Clerk of Court shall, as to all cases filed after January 1, 1986, designate and process for compulsory arbitration all civil cases (excluding social security cases, tax matters, prisoners' civil rights cases and any action based on an alleged violation of a right secured by the Constitution of the United States or if jurisdiction is based in whole or in part on Title 28, U.S.C. § 1343) wherein money damages only are being sought in an amount not in excess of $150,000.00 exclusive of interest and costs.

(2)  The parties may by written stipulation agree that the Clerk of Court shall designate and process for court-annexed arbitration any civil case that is not subject to compulsory arbitration hereunder.

(3)  For purposes of this Rule only, in all civil cases damages shall be presumed to be not in excess of $150,000.00 exclusive of interest and costs, unless:

      (A)  Counsel for plaintiff, at the time of filing the complaint, or in the event of the removal of a case from state court or transfer of a case from another district to this Court, within thirty (30) days of the docketing of the case in this district, files a certification with the Court that the damages sought exceed $150,000.00, exclusive of interest and costs; or

      (B)  Counsel for a defendant, at the time of filing a counterclaim or cross-claim files a certification with the court that the damages sought by the counter-claim or cross-claim exceed $150,000.00 exclusive of interest and costs.

(e)  Referral to Arbitration.

(1)  After an answer is filed in a case determined eligible for arbitration, the arbitration clerk shall send a notice to counsel setting forth the date and time for the arbitration hearing. The date of the arbitration hearing set forth in the notice shall be approximately four months but in no event later than 120 days from the date the answer was filed, except that the arbitration proceeding shall not, in the absence of the consent of the parties, commence until 30 days after the disposition by the District Court of any motion to dismiss the complaint, motion for judgment on the pleadings, motion to join necessary parties, or motion for summary judgment, if the motion was filed during a time period specified by the District Court.   The 120-day and 30-day periods specified in the preceding sentence may be modified by the court for good cause shown.   The notice shall also advise counsel that they may agree to an earlier date for the arbitration hearing provided the arbitration clerk is notified with 30 days of the date of the notice.   The notice shall also advise counsel that they have 90 days to complete discovery unless the Judge to whom the case has been assigned orders a shorter or longer period for

discovery.   The Judge may refer the case to a Magistrate Judge for purposes of discovery.    In the event a third party has been brought into the action, this notice shall not be sent until an answer has been filed by the third party.

(2) The Court shall, *sua sponte*, or on motion of a party, exempt any case from arbitration in which the objectives of arbitration would not be realized

(A)  because the case involves complex or novel issues,

(B)  because legal issues predominate over factual issues, or

(C)  for other good cause.

Application by a party for an exemption from compulsory arbitration shall be made by written letter to the Court not exceeding three pages in length, outlining the basis for the request and attaching relevant materials, which shall be submitted no later than 21 days after receipt of the notice to counsel setting forth the date and time for the arbitration hearing.   Within four days of receiving such a letter, any opposing affected party may submit a responsive letter not exceeding three pages attaching relevant materials.

(3) Cases not originally designated as eligible for compulsory arbitration, but which in the discretion of the assigned Judge, are later found to qualify, may be referred to arbitration. A U.S. District Judge or a U.S. Magistrate Judge, in cases that exceed the arbitration ceiling of $150,000 exclusive of interest and costs, in their discretion, may suggest that the parties should consider arbitration.   If the parties are agreeable, an appropriate consent form signed by all parties or their representatives may be entered and filed in the case prior to scheduling an arbitration hearing.

(4) The arbitration shall be held before one arbitrator unless a panel of three arbitrators is requested by a party, in which case one of whom shall be designated as chairperson of the panel.   If the amount of controversy, exclusive of interest and costs, is $5,000 or less, the

arbitration shall be held before a single arbitrator. The arbitration panel shall be chosen at random by the Clerk of the Court from the lawyers who have been duly certified as arbitrators. The arbitration panel shall be scheduled to hear not more than three cases.

(5) The Judge to whom the case has been assigned shall, 30 days prior to the date scheduled for the arbitration hearing, sign an order setting forth the date and time of the arbitration hearing and the names of the arbitrators designated to hear the case. If a party has filed a motion for judgment on the pleadings, summary judgment or similar relief, the Judge shall not sign the order before ruling on the motion, but the filing of such a motion on or after the date of the order shall not stay the arbitration unless the Judge so orders.

(6) Upon entry of the order designating the arbitrators, the arbitration clerk shall send to each arbitrator a copy of all pleadings, including the order designating the arbitrators, and the guidelines for arbitrators.

(7) Persons selected to be arbitrators shall be disqualified for bias or prejudice as provided in Title 28, U.S.C. § 144, and shall disqualify themselves in any action which they would be required under title 28, U.S.C. § 455 to disqualify themselves if they were a justice, judge, or magistrate.

(f) Arbitration Hearing.

(1) The arbitration hearing shall take place in the United States Courthouse in a courtroom assigned by the arbitration clerk on the date and at the time set forth in the order of the Court. The arbitrators are authorized to change the date and time of the hearing provided the hearing is commenced within 30 days of the hearing date set forth in the order of the Court. Any continuance beyond this 30 day period must be approved by the Judge to whom the case has been assigned. The arbitration clerk must be notified immediately of any continuance.

(2) Counsel for the parties shall report settlement of the case to the arbitration clerk and all members of the arbitration panel assigned to the case.

(3) The arbitration hearing may proceed in the absence of any party who, after notice, fails to be present.   In the event, however, that a party fails to participate in the arbitration process in a meaningful manner, the Court may impose appropriate sanctions, including, but not limited to, the striking of any demand for a trial de novo filed by that party.

(4) Rule 45 of the Federal Rules of Civil Procedure shall apply to subpoenas for attendance of witnesses and the production of documentary evidence at an arbitration hearing under this Rule.   Testimony at an arbitration hearing shall be under oath or affirmation.

(5) The Federal Rules of Evidence shall be used as guides to the admissibility of evidence. Copies or photographs of all exhibits, except those intended solely for impeachment, must be marked for identification and delivered to adverse parties at least fourteen (14) days prior to the hearing.   The arbitrators shall receive exhibits in evidence without formal proof unless counsel has been notified at least seven (7) days prior to the hearing that the adverse party intends to raise an issue concerning the authenticity of the exhibit.   The arbitrators may refuse to receive in evidence any exhibit, a copy or photograph of which has not been delivered to the adverse party as provided herein.

(6) A party may have a recording and transcript made of the arbitration hearing, but that party shall make all necessary arrangements and bear all expenses thereof.

(g)  Arbitration Award and Judgment.

(1) The arbitration award shall be filed with the Court promptly after the hearing is concluded and shall be entered as the judgment of the Court after the 30 day period for requesting a trial de novo pursuant to Section (h) has expired, unless a party has demanded a trial de novo.   The judgment so entered shall be subject to the same provisions of law and

shall have the same force and effect as a judgment of the Court in a civil action, except that it shall not be appealable. In a case involving multiple claims and parties, any segregable part of an arbitration award as to which an aggrieved party has not timely demanded a trial de novo shall become part of the final judgment with the same force and effect as a judgment of the Court in a civil action, except that it shall not be appealable.

 (2) The contents of any arbitration award shall not be made known to any Judge who might be assigned the case,

  (A) except as necessary for the Court to determine whether to assess costs or attorneys fees,

  (B) until the District Court has entered final judgment in the action or the action has been otherwise terminated, or

  (C) except for purposes of preparing the report required by section 903(b) of the Judicial Improvement and Access to Justice Act.

 (3) Costs may be taxed as part of any arbitration award pursuant to 28 U.S.C. § 1920.

(h) Trial De Novo.

 (1) Within 30 days after the arbitration award is entered on the docket, any party may demand in writing a trial de novo in the District Court. Such demand shall be filed with the arbitration clerk, and served by the moving party upon all counsel of record or other parties. Withdrawal of a demand for a trial de novo shall not reinstate the arbitrators' award and the case shall proceed as if it had not been arbitrated.

 (2) Upon demand for a trial de novo and the payment to the Clerk required by paragraph (4) of this section, the action shall be placed on the calendar of the Court and treated for all purposes as if it had not been referred to arbitration, and any right of trial by jury that a party would otherwise have shall be preserved inviolate.

(3)  At the trial de novo, the Court shall not admit evidence that there had been an arbitration proceeding, the nature or amount of the award, or any other matter concerning the conduct of the arbitration proceeding.

(4)  Upon making a demand for trial de novo the moving party shall, unless permitted to proceed in forma pauperis, deposit with the Clerk of the Court an amount equal to the arbitration fees of the arbitrators as provided in Section (b).   The sum so deposited shall be returned to the party demanding a trial de novo in the event that party obtains a final judgment, exclusive of interest and costs, more favorable than the arbitration award.   If the party demanding a trial de novo does not obtain a more favorable result after trial or if the Court determines that the party's conduct in seeking a trial de novo was in bad faith, the sum so deposited shall be paid by the Clerk to the Treasury of the United States.

## COMMITTEE NOTE

Because this Local Civil Rule has been recently reviewed and updated by the Court, the Committee has not undertaken to review it in detail.

## Local Civil Rule 83.8. Court-Annexed Mediation (Eastern District Only) [formerly Local Civil Rule 83.11]

(a)  Description.   Mediation is a process in which parties and counsel agree to meet with a neutral mediator trained to assist them in settling disputes. The mediator improves communication across party lines, helps parties articulate their interests and understand those of the other party, probes the strengths and weaknesses of each party's legal positions, and identifies areas of agreement and helps generate options for a mutually agreeable resolution to the dispute.   In all cases, mediation provides an opportunity to explore a wide range of potential solutions and to address interests that may be outside the scope of the stated controversy or which could not be addressed by judicial action.   A hallmark of mediation is its capacity to expand traditional settlement discussions and broaden

resolution options, often by exploring litigant needs and interests that may be formally independent of the legal issues in controversy.

(b) Mediation Procedures.

(1) Eligible cases. Judges and Magistrate Judges may designate civil cases for inclusion in the mediation program, and when doing so shall prepare an order to that effect. Alternatively, and subject to the availability of qualified mediators, the parties may consent to participation in the mediation program by preparing and executing a stipulation signed by all parties to the action and so-ordered by the Court.

(A) Mediation deadline. Any court order designating a case for inclusion in the mediation program, however arrived at, may contain a deadline not to exceed six months from the date of entry on the docket of that order. This deadline may be extended upon motion to the Court for good cause shown.

(2) Mediators. Parties whose case has been designated for inclusion in the mediation program shall be offered the options of (a) using a mediator from the Court's panel, a listing of which is available in the Clerk's Office; (b) selecting a mediator on their own; or (c) seeking the assistance of a reputable neutral ADR organization in the selection of a mediator.

(A) Court's panel of mediators. When the parties opt to use a mediator from the Court's panel, the Clerk's Office will appoint a mediator to handle the case who (i) has been for at least five years a member of the bar of a state or the District of Columbia; (ii) is admitted to practice before this Court; and (iii) has completed the Court's requirements for mediator training and mediator expertise. If any party so requests, the appointed mediator also shall have expertise in the area of law in the case. The Clerk's Office will provide notice of their appointment to all counsel.

(B) Disqualification. Any party may submit a written request to the Clerk's

Office within fourteen days from the date of the notification of the mediator for the disqualification of the mediator for bias or prejudice as provided in 28 U.S.C. § 144. A denial of such a request by the Clerk's Office is subject to review by the assigned Judge upon motion filed within fourteen (14) days of the date of the Clerk's Office denial.

(3) Scheduling the mediation. The mediator, however chosen, will contact all attorneys to fix the date and place of the first mediation session, which shall be held within thirty days of the date the mediator was appointed or at such other time as the Court may establish.

(A) The Clerk's Office will provide counsel with copies of the Judge's order referring the case to the mediation program, the Clerk's Office notice of appointment of mediator (if applicable), and a copy of the program procedures.

(4) Written mediation statements. No less than fourteen (14) days prior to the first mediation session, each party shall submit directly to the mediator a mediation statement not to exceed ten pages double-spaced, not including exhibits, outlining the key facts and legal issues in the case. The statement will also include a description of motions filed and their status, and any other information that will advance settlement prospects or make the mediation more productive. Mediation statements are not briefs and are not filed with the Court, nor shall the assigned Judge or Magistrate Judge have access to them.

(5) Mediation session(s). The mediator meets initially with all parties to the dispute and their counsel in a joint session. The mediator may hold mediation sessions in his/her office, or at the Court, or at such other place as the parties and the mediator shall agree. At this meeting, the mediator explains the mediation process and gives each party an opportunity to explain his or her views about the matters in dispute. There is then likely to be discussion and questioning among the parties as well as between the mediator and the parties.

(A) Separate caucuses.  At the conclusion of the joint session, the mediator will typically caucus individually with each party.   Caucuses permit the mediator and the parties to explore more fully the needs and interests underlying the stated positions. In caucuses the mediator strives to facilitate settlement on matters in dispute and the possibilities for settlement.   In some cases the mediator may offer specific suggestions for settlement; in other cases the mediator may help the parties generate creative settlement proposals.

(B) Additional sessions.   The mediator may conduct additional joint sessions to promote further direct discussion between the parties, or she/he may continue to work with the parties in private caucuses.

(C) Conclusion.   The mediation concludes when the parties reach a mutually acceptable resolution, when the parties fail to reach an agreement, on the date the Judge or Magistrate Judge specified as the mediation deadline in their designation order, or in the event no such date has been specified by the Court, at such other time as the parties and/or the mediator may determine.   The mediator has no power to impose settlement and the mediation process is confidential, whether or not a settlement is reached.

(6) Settlement.   If settlement is reached, in whole or in part, the agreement, which shall be binding upon all parties, will be put into writing and counsel will file a stipulation of dismissal or such other document as may be appropriate.   If the case does not settle, the mediator will immediately notify the Clerk's Office, and the case or the portion of the case that has not settled will continue in the litigation process.

(c) Attendance at Mediation Sessions.

(1) In all civil cases designated by the Court for inclusion in the mediation program,

attendance at one mediation session shall be mandatory; thereafter, attendance shall be voluntary. The Court requires of each party that the attorney who has primary responsibility for handling the trial of the matter attend the mediation sessions.

(2) In addition, the Court may require, and if it does not, the mediator may require the attendance at the mediation session of a party or its representative in the case of a business or governmental entity or a minor, with authority to settle the matter and to bind the party. This requirement reflects the Court's view that the principal values of mediation include affording litigants with an opportunity to articulate their positions and interests directly to the other parties and to a mediator and to hear, first hand, the other party's version of the matters in dispute. Mediation also enables parties to search directly with the other party for mutually agreeable solutions.

(d) Confidentiality.

(1) The parties will be asked to sign an agreement of confidentiality at the beginning of the first mediation session to the following effect:

(A) Unless the parties otherwise agree, all written and oral communications made by the parties and the mediator in connection with or during any mediation session are confidential and may not be disclosed or used for any purpose unrelated to the mediation.

(B) The mediator shall not be called by any party as a witness in any court proceeding related to the subject matter of the mediation unless related to the alleged misconduct of the mediator.

(2) Mediators will maintain the confidentiality of all information provided to, or discussed with, them. The Clerk of Court and the ADR Administrator are responsible for program administration, evaluation, and liaison between the mediators and the Court and will

maintain strict confidentiality.

(3) No papers generated by the mediation process will be included in Court files, nor shall the Judge or Magistrate Judge assigned to the case have access to them. Information about what transpires during mediation sessions will not at any time be made known to the Court, except to the extent required to resolve issues of noncompliance with the mediation procedures. However, communications made in connection with or during a mediation may be disclosed if all parties and, if appropriate as determined by the mediator, the mediator so agree. Nothing in this section shall be construed to prohibit parties from entering into written agreements resolving some or all of the case or entering and filing with the Court procedural or factual stipulations based on suggestions or agreements made in connection with a mediation.

(e) Oath and Disqualification of Mediator.

(1) Each individual certified as a mediator shall take the oath or affirmation prescribed by 28 U.S.C. § 453 before serving as a mediator.

(2) No mediator may serve in any matter in violation of the standards set forth in 28 U.S.C. § 455. If a mediator is concerned that a circumstance covered by subparagraph (a) of that section might exist, e.g., if the mediator's law firm has represented one or more of the parties, or if one of the lawyers who would appear before the mediator at the mediation session is involved in a case on which an attorney in the mediator's firm is working, the mediator shall promptly disclose that circumstance to all counsel in writing. A party who believes that the assigned mediator has a conflict of interest shall bring this concern to the attention of the Clerk's Office in writing, within fourteen (14) days of learning the source of the potential conflict or the objection to such a potential conflict shall be deemed to have been waived. Any objections that cannot be resolved by the parties in consultation with the Clerk's Office

shall be referred to the Judge or Magistrate Judge who has designated the case for inclusion in the mediation program.

(3) A party who believes that the assigned mediator has engaged in misconduct in such capacity shall bring this concern to the attention of the Clerk's Office in writing, within fourteen (14) days of learning of the alleged misconduct or the objection to such alleged misconduct shall be deemed to have been waived. Any objections that cannot be resolved by the parties in consultation with the Clerk's Office shall be referred to the Judge who has designated the case for inclusion in the mediation program.

(f) Services of the Mediators.

(1) Participation by mediators in the program is on a voluntary basis. Each mediator shall receive a fee of $600 for the first four hours or less of the actual mediation. Time spent preparing for the mediation will not be compensated. Thereafter, the mediator shall be compensated at the rate of $250 per hour. The mediator's fee shall be paid by the parties to the mediation. Any party that is unable or unwilling to pay the fee may apply to the referring judge for a waiver of the fee, with a right of appeal to the district judge in the event the referral was made by a magistrate judge. Each member of the panel will be required to mediate a maximum of two cases pro bono each year, if requested by the Court. Attorneys serving on the Court's panel will be given credit for pro bono work.

(2) Appointment to the Court's panel is for a three year term, subject to renewal. A panelist will not be expected to serve on more than two cases during any twelve month period and will not be required to accept each assignment offered. Repeated rejection of assignments will result in the attorney being dropped from the panel.

(g) Immunity of the Mediators. Mediators shall be immune from liability or suit with respect to their conduct as such to the maximum extent permitted by applicable law.

## COMMITTEE NOTE

Because this Local Civil Rule has been recently reviewed and updated by the Court, the Committee has not undertaken to review it in detail.

**Local Civil Rule 83.9.    Alternative Dispute Resolution (Southern District Only) [formerly Local Civil Rule 83.12]**

(a)  Alternative Dispute Resolution Options:

The U.S. District Court for the Southern District of New York provides litigants with

opportunities to discuss settlement through judicial settlement conferences and mediation.

(b)  Definition of Mediation

In mediation, parties and counsel meet, sometimes collectively and sometimes individually, with

a neutral third party (the mediator) who has been trained to facilitate confidential settlement

discussions. The parties articulate their respective positions and interests and generate options for a

mutually agreeable resolution to the dispute. The mediator assists the parties in reaching their own

negotiated settlement by defining the issues, probing and assessing the strengths and weaknesses of

each party's legal positions, and identifying areas of agreement and disagreement. The main benefits of

mediation are that it can result in an expeditious and less costly resolution of the litigation, and can

produce creative solutions to complex disputes often unavailable in traditional litigation.

(c) Administration of the Mediation Program

(1) The Mediation Supervisor, appointed by the Clerk of the Court, shall administer the

Court's mediation program. The Chief Judge shall appoint one or more District Judges or

Magistrate Judges to oversee the program.

(2) The Mediation Supervisor, in consultation with other Court personnel, shall ensure

that information about the Court's mediation program is available on the Court's website which

will be updated as needed.

(3) The mediation program shall be governed by the "Procedures of the Mediation Program for the Southern District of New York," which sets forth specific and more detailed information regarding the mediation program, and which is available on the Court's official website (www.nysd.uscourts.gov) or from the Mediation Office.

(4) In no event is the scheduling of mediation to interfere with any scheduling order of the Court.

(d) Consideration of Alternative Dispute Resolution

In all civil cases, including those eligible for mediation pursuant to paragraph (e), each party shall consider the use of mediation or a judicial settlement conference and shall report to the assigned Judge at the initial Rule 16(b) case management conference, or subsequently, whether the party believes mediation or a judicial settlement conference may facilitate the resolution of the lawsuit. Judges are encouraged to note the availability of the mediation program and/or a judicial settlement conference before, at, or after the initial Rule 16(b) case management conference.

(e) Mediation Program Eligibility

(1) All civil cases other than social security, habeas corpus, and tax cases are eligible for mediation, whether assigned to Manhattan or White Plains.

(2) The Board of Judges may, by Administrative Order, direct that certain specified categories of cases shall automatically be submitted to the mediation program. The assigned District Judge or Magistrate Judge may issue a written order exempting a particular case with or without the request of the parties.

(3) For all other cases, the assigned District Judge or Magistrate Judge may determine that a case is appropriate for mediation and may order that case to mediation, with or without the consent of the parties, before, at, or after the initial Rule 16(b) case management conference. Alternatively, the parties should notify the assigned Judge at any time of their desire to mediate.

(f) Judicial Settlement Conferences

Judicial settlement conferences may be ordered by District Judges or Magistrate Judges with or without the request or consent of the parties.

## COMMITTEE NOTE

Local Civil Rule 83.9 has been revised to refer to the "Procedures of the Mediation Program for the Southern District of New York." This revision is intended to increase flexibility in the administration of the Mediation Program. Local Civil Rule 83.9 has been revised to make clear that judicial settlement conferences are an available form of alternative dispute resolution.


**Local Civil Rule 83.10    Plan for Certain § 1983 Cases Against the City of New York**

**(Southern District Only)**

**Supporting documents to the rule can be found at http://nysd.uscourts.gov/mediation.**

Unless otherwise ordered, in civil cases filed by a represented plaintiff against the City of New York ("City") and/or the New York City Police Department ("NYPD") or its employees alleging the use of excessive force, false arrest, or malicious prosecution by employees of the NYPD in violation of 42 U.S.C. § 1983, the procedures set forth below shall apply, except that the procedures and Protective Order identified in paragraphs 3 through 12 shall not apply to class actions, actions brought by six or more plaintiffs, complaints requesting systemic equitable reform, or actions requesting immediate injunctive relief.

1.    Service of Releases with Complaint

      a.    At the same time that plaintiff serves the complaint, plaintiff must serve on the City the release annexed as Exhibit A ("§ 160.50 Release") for sealed arrest records for the arrest that is the subject of the complaint, and for a list of all prior arrests. In the case of class actions, plaintiff must serve § 160.50 Releases for the named putative class representatives.

b. If plaintiff seeks compensation for any physical or mental injury caused by the conduct alleged in the complaint other than "garden variety" emotional distress, plaintiff must serve on the City the medical release annexed as Exhibit B ("Medical Release") for all medical and psychological treatment records for those injuries at the same time that plaintiff serves the § 160.50 Release. Where plaintiff has a pre-existing physical or mental condition that reasonably appears to be related to the injury for which compensation is sought, plaintiff must at that same time serve Medical Releases on the City for all records of treatment for such pre-existing condition(s). Failure to so serve the above-described Medical Release(s) will constitute a waiver of plaintiff's claims for compensation for that physical or mental injury.

2. Failure to Serve § 160.50 Release

If no § 160.50 Release is served on the City with the complaint, the City will promptly send a letter to plaintiff's counsel requesting the § 160.50 Release and attaching a copy of Local Civil Rule 83.10.

3. Time to Answer

If the § 160.50 Release is served on the City at the time the complaint is first served on a defendant, that defendant will have 80 days from the date of such service to answer the complaint. Any subsequently-served defendant will have the greater of (i) 60 days or (ii) the date by which the first-served defendant must answer, to answer the complaint. If the § 160.50 Release is served on the City after the complaint is first served on a defendant, each defendant will have the greater of (i) 60 days from the date the § 160.50 Release is served on the City, or (ii) 60 days after that defendant is served, to answer the complaint. If any defendant moves to dismiss the entire complaint rather than filing an answer, the deadlines in this Rule shall be stayed unless the Court orders otherwise.

4. Rule 26(f) Conference, Initial Disclosures, and Applying for Exemption from the Rule

a.  Within 14 days after the first defendant files its answer, the parties shall meet and confer pursuant to Fed. R. Civ. P. 26(f).   The parties shall also discuss whether to request that the court (i) refer the case for settlement purposes to a magistrate judge; or (ii) exempt the case from Local Civil Rule 83.10.   Any such application by a party must be submitted to the presiding judge no later than 21 days after the first defendant files its answer.   Absent any such application from a party, the case shall automatically proceed under the Rule and shall automatically be referred to a mediator selected from the Southern District Mediation Panel.

b.  Within 21 days after the first defendant files its answer, the parties shall exchange their initial disclosures.

5.      Limited Discovery

Within 28 days after the first defendant files its answer, the parties must complete production of the following discovery.   All other discovery is stayed. Unless otherwise ordered, the discovery stay shall expire at the conclusion of the mediation or settlement conference.

a.  The City shall serve on plaintiff:

i.  Subject to any applicable privileges, any items on the list attached as Exhibit C that were not part of the City's initial disclosures; documents received from the District Attorney's office; and documents obtained from the court file.

ii.  Any CCRB records and the IAB closing report regarding the incident that forms the basis of the complaint.   If the incident or the conduct of defendants involved in the incident is the subject of an ongoing CCRB investigation, NYPD investigation or disciplinary proceeding, criminal investigation or outstanding indictment or information, discovery under this paragraph shall be suspended, and the City will produce the investigative records 30 days after the investigation or

proceeding has been terminated (whether by completion of the investigation without charges being brought or by disposition of such charges). This suspension shall not apply to documents related to any investigation or proceeding that has concluded.

    iii. For each defendant, the CCRB and CPI indices of complaints or incidents that are similar to the incident alleged in the complaint or that raise questions about the defendant's credibility. If the complaint alleges that a defendant officer used excessive force, the City will state whether that defendant officer has been or is on NYPD "force monitoring."

    iv. For each officer named as a defendant, a list identifying all prior Section 1983 lawsuits filed against and served on the defendant.

    v. Any records obtained by the City pursuant to the Medical Releases. Medical records received after this date shall be produced to plaintiff within 7 days of receipt.

b. Plaintiff shall serve on the City:

    i. Any documents identified in Exhibit C; documents received from the District Attorney's office; and documents obtained from the court file.

    ii. Any medical records for which plaintiff has served a Medical Release on the City.

    iii. Any video and photographs of the incident.

6. Amended Pleadings

The complaint may be amended to name additional defendants without leave of the presiding judge within six weeks after the first defendant files its answer. The filing of the amended complaint shall not affect any of the duties imposed by Local Civil Rule 83.10.

7. Settlement Demand and Offer

Within six weeks after the first defendant files its answer, plaintiff must serve a written

settlement demand on the City.   The City must respond in writing to plaintiff's demand within 14 days thereafter.   The parties shall thereafter engage in settlement negotiations.

8.      Mediation or Settlement Conference

Unless the presiding judge has referred the case to a magistrate judge to conduct a settlement conference, within 14 days after the first defendant files its answer, the Mediation Office will assign a mediator. The mediator shall promptly confer with counsel for the parties to schedule a mediation session to occur no later than 14 weeks after the first defendant files its answer. The mediator shall inform the Mediation Office no later than 60 days after the first defendant files its answer of the schedule for the mediation session. Unless the parties have filed a Stipulation of Dismissal with the Clerk of Court, the parties shall appear at the mediation session or at a settlement conference before a magistrate judge. The plaintiff shall attend the mediation or settlement conference.   The City's representative must have full authority to settle the case; if the City requires additional approvals in order to settle, the City must have arranged for telephone access to such persons during the mediation or settlement conference.

9.      Failure to Timely Comply with the Requirements of this Rule

If any party fails to comply with any requirement under this Rule, the other party shall promptly write to the presiding judge indicating the nature of the failure and requesting relief.

10.     Request for Initial Pre-Trial Conference

Unless the presiding judge has already scheduled or held an initial pre-trial conference, if the mediation or settlement conference is unsuccessful, the parties shall promptly request that the presiding judge schedule an initial pre-trial conference.

11.     Protective Order

The Protective Order attached as Exhibit D shall be deemed to have been issued in all cases governed by this Rule.

12.    Preservation

   Local Civil Rule 83.10 does not relieve any party of its obligation to preserve documents and
to issue preservation instructions

# LOCAL ADMIRALTY AND MARITIME RULES

**Local Admiralty Rule A.1.    Application of Rules**

(a)    These Local Admiralty and Maritime Rules apply to the procedure in the claims and proceedings governed by the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

(b)    The Local Civil Rules also apply to the procedure in such claims and proceedings, except to the extent that they are inconsistent with the Supplemental Rules or with these Local Admiralty and Maritime Rules.

[Source:    Former Local Admiralty Rule 1 and Supplemental Rule 1]


**Local Admiralty Rule B.1.    Affidavit That Defendant Is Not Found Within the District**

The affidavit required by Supplemental Rule B(1) to accompany the complaint, and the affidavit required by Supplemental Rule B(2) (c), shall list the efforts made by and on behalf of the plaintiff to find and serve the defendant within the district.

[Source:    Maritime Law Association Model Rule (b)(1)]


**Local Admiralty Rule B.2.    Notice of Attachment**

The plaintiff shall give prompt notice to the defendant of an attachment following plaintiff's being advised of such an attachment by the garnishee. Such notice shall be in writing, and may be given by fax, email or other verifiable electronic means.

[Source:    Former Local Admiralty Rule 10(b)]


**Local Admiralty Rule C.1.    Intangible Property**

The summons issued pursuant to Supplemental Rule C(3)(c) shall direct the person having

control of freight or proceeds of property sold or other intangible property to show cause at a date which shall be at least fourteen (14) days after service (unless the court, for good cause shown, shortens the period) why the intangible property should not be delivered to the court to abide the judgment. The person who is served may deliver or pay over to the marshal the intangible property proceeded against to the extent sufficient to satisfy the plaintiff's claim. If such delivery or payment is made, the person served is excused from the duty to show cause.

[Source: Former Local Admiralty Rule 2]


**Local Admiralty Rule C.2.  Publication of Notice of Action and Arrest; Sale**

(a)  The notice required by Supplemental Rule C(4) shall be published at least once and shall contain (1) the fact and date of the arrest, (2) the caption of the case, (3) the nature of the action, (4) the amount demanded, (5) the name of the marshal, (6) the name, address, and telephone number of the attorney for the plaintiff, and (7) a statement that claimants must file their claims with the clerk of this court within fourteen (14) days after notice or first publication (whichever is earlier) or within such additional time as may be allowed by the court and must serve their answers within twenty one (21) days after the filing of their claims. The notice shall also state that all interested persons should file claims and answers within the times so fixed otherwise default will be noted and condemnation ordered.

(b)  Except in the event of private sale pursuant to 28 U.S.C. §§ 2001 and 2004, or unless otherwise ordered as provided by law, notice of sale of the property after condemnation in suits in rem shall be published daily for at least six (6) days before sale.

[Source: Former Local Admiralty Rule 3(a), c]

**Local Admiralty Rule C.3.    Notice Required for Default Judgment in Action In Rem**

(a)    Notice Required in General.    A party seeking a default judgment in an action in rem must satisfy the court that due notice of the action and arrest of the property has been given:

(1)    By publication as required in Supplemental Rule C(4) and Local Admiralty Rule C.2;

(2)    By service upon the master or other person having custody of the property; and

(3)    By service under Federal Rule of Civil Procedure 5(b) upon every other person who has not appeared in the action and is known to have an interest in the property.

(b)    Notice Required to Persons With Recorded Interests.

(1)    If the defendant property is a vessel documented under the laws of the United States, plaintiff must attempt to notify all persons named in the certificate of ownership issued by the United States Coast Guard, or other designated agency of the United States, as holding an ownership interest in or as holding a lien in or as having filed a notice of claim of lien with respect to the vessel.

(2)    If the defendant property is a vessel numbered as provided in 46 U.S.C. § 12301(a), plaintiff must attempt to notify the persons named in the records of the issuing authority.

(3)    If the defendant property is of such character that there exists a governmental registry of recorded property interests or security interests in the property, the plaintiff must attempt to notify all persons named in the records of each such registry.

[Source:    Maritime Law Association Model Rule (c)(3)]


**Local Admiralty Rule D.1.    Return Date in Possessory, Petitory, and Partition Actions**

In an action under Supplemental Rule D, the court may order that the claim and answer be

filed on a date earlier than twenty one (21) days after arrest, and may by order set a date for expedited hearing of the action.

[Source:   Maritime Law Association Model Rule (d)(1)]


**Local Admiralty Rule E.1.   Adversary Hearing Following Arrest, Attachment or Garnishment**

The adversary hearing following arrest or attachment or garnishment that is called for in Supplemental Rule E(4)(f) shall be conducted by a judicial officer within seven (7) days, unless otherwise ordered.

[Source:   Maritime Law Association Model Rule (e)(8)]


**Local Admiralty Rule E.2.   Intervenors' Claims**

(a)   Presentation of Claim.   When a vessel or other property has been arrested, attached, or garnished, and is in the hands of the marshal or custodian substituted therefor, anyone having a claim against the vessel or property is required to present the claim by filing an intervening complaint, and not by filing an original complaint, unless otherwise ordered by a judicial officer.   Upon the satisfaction of the requirements of Federal Rule of Civil Procedure 24, the clerk shall forthwith deliver a conformed copy of the complaint to the marshal, who shall deliver the copy to the vessel or custodian of the property.   Intervenors shall thereafter be subject to the rights and obligations of parties, and the vessel or property shall stand arrested, attached, or garnished by the intervenor.

(b)   Sharing Marshal's Fees and Expenses.   An intervenor shall have a responsibility to the first plaintiff, enforceable on motion, consisting of the intervenor's share of the marshal's fees and expenses in the proportion that the intervenor's claim bears to the sum of all the claims.   If a party plaintiff permits vacation of an arrest, attachment, or garnishment, remaining plaintiffs share the

responsibility to the marshal for the fees and expenses in proportion to the remaining claims and for the duration of the marshal's custody because of each claim.

[Source:    Maritime Law Association Model Rule (e)(11)]


**Local Admiralty Rule E.3.    Claims by Suppliers for Payment of Charges**

A person who furnishes supplies or services to a vessel, cargo, or other property in custody of the court who has not been paid and claims the right to payment as an expense of administration shall submit an invoice to the clerk in the form of a verified claim at any time before the vessel, cargo or other property is released or sold.   The supplier must serve copies of the claim on the marshal, substitute custodian if one has been appointed, and all parties of record.   The court may consider the claims individually or schedule a single hearing for all claims.

[Source:    Maritime Law Association Model Rule (e)(12)(d)]


**Local Admiralty Rule E.4.    Preservation of Property**

Whenever property is attached or arrested pursuant to the provisions of Supplemental Rule E(4)(b) that permit the marshal or other person having the warrant to execute the process without taking actual possession of the property, and the owner or occupant of the property is thereby permitted to remain in possession, the court, on motion of any party or on its own motion, may enter any order necessary to preserve the value of the property, its contents, and any income derived therefrom, and to prevent the destruction, removal or diminution in value of such property, contents and income.

# LOCAL CRIMINAL RULES

**Local Criminal Rule 1.1.    Application of Rules**

(a)    These Local Criminal Rules apply in all criminal proceedings.

(b)    In addition to Local Civil Rules referenced elsewhere in these Local Criminal Rules, the

following Local Civil Rules also apply in criminal proceedings:

1.2.    *Clerk's Office*

1.3.    *Admission to the Bar*

1.4.    *Withdrawal or Displacement of Attorney of Record*

1.5.    *Discipline of Attorneys*

1.6.    *Duty of Attorney in Related Cases* (to the extent cases may be considered related under

      the Courts' Rules (SDNY) or Guidelines (EDNY) for the Division of Business)

1.7.    *Fees of Court Reporters*

1.8.    *Photographs, Radio, Recordings, Television*

1.9    *Acceptable Substitutes for Affidavits*

5.2.    *Electronic Service and Filing of Documents*

5.3.    *Service by Overnight Delivery*

6.2.    *Orders on Motions*

39.1.    *Custody of Trial and Hearing Exhibits*

58.1.    *Remand by an Appellate Court*

67.1.    *Order for Deposit in Interest-Bearing Account.*

## COMMITTEE NOTE

The titles of cross-referenced rules have been added for clarity. The parenthetical to
Local Civil Rule 1.6 harmonizes that rule's otherwise broad concept of relatedness with the
narrow concepts of relatedness specified in the Courts' Rules (SDNY) or Guidelines (EDNY)

for the Division of Business. Finally, the Committee believed it useful to add cross-references to Local Civil Rules 5.2, 5.3, 6.2, 58.1 and 67.1, since they address procedures useful in criminal as well as in civil proceedings.

## Local Criminal Rule 1.2.    Notice of Appearance

Attorneys representing defendants in criminal cases shall file a notice of appearance. Once a notice of appearance has been filed, the attorney may not withdraw except upon prior order of the Court pursuant to Local Civil Rule 1.4.

### COMMITTEE NOTE

This rule, derived from former Local Criminal Rule 44.1, has been renumbered to place it in closer proximity to the cross-references in Local Criminal Rule 1.1 to admission to the bar and withdrawal from a case. Former Local Criminal Rule 44.1(b) has been stricken. That rule required attorneys to submit a certificate of good standing from at least one of the states in which the attorney was admitted and was intended to ensure that criminal defendants are in fact represented by admitted attorneys. However, the rule only required an attorney to submit such a certificate once and thus does not appear to serve a substantially different function from the provisions of Local Civil Rule 1.3 on admission to the bar. In addition, former Local Criminal Rule 44.1(b) did not appear to be enforced in practice.

## Local Criminal Rule 12.4.    Disclosure Statement

For purposes of Fed. R. Crim. P. 12.4 (b)(2), "promptly" shall mean "within fourteen (14) days," that is, parties are required to file supplemental disclosure statement within fourteen (14) days of the time there is any change in the information required in a disclosure statement filed pursuant to those rules.

## Local Criminal Rule 16.1.    Conference of Counsel

No motion addressed to a bill of particulars or any discovery matter shall be heard unless counsel for the moving party files in or simultaneously with the moving papers an affidavit certifying that counsel has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court and has been unable to reach agreement.    If some of the issues raised by the motion have been resolved by agreement, the

affidavit shall specify the issues remaining unresolved.

## COMMITTEE NOTE

The rule was simplified to refer to "a bill of particulars or any discovery matter," and to make clear that the requisite certification could be filed as part of the motion papers.

**Local Criminal Rule 23.1.    Free Press-Fair Trial Directives**

(a)    It is the duty of the lawyer or law firm, and of non-lawyer personnel employed by a lawyer's office or subject to a lawyer's supervision, private investigators acting under the supervision of a criminal defense lawyer, and government agents and police officers, not to release or authorize the release of non-public information or opinion which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which they are associated, if there is a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

(b)    With respect to a grand jury or other pending investigation of any criminal matter, a lawyer participating in or associated with the investigation (including government lawyers and lawyers for targets, subjects, and witnesses in the investigation) shall refrain from making any extrajudicial statement which a reasonable person would expect to be disseminated by means of public communication that goes beyond the public record or that is not necessary to inform the public that the investigation is underway, to describe the general scope of the investigation, to obtain assistance in the apprehension of a suspect, to warn the public of any dangers or otherwise to aid in the investigation, if there is a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the administration of justice.

(c)    During a jury trial of any criminal matter, including the period of selection of the jury, no lawyer or law firm associated with the prosecution or defense shall give or authorize any extrajudicial statement or interview relating to the trial or the parties or issues in the trial which a reasonable person

would expect to be disseminated by means of public communication if there is a substantial likelihood that such dissemination will interfere with a fair trial; except that the lawyer or the law firm may quote from or refer without comment to public records of the Court in the case.

(d)    Statements concerning the following subject matters presumptively involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice within the meaning of this rule:

(1)    The prior criminal record (including arrests, indictments or other charges of crime), or the character or reputation of the accused, except that the lawyer or law firm may make a factual statement of the accused's name, age, residence, occupation and family status; and if the accused has not been apprehended, a lawyer associated with the prosecution may release any information necessary to aid in the accused's apprehension or to warn the public of any dangers the accused may present;

(2)    The existence or contents of any confession, admission or statement given by the accused, or the refusal or failure of the accused to make any statement;

(3)    The performance of any examinations or tests or the accused's refusal or failure to submit to an examination or test;

(4)    The identity, testimony or credibility of prospective witnesses, except that the lawyer or law firm may announce the identity of the victim if the announcement is not otherwise prohibited by law;

(5)    The possibility of a plea of guilty to the offense charged or a lesser offense;

(6)    Information the lawyer or law firm knows is likely to be inadmissible at trial and would if disclosed create a substantial likelihood of prejudicing an impartial trial; and

(7)    Any opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case.

(e)    Statements concerning the following subject matters presumptively do not involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice within the meaning of this rule:

(1)    An announcement, at the time of arrest, of the fact and circumstances of arrest (including time and place of arrest, resistance, pursuit and use of weapons), the identity of the investigating and arresting officer or agency and the length of investigation;

(2)    An announcement, at the time of seizure, stating whether any items of physical evidence were seized and, if so, a description of the items seized (but not including any confession, admission or statement);

(3)    The nature, substance or text of the charge, including a brief description of the offense charged;

(4)    Quoting or referring without comment to public records of the Court in the case;

(5)    An announcement of the scheduling or result of any stage in the judicial process, or an announcement that a matter is no longer under investigation;

(6)    A request for assistance in obtaining evidence; and

(7)    An announcement, without further comment, that the accused denies the charges, and a brief description of the nature of the defense.

(f)    Nothing in this rule is intended to preclude the formulation or application of more restrictive rules relating to the release of information about juvenile or other offenders, to preclude the holding of hearings or the lawful issuance of reports by legislative, administrative or investigative bodies, or to preclude any lawyer from replying to charges of misconduct that are publicly made against said lawyer.

(g)    All Court supporting personnel, including, among others, marshals, deputy marshals,

Court Clerks, bailiffs and Court reporters and employees or sub-contractors retained by the Court-appointed official reporters, are prohibited from disclosing to any person, without authorization by the Court, information relating to a pending grand jury proceeding or criminal case that is not part of the public records of the Court. The divulgence by such Court supporting personnel of information concerning grand jury proceedings, in camera arguments and hearings held in chambers or otherwise outside the presence of the public is also forbidden.

(h)   The Court, on motion of either party or on its own motion, may issue a special order governing such matters as extrajudicial statements by parties and witnesses likely to interfere with the rights of the accused to a fair trial by an impartial jury, the seating and conduct in the courtroom of spectators and news media representatives, the management and sequestration of jurors and witnesses and any other matters which the Court may deem appropriate for inclusion in such order.   In determining whether to impose such a special order, the Court shall consider whether such an order will be necessary to ensure an impartial jury and must find that other, less extreme available remedies, singly or collectively, are not feasible or would not effectively mitigate the pretrial publicity and bring about a fair trial.   Among the alternative remedies to be considered are:   change of venue, postponing the trial, a searching voir dire, emphatic jury instructions, and sequestration of jurors.

(i)   Any lawyer who violates the terms of this rule may be disciplined pursuant to Local Civil Rule 1.5.

## COMMITTEE NOTE

This rule was the subject of substantial debate and compromise at the time of the 1997 revisions to the Local Rules. During the 2011 revision, the Committee, in the absence of intervening decisions substantially impacting the subject of the rule, decided not to recommend any changes to the rule.

## Local Criminal Rule 34.1.   Post-Trial Motions

Post-trial motions in criminal cases, including motions for correction or reduction of sentence

under Federal Rule of Criminal Procedure 35, or to suspend execution of sentence, or in arrest of

judgment under Federal Rule of Criminal Procedure 34, shall be referred to the trial Judge.    If the trial

Judge served by designation and assignment under 28 U.S.C. §§ 291-296, and is absent from the district,

such motions may be referred to that Judge for consideration and disposition.

**Local Criminal Rule 45.1.    Computation of Time**

In computing any period of time prescribed or allowed by the Local Criminal Rules, the

provisions of Federal Rule of Criminal Procedure 45 shall apply unless otherwise stated.    In these

Local Rules, as in the Federal Rules as amended effective December 1, 2009, Saturdays, Sundays, and

legal holidays are no longer excluded in computing periods of time.    If the last day of the period is a

Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not

a Saturday, Sunday, or legal holiday.

COMMITTEE NOTE

Specific references to subsections (a) and (e) of Fed. R. Crim. P. 45, which
have been re-lettered in any event, were deleted.

**Local Criminal Rule 47.1.    Applications for Ex Parte Orders**

Any application for an ex parte order shall state whether a previous application for similar relief

has been made and, if so, shall state (a) the nature of the previous application, (b) the judicial officer to

whom such application was presented, and (c) the disposition of such application.

COMMITTEE NOTE

This rule, former Local Criminal Rule 1.2, was renumbered to associate it with
the relevant Federal Rule of Criminal Procedure, Rule 47, *Motions and Supporting
Affidavits*.

**Local Criminal Rule 49.1.    Service and Filing of Motion Papers**

Unless otherwise provided by statute or rule, or unless otherwise ordered by the Court in a Judge's Individual Practices or in a direction in a particular case, upon any motion, the papers shall be served and filed as follows:

(a)    All papers in support of the motion shall be filed and served by the moving party on all other parties that have appeared in the action.

(b)    Any opposing papers shall be filed and served within fourteen (14) days after service of the motion papers.

(c)    Any reply papers shall be filed and served within seven (7) days after service of the opposing papers.

(d)    A motion for reconsideration or reargument of a Court order determining a motion shall be filed and served within fourteen (14) days after the Court's determination of the original motion. A memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked shall accompany the motion.

## COMMITTEE NOTE

This rule, former Local Criminal Rule 12.1, was renumbered to associate it with the relevant Federal Rule of Criminal Procedure, Rule 49, *Serving and Filing Papers*. The phrase "filed and" was added to the text of subparts (a)-(c). Former subpart (d), relating to computation of time, was deleted as duplicative of Local Criminal Rule 45.1. A new subpart (d) was added to provide guidance regarding motions for reconsideration in criminal cases.

**Local Criminal Rule 58.1.    Petty Offenses--Collateral and Appearance**

(a)    A person who is charged with a petty offense as defined in 18 U.S.C. § 19, or with violating any regulation promulgated by any department or agency of the United States government, may, in lieu of appearance, post collateral in the amount indicated in the summons or other accusatory instrument, waive appearance before a United States Magistrate Judge, and consent to forfeiture of collateral.

(b)    For all other petty offenses the person charged must appear before a Magistrate Judge.

## COMMITTEE NOTE

This rule (formerly Local Criminal Rule 58.2) authorizes the forfeiture of collateral pursuant to Federal Rule of Criminal Procedure 58(d)(1).

## Local Criminal Rule 59.1 Powers of Magistrate Judges

In addition to other powers of Magistrate Judges:

(a)    Full-time Magistrate Judges are hereby specially designated to exercise the jurisdiction set forth in 18 U.S.C. § 3401, *Misdemeanors: application of probation laws.*    Unless there is a pending related indictment before a District Judge, the Clerk shall automatically refer misdemeanor cases initiated by information or indictment or transferred to the district under Federal Rule of Criminal Procedure 20 to a Magistrate Judge for arraignment.    A petition by the government that the trial of a misdemeanor proceed before a District Judge pursuant to 18 U.S.C. § 3401(f) shall be filed prior to arraignment of the defendant.

(b)    Magistrate Judges are hereby authorized to exercise the jurisdiction set forth in 18 U.S.C. § 3184, *Fugitives from foreign country to United States.*

(c) Local Civil Rule 72.1, *Powers of Magistrate Judges*, also applies in criminal proceedings.

## COMMITTEE NOTE

This rule, formerly Local Criminal Rule 58.1, has been redesignated Local Criminal Rule 59.1 to associate it with the relevant Federal Rule of Criminal Procedure, Rule 59, *Matters Before a Magistrate Judge.* The general statutory authority of Magistrate Judges is set forth in 28 U.S.C. § 636; however, certain provisions, including 18 U.S.C. §§ 3401 & 3184, and 28 U.S.C. § 636(c), require specific authorization by the District Court for the Magistrate Judge to exercise the designated authority. This rule, and Local Civil Rule 72.1, which new subpart (c) specifically makes applicable to criminal proceedings,    confirm and continue the Courts' intent to give their Magistrate Judges the maximum powers authorized by law. For the sake of clarity, the titles of the statutes referenced in the rule have been added. Former subpart (c), relating to the power of Magistrate Judges to issue subpoenas and writs, has been stricken as duplicative–the same provision already appears in Local Civil Rule 72.1(c) and will thus continue to apply in criminal proceedings.

# LOCAL PATENT RULES

**Local Patent Rule 1.  Application of Rules**

(a)  These Local Patent Rules apply to patent infringement, validity and unenforceability actions and proceedings. The Court may modify the obligations or deadlines set forth in these Local Patent Rules based on the circumstances of any particular case, including, without limitation, the simplicity or complexity of the case as shown by the patents, claims, technology, products, or parties involved.

(b)  The Local Civil Rules also apply to such actions and proceedings, except to the extent they are inconsistent with these Local Patent Rules.

**Local Patent Rule 2.  Initial Scheduling Conference**

When the parties confer pursuant to Fed. R. Civ. P. 26(f), in addition to the matters covered by Fed. R. Civ. P. 26, the parties must discuss and address in the report filed pursuant to Fed. R. Civ. P. 26(f):

i.  any proposed modification of the deadlines or proceedings set forth in these Local Patent Rules;

ii.  proposed format of and deadlines for claim construction filings and proceedings, including a proposal for any expert discovery the parties propose to take in connection therewith; and

iii.  proposed format of and deadlines for service of infringement, invalidity and/or unenforceability contentions, including any proposed deadlines for supplementation thereof.

**Local Patent Rule 3.  Certification of Disclosures**

All statements, disclosures, or charts filed or served in accordance with these Local Patent Rules

are deemed disclosures subject to Rule 26(g) of the Federal Rules of Civil Procedure.

**Local Patent Rule 4. Admissibility of Disclosures**

Statements, disclosures or charts governed by these Local Patent Rules are admissible to the extent permitted by the Federal Rules of Evidence or Civil Procedure. However, the statements and disclosures provided for in Local Patent Rule 11 are not admissible for any purpose other than in connection with motions seeking an extension or modification of the time periods within which actions contemplated by these Local Patent Rules shall be taken.

**Local Patent Rule 5. Discovery Objections Based on Local Patent Rules**

A party may object to a mandatory disclosure under Fed. R. Civ. P. 26(a) or to a discovery request as conflicting with or premature under these Local Patent Rules only if the mandatory disclosure or discovery request would require disclosure of information of the kind dealt with by Local Patent Rules 6, 7, 8, 10, 11 and 12.

**Local Patent Rule 6. Disclosure of Asserted Claims and Infringement Contentions**

Unless otherwise specified by the Court, not later than forty-five (45) days after the Initial Scheduling Conference, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions," which identifies for each opposing party, each claim of each patent-in-suit that is allegedly infringed and each product or process of each opposing party of which the party claiming infringement is aware that allegedly infringes each identified claim.

**Local Patent Rule 7.  Invalidity Contentions**

Unless otherwise specified by the Court, not later than forty-five (45) days after service of the "Disclosure of Asserted Claims and Infringement Contentions," each party opposing a claim of patent infringement must serve upon all parties its "Invalidity Contentions," if any. Invalidity Contentions must identify each item of prior art that the party contends allegedly anticipates or renders obvious each asserted claim, and any other grounds of invalidity, including any under 35 U.S.C. § 101 or § 112, or unenforceability of any of the asserted claims.

**Local Patent Rule 8.  Disclosure Requirement in Patent Cases Initiated by Declaratory Judgment**

In all cases in which a party files a pleading seeking a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, Local Patent Rule 6 shall not apply with respect to such patent unless and until a claim for patent infringement of such patent is made by a party. If a party does not assert a claim for patent infringement in its answer to the declaratory judgment pleading, unless otherwise specified in the Court's Scheduling Order, the party seeking a declaratory judgment must serve upon all parties its Invalidity Contentions with respect to such patent that conform to Local Patent Rule 7 not later than forty-five (45) days after the Initial Scheduling Conference.

**Local Patent Rule 9.  Duty to Supplement Contentions**

The duty to supplement in Fed. R. Civ. P. 26(e) shall apply to the Infringement Contentions and the Invalidity Contentions required by Local Patent Rules 6 and 7.

**Local Patent Rule 10.  Opinion of Counsel**

Not later than thirty (30) days after entry of an order ruling on claim construction, each party

that will rely on an opinion of counsel as part of a defense to a claim of willful infringement or inducement of infringement, or that a case is exceptional, must produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which attorney-client or work product protection has been waived as a result of such production.

**Local Patent Rule 11. Joint Claim Terms Chart**

By a date specified by the Court, the parties shall cooperate and jointly file a Joint Disputed Claim Terms Chart listing the disputed claim terms and phrases, including each party's proposed construction, and cross-reference to each party's identification of the related paragraph(s) of the invalidity and/or infringement contention(s) disclosures under Local Rules 6 and 7.

**Local Patent Rule 12. Claim Construction Briefing**

Unless otherwise specified by the Court:

(a)     Not later than thirty (30) days after filing of the Joint Disputed Claim Terms Chart pursuant to Local Patent Rule 11, the party asserting infringement, or the party asserting invalidity if there is no infringement issue present in the case, must serve and file an opening claim construction brief and all supporting evidence and testimony.

(b)     Not later than thirty (30) days after service of the opening claim construction brief, the opposing party must serve and file a response to the opening claim construction brief and all supporting evidence and testimony.

(c)     Not later than seven (7) days after service of the response, the opening party may serve and file a reply solely rebutting the opposing party's response.

# RULES FOR THE DIVISION OF BUSINESS AMONG DISTRICT JUDGES

## SOUTHERN DISTRICT

These rules are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys and shall be subject to such amendments from time to time as shall be approved by the court.

## Rule 1.   Individual Assignment System

This court shall operate under an individual assignment system to assure continuous and close judicial supervision of every case.    Each civil and criminal action and proceeding, except as otherwise provided, shall be assigned by lot to one judge for all purposes.    The system shall be administered by an assignment committee in such a manner that all active judges, except the chief judge, shall be assigned substantially an equal share of the categories of cases of the court over a period of time. There shall be assigned or transferred to the chief judge such matters as the chief judge is willing and able to undertake, consistent with the chief judge's administrative duties.

## Rule 2.   Assignment Committee

An assignment committee is established for the administration of the assignment system.    The committee shall consist of the chief judge and two other active judges selected by the chief judge, each to serve for one year.    The chief judge shall also select two other active judges, each to serve for a period of one year, as alternate members of the committee.

The assignment committee shall supervise and rule upon all issues relating to assignments under this system, in accordance with these rules, as amended from time to time by the board of judges.

**Rule 3.    Part I**

(a)        Establishment of Part I

Part I is established for hearing and determining certain emergency and miscellaneous matters in civil and criminal cases.    Judges shall choose assignment to Part I from an appropriate schedule, in order of their seniority, for periods not to exceed three weeks in each year.    The judge(s) assigned full-time to White Plains do not sit in Part I in Manhattan. The assignment committee may, on consent of the judges affected, change such assignments, if necessary, to meet the needs of the court.

Part I shall be open from 9:00 a.m. to 5:00 p.m. Monday through Friday except on holidays. The judge presiding in Part I may fix such other times for any proceeding as necessary.

(b)        Civil Proceedings in Part I

Admissions to the bar shall be heard in Manhattan on Tuesdays at 10:00 a.m.    Admissions to the bar shall be held in White Plains on a schedule to be published annually.    Civil matters other than emergencies shall be heard in Manhattan on Tuesdays at 11:00 a.m.    Naturalization proceedings shall be conducted in Manhattan on Fridays at 11:00 a.m.

(i)    Miscellaneous Civil Matters.

The judge presiding in Part I shall hear and determine those miscellaneous proceedings in civil matters not assigned to a judge.

(ii)    Civil Emergency Matters.

The Part I judge shall hear and determine all emergency matters in civil cases which have been assigned to a judge when the assigned judge is absent or has expressly referred the matter to Part I only when that judge is unavailable due to extraordinary circumstances.    In the absence of a judge at the White Plains Courthouse, emergency matters are heard in Part I at the Manhattan Courthouse.    Depending on the procedures the Part I judge deems the more efficient, the Part I judge may either dispose of an emergency matter only to the extent

necessary to meet the emergency, or, on consent of the assigned judge and notice to the clerk, transfer the action to himself or herself for all further proceedings.

(iii)   Subsequent Emergency Proceedings.

If a civil emergency matter is brought before the Part 1 judge and the judge concludes that for lack of emergency or otherwise the proceeding should not be determined in Part I, the party who brought the proceeding shall not present the same matter again to any other Part I judge unless relevant circumstances have changed in the interim in which case the party shall advise the judge of the prior proceedings and changed circumstances.

(iv) Modifications

When a modification or further action on a Part I determination is sought, it shall be referred in the first instance to the judge who made the original determination even though that judge is no longer sitting in Part I.

(c)     Criminal Proceedings in Part I

The judge presiding in Part I shall:

(i)     Hear and determine all emergency matters in criminal cases which have been assigned to a judge when the assigned judge is absent or has expressly referred the matter    to Part I only when that judge is unavailable due to extraordinary circumstances.    In the absence of a judge at the White Plains Courthouse, emergency matters are heard in Part I at the Manhattan Courthouse.

(ii)     Hear and determine appeals from orders of a magistrate judge in cases that have not yet been assigned to a district judge.


**Rule 4.   Civil Actions or Proceedings (Filing and Assignment)**

(a)    Filing with the Clerk.

All civil actions and proceedings shall be numbered consecutively by year upon the filing of the first document in the case.

When a complaint or the first document is filed in a civil action or proceeding, counsel shall accurately complete and file form JS44C-SDNY: Civil Court Cover Sheet, in triplicate, consistent with Rule 18 below.

(b)    Assignment by the Clerk by Lot.

Each civil action and proceeding, except applications for leave to proceed *in forma pauperis*, upon being filed and each appeal from the bankruptcy court upon being docketed in this court shall be assigned by lot within each designated category to a district judge for all purposes.

An action, case or proceeding may not be dismissed and thereafter refiled for the purpose of obtaining a different judge.    If an action, case or proceeding, or one essentially the same, is dismissed and refiled, it shall be assigned to the same judge.    It is the duty of every attorney appearing to bring the facts of the refiling to the attention of the clerk.

## Rule 5.    Criminal Actions or Proceedings (Filing and Assignment)

(a)    Filing With the Clerk.

Criminal actions    shall be numbered consecutively by year upon the filing of the indictment or information.    The number of a superseding indictment or information shall be preceded by the letter "S".

When an indictment or information is filed, the United States Attorney shall simultaneously file the original and two copies of the indictment or information.    The United States Attorney shall also supply form AO257: Defendant Information Relative to a Criminal Action and the Designation Form issued by the United States Attorney, in triplicate.

**Rule 6.    Criminal Proceedings**

(a) Indictments designated for Manhattan may be returned by the grand jury in open court to the magistrate judge presiding in the criminal part.    Indictments designated for White Plains may be returned by the grand jury to the magistrate judge presiding in the White Plains Courthouse.

(b)    Assignments.

In a criminal case, after an indictment has been returned by the Grand Jury or a notice has been filed by the United States Attorney's Office of an intention to file an information upon the defendant's waiver of indictment, the magistrate judge on duty will randomly draw from the criminal wheel, in open court, the name of a judge to whom the case should be assigned for all purposes.    The notice to file an information upon the defendant's waiver of indictment shall be signed by the Unites States Attorney's Office and by the defendant's attorney.    Waiver of indictment cases will not be assigned a criminal docket number until the waiver has been accepted by the assigned judge.    Sealed indictments will be assigned a criminal docket number upon filing, but a judge will not be selected until such time that the indictment is unsealed.

(c)    Arraignments.

The United States Attorney's Office will promptly contact the judge to whom the case is assigned and request the scheduling of a pretrial conference at which the defendant will be arraigned.

(d)    Waiver of Indictments.

When any person offers to waive indictment, the judge to whom the case has been assigned will conduct or refer to a magistrate judge such proceedings as may be required by law to establish that the waiver is both knowing and voluntary before an information is filed.    The judge or the assigned magistrate judge shall then arraign the defendant.    If the defendant fails to waive indictment and is subsequently indicted on the same or similar charges, the case shall be assigned by the clerk to the same judge to whom the original information was assigned.

(e)    Assignment of Superseding Indictments and Informations.

An indictment or information designated by the grand jury or the United States Attorney as a superseding indictment or information will be assigned to the same judge to whom the original indictment or information was assigned and may not be reassigned from that judge except pursuant to the order of that judge or in the circumstances outlined in Rules 14 through 17. Any questions with respect to such designation as a superseding indictment or information shall be decided by that judge subject to appellate review where applicable. The judge may require the United States Attorney to explain in writing, either under seal or otherwise, the reasons for proceeding by superseding indictment or information before that judge rather than in another manner.

(f)    With the exception of Rules 6(a) and 6(e), which apply in Manhattan and White Plains, this rule applies only to Manhattan.   The judges in White Plains will continue to follow such procedures as they find convenient.


## Rule 7.   Cases Certified for Prompt Trial or Disposition

When the assignment committee certifies that a case requires extraordinary priority or a prompt trial or other disposition, it shall so advise the judge to whom the case has been assigned.   The judge so assigned shall advise the assignment committee whether that judge can accord the case the required priority.   In the event the judge so assigned advises the assignment committee that he or she cannot accord the required priority, the case shall immediately be assigned to another judge by lot and the same procedure followed until the case is assigned to a judge able to accord it the required priority. The name of the judge to be so assigned shall be drawn by lot in the same manner as other civil and criminal actions are initially assigned.

**Rule 8.   Criminal Motions**

Motions in criminal actions shall be made returnable before the assigned judge at such time as that judge directs.   Criminal motions must be made within the time required by the Federal Rules of Criminal Procedure and the Criminal Rules of this court.


**Rule 9.   Petitions for Collateral Relief from Convictions**

(a) Federal Convictions.

When a motion for collateral relief under 28 U.S.C. § 2255 or an audita querellas is filed, it shall be assigned for all further proceedings to the judge to whom the underlying case was assigned.   That judge may either act on the motion without responsive papers or advise the United States attorney of the date(s) when responsive papers are due.

When a motion under Fed. R. Crim. P. 41(g) for the return of property seized in a criminal case is filed, it shall be assigned for all further proceedings to the judge to whom the underlying case was assigned.   The judge may either act on the motion without responsive papers or advise the United States attorney of the date(s) when responsive papers are due.   Rule 41(g) motions that are filed after the related criminal case is closed, shall be opened as a new civil action, and all filings shall be docketed therein.

If the judge to whom the underlying case was assigned is unable to entertain the motion, the motion shall be assigned by lot, or to the Chief Judge where appropriate.

(b) State Convictions

When a *pro se* petition under 28 U.S.C. § 2254 for collateral relief from a state conviction is filed, the *Pro Se* Office shall first ascertain whether the petition is properly filed and, if not, the Office shall take proper steps to have it corrected.   The *Pro Se* Office shall ascertain if the petition is related to any prior application and, if so, send a memorandum to that judge pursuant to Rule 13 of these

Rules for a determination on relatedness.   If there was a related case but the judge to whom that case was assigned is unable or declines to entertain the petition, or if the petition is unrelated to any prior application, the petition shall be assigned pursuant to Rule 21 of these Rules, or to the Chief Judge where appropriate.

**Rule 10.   Assignments to New Judges**

When a new judge is inducted, the assignment committee shall transfer to the new judge an equal share of all cases then pending (including cases on the suspense docket).

The cases shall be taken equally, by lot, from the dockets of each of the judges' most recent chronological list of cases which have been designated by the transferor as eligible for transfer, except if the Assignment Committee determines that the interests of court administration requires an alternative method of reassignment. No case shall be transferred without the consent of the transferor judge.   The assignment committee shall also direct the clerk to add the name of the new judge to the random selection system for assigning new cases to active judges.

**Rule 11.   Assignments to Senior Judges**

If a senior judge is willing and able to undertake assignment of new cases for all purposes, that judge shall advise the assignment committee of the number and categories of new cases which that judge is willing and able to undertake.   New cases in the requested number in each category shall then be assigned to that judge in the same manner as new cases are assigned to active judges.

If a senior judge is willing and able to undertake assignment of pending cases from other judges, that judge may (1) accept assignment of all or any part of any case from any judge on mutual consent, or (2) advise the assignment committee of the number, status and categories of pending cases which

that judge is willing to undertake. Such cases will be drawn by lot from current lists provided to the assignment committee by the judges wishing to transfer cases under this rule. If a senior judge does not terminate any action so transferred, it shall be reassigned to the transferor judge.

**Rule 12.    Assignments to Visiting Judges**

When a visiting judge is assigned to this district, that judge shall advise the assignment committee of the number and categories of pending cases which that judge is required or willing to accept. The assignment committee shall then transfer to that judge the required number of cases in each category with the consent of the transferor judge. If the visiting judge does not terminate the action, it shall be reassigned to the transferor judge.

**Rule 13.    Related Cases**

(a)    Determination of Relatedness

(1)    General Rule. Subject to the limitations set forth below, a civil case, bankruptcy appeal, or motion to withdraw the bankruptcy reference will be deemed related to one or more civil cases, appeals or motions when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses. Bankruptcy appeals are deemed related if they arise from the same order or judgment of the bankruptcy court. Motions to withdraw the bankruptcy reference are deemed related if they seek withdrawal with respect to all or part(s) of the same adversary proceeding. Nothing in this Rule is intended to preclude parties from moving for consolidated proceedings under Fed. R. Civ. P. 42.

(2) Limitations on General Rule.    Notwithstanding paragraph (a)(1):

(A)    Civil cases shall not be deemed related merely because they involve common legal issues or the same parties.

(B)    Other than cases subject to Rule 4(b) and actions seeking the enforcement of a judgment or settlement in or of an earlier case, civil cases presumptively shall not be deemed related unless both cases are pending before the Court (or the earlier case is on appeal).

(C) Criminal cases are not treated as related to civil cases.    Criminal cases are not treated as related to each other unless a motion is granted for a joint trial.

(D) Bankruptcy appeals and motions to withdraw the reference are not treated as related merely because they arise from the same bankruptcy proceeding.

(b)    Procedure in Regard to Cases Said to be Related

(1)    Disclosure of contention of relatedness.    When a civil case is filed or removed or a bankruptcy appeal or motion to withdraw the reference of an adversary proceeding from the bankruptcy court is filed, the person filing or removing shall disclose on form JSC44C any contention of relatedness and shall file a Related Case Statement stating clearly and succinctly the basis for the contention.    A copy of the civil cover sheet and Related Case Statement shall be served with the complaint, notice of removal, notice of appeal, or motion.    Any party may contest a claim of relatedness by any other in writing addressed to the judge having the case with the lowest docket number of all cases claimed to be related.    However, the foregoing shall not delay the assignment process or the operation of this Rule.

(2)    Assignment of cases that are designated as related.    A case, bankruptcy appeal, or motion to withdraw the bankruptcy reference that is designated as related shall be forwarded to the judge before whom the allegedly related case, appeal or motion having the lowest docket number is or was pending, who shall decide whether to accept or reject the case.    The decision of the judge with

the lowest docket number shall control unless the Assignment Committee determines otherwise, applying the standards of relatedness set forth in this Rule.   The judge with the lowest docket number shall notify the Assignment Committee of his or her decision to accept or reject the case, appeal or motion and provide the Committee with the Related Case Statement and any submission in opposition to the contention that the cases are related.   If the Assignment Committee does not concur with the judge's decision to accept the allegedly related case, appeal or motion, the matter shall be assigned by the Clerk by random selection.

(3)   Claims of relatedness by other parties.   A party other than the one filing a case, bankruptcy appeal or motion to withdraw the reference that contends its case is related to another may so advise in writing the judge assigned in its case and request a transfer of its case to the judge that the party contends has the related case with the lowest docket number.   If the assigned judge believes the case is related under paragraph (a), he or she shall refer the question to the judge having the case with the lowest docket number.   In the event the latter judge agrees, the case shall be transferred to that judge unless the Assignment Committee disagrees.

(c)   Other Matters

(1)   Motions in civil and criminal cases to consolidate, or for a joint trial, are regulated by the Federal Rules.   A defendant in a criminal case may move on notice to have all of his or her sentences in this district imposed by a single judge.   All such motions shall be noticed for hearing before the judge having the lowest docket number, with courtesy copies to be provided to the judge or judges having the cases with the higher docket numbers.

## COMMITTEE NOTE

This rule authorizes the transfer of later-filed cases to the judge to whom an earlier-filed related case is assigned while recognizing the difficulty of formulating a definitive and entirely objective definition of "relatedness."   It seeks to strike a balance between the benefits that may be achieved by avoiding unnecessary duplication of effort, expense and burden on the Court and parties through the assignment of related matters to a single judge and the desirability of enriching the development of the

law by having a plurality of judges examine in the first instance common questions of law. This rule is designed to be sufficiently specific to enable litigants to present, and judges to determine, issues of

relatedness in a consistent manner.

**Rule 14.    Transfer of Cases by Consent**

Any judge, upon written advice to the assignment committee, may transfer directly any case or

any part of any case on that judge's docket to any consenting judge except where Rule 16 applies.

**Rule 15.    Transfers from Senior Judges**

A senior judge may keep as much of his or her existing docket as that judge desires and furnish

the assignment committee with a list of all cases which the judge desires to have transferred.    The

assignment committee will distribute the cases equally by lot to each active judge.

**Rule 16.    Transfer Because of Disqualification, etc.**

If a judge is disqualified or if a judge has presided at a mistrial or former trial of the case, and

requests reassignment, the assignment committee shall transfer the case by lot.

**Rule 17.    Transfer of Cases Because of a Judge's Death, Resignation, Prolonged Illness, Disability, Unavoidable Absence, or Excessive Backlog**

The assignment committee shall, in the case of death or resignation, and may, in the event of a

judge's prolonged illness, disability, unavoidable absence, or the build up of an excessive backlog,

transfer any case or cases pending on the docket of that judge by distributing them to any judge or

visiting judge willing to accept such case and thereafter, distributing them as equally as is feasible by

lot, to all remaining active judges and to such senior judges who are willing and able to undertake them.

**Rule 18.    Designation of White Plains Cases**

(a) Civil.

At the time of filing, the plaintiff's attorney shall designate on the civil cover sheet whether the case should be assigned to White Plains or Manhattan in accordance with these rules.

A civil case shall be designated for assignment to White Plains if:

> (i) The claim arose in whole or in major part in the Counties of Dutchess, Orange, Putnam, Rockland, Sullivan and Westchester (the "Northern Counties") and at least one of the parties resides in the Northern Counties; or

> (ii) The claim arose in whole or in major part in the Northern Counties and none of the parties resides in this District.

A civil case may also be designated for assignment to White Plains if:

> (iii) The claim arose outside this district and at least some of the parties reside in the Northern Counties; or

> (iv) At least half of the parties reside in the Northern Counties.

All civil cases other than those specified in the foregoing paragraphs (i), (ii), (iii), and (iv)    and social security and habeas corpus petitions brought under 28 U.S.C. §2241 which are assigned on a district-wide basis shall be designated for assignment to Manhattan.

(b)    Criminal.

The U.S. attorney designates on the criminal cover sheet that the case is to be assigned to White Plains if the crime was allegedly committed in whole or predominant part in the Northern Counties.

Defendants in any criminal case designated for White Plains may be arraigned at the White Plains Courthouse before a magistrate judge or a district judge.

Bail applications in any case designated for White Plains may be heard before a magistrate judge at White Plains, or, if unavailable, before a judge in White Plains, or a magistrate judge in Manhattan.

**Rule 19.   Reassignment of Cases to/from White Plains**

If the Judge to whom the case is assigned believes that it should be assigned to the other courthouse under these rules, a request for reassignment shall be sent to the Assignment Committee, which shall determine if the case should be reassigned.   If the case is reassigned, it will be reassigned as if it were a new filing, but will retain its original case number.

### 2018 COMMITTEE NOTE

Rule 19 is revised to require approval of the Assignment Committee before a case is reassigned to or from the White Plains courthouse.

**Rule 20.   Removed Actions and Bankruptcy Matters**

Actions removed from a state court in New York County or Bronx County will be assigned to Manhattan.   Actions removed from a state court in any of the other counties within the district will be assigned to White Plains.   In either case, the attorney for the defendant may move for reassignment as provided in the section entitled Reassignment of Cases.

Bankruptcy appeals from the White Plains and Poughkeepsie bankruptcy courts are also assigned to White Plains.

**Rule 21.   Social Security Actions and *Habeas Corpus* Petitions**

Social security cases and petitions for *habeas corpus* relief under 28 U.S.C. § 2241 shall be assigned proportionately to all judges of the Court, whether sitting in White Plains or Manhattan.

*Habeas corpus* petitions brought under 28 U.S.C. § 2254 shall be assigned as follows: where the *habeas corpus* petitions arise out of state convictions obtained in the counties of Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan, the cases shall be assigned to

district judges assigned to White Plains; where the *habeas corpus* petitions arise out of state

convictions obtained in the counties of Bronx and New York, the cases shall be assigned to district judges assigned to Manhattan.

**Rule 22.    Filing at Either Courthouse**

Complaints and all subsequent papers are accepted at either courthouse, regardless of the

place for which the case is designated.

**GUIDELINES FOR THE DIVISION OF BUSINESS
AMONG DISTRICT JUDGES**

**EASTERN DISTRICT**

**ADOPTED PURSUANT TO 28 U.S.C. § 137**

These rules are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys and shall be subject to such amendments from time to time as shall be approved by the court.

**50.1    Categories and Classification of Cases; Information on Cases and Parties**

(a)    Categories of Cases.

Cases shall be divided into the following main categories:

(1)    Civil.

(A)    Regular.

(B)    Multidistrict litigation.

(C)    Patent.

(2)    Criminal.

(3)    Miscellaneous.

(b)    Information Sheet.

The party filing the initial paper in a civil or criminal case shall complete and attach an information sheet.    The information sheet shall be placed in the case file.

Where it appears to the Court that the filing party's reasons for joinder of parties are not apparent from the face of the complaint, the Clerk of Court is authorized to request a written explanation consistent with Federal Rule of Civil Procedure 19 and any other appropriate Federal Rule.

The response of the filing party will be docketed and a copy forwarded to the assigned judicial officer.

(c)    Disclosure of Interested Parties.

To enable judges and magistrates to evaluate possible disqualification or recusal, counsel for a private (nongovernmental) party shall submit at the time of initial pleading a certificate identifying any corporate parent, subsidiaries, or affiliates of that party.

(d)    Long Island Cases.

(1)    A criminal case shall be designated a "Long Island case" if the crime was allegedly committed wholly or in substantial part in Nassau or Suffolk County.

2)    A civil case shall be designated a Long Island case if:

a)    the case has been removed to this Court from a New York State court located in Nassau or Suffolk County, or

b)    in any other case,

i)    a substantial part of the events or omissions giving rise to the claim or claims occurred in Nassau or Suffolk County, or

ii)    a substantial part of the events or omissions giving rise to the claim or claims did not occur in the Eastern District of New York and the defendant (or a majority of the defendants if there is more than one) resides in Nassau or Suffolk County or, in an interpleader action, the claimant (or a majority of the claimants if there is more than one) resides in Nassau or Suffolk County.

For purposes of this rule, a corporation shall be considered a resident of the county in which it has the most significant contacts.

(3)    As provided in 50.2(f) a party may move to designate a case as a Long Island case or to cancel such designation on the grounds that such action will serve the

convenience of the parties and witnesses or is otherwise in the interests of justice.

(e)    Miscellaneous Cases.

All matters that do not receive a civil or criminal docket number shall be given a miscellaneous docket number and assigned as provided in 50.5 of these rules.

[Amended: September 9th, 2014]


## 50.2    Assignment of Cases

(a)    Time of Assignment.

The clerk shall assign a civil case upon the filing of the initial pleading.    In a criminal case after an indictment is returned or after an information (including a juvenile information under 18 U.S.C. § 5032) or a motion to transfer under 18 U.S.C. § 5032 has been filed, the United States Attorney shall refer the case to the clerk who shall then assign the case.    The United States attorney shall arrange with the judge to whom the case is assigned, or if that judge is absent or unavailable as provided in 50.5, with the miscellaneous judge, to have the defendant arraigned and a plea entered as promptly as practicable.

(b)    Random Selection Procedure.

All cases shall be randomly assigned by the clerk or his designee in public view in one of the clerk's offices in such a manner that each active judge shall receive as nearly as possible the same number of cases, except as provided in paragraph (h) Where a party or his counsel requests prior to selection that he or she be present at the selection, the clerk shall make reasonable efforts to comply with the request.    In Brooklyn civil cases a magistrate judge shall be drawn at the same time and in the same manner as a judge.    All Long Island civil cases shall be assigned to the Long Island magistrate judge.    The parties to any Long Island case assigned to a Brooklyn judge may stipulate that the case be assigned to the Long Island magistrate judge, for pretrial purposes.

(c)     Assignment of Civil Cases.

(1)     There shall be separate Brooklyn and Long Island civil assignment wheels.   At least quarterly the Chief Judge shall fix the proportion of cases to be assigned to the Long Island courthouses so as to distribute the civil cases relatively equally among all the active judges.

(2)     There shall be separate patent assignment wheels for district judges and magistrate judges. A district judge or magistrate judge not in the patent assignment wheel who received a new patent case by random selection from the civil assignment wheel may elect, within thirty (30) days of assignment for district judges and seven (7) days of assignment for magistrate judges, to direct reassignment of the case. A new district or magistrate judge, or both, will then be assigned by random selection from the appropriate patent assignment wheel(s).

(d)     Assignment of Criminal Cases.

(1)     There shall be a Brooklyn criminal and a Long Island criminal assignment wheel.

(2)     There shall be a Brooklyn and Long Island criminal misdemeanor assignment wheels for the random assignment of these matters to a magistrate.

(e)     Place of Trial.

Except in emergencies a case shall be tried at the place to which it has been assigned.

(f)     Objection.

Any objection by a party to designation of a judge or to place of trial shall be made by letter or motion to the judge assigned

(1)     in a criminal case, within fourteen (14) days from arraignment or from initial notice of appearance, whichever is earlier; or

(2)     in a civil case, within the time allowed to respond to the complaint.

(g)     Special Cases.

(1) The miscellaneous judge shall send all narcotics addict commitment cases involving

"eligible individuals" as defined by 28 U.S.C. § 2901(g) to the clerk for assignment as provided in paragraph (b).

(2)    *Pro se* applications or claims by persons in custody shall be filed without prepayment of fees upon receipt, prior to decision on their *in forma pauperis* petitions.

(3)    Multidistrict litigation is to be assigned to the judge selected by the multidistrict litigation panel; subject to reassignment by the Chief Judge of the Eastern District of New York, according to the usual reassignment rules of the district, to adjust caseload distribution in the interests of justice.

(h)    Chief Judge; Senior Judges; Temporarily Overloaded Judges; Notice of Removal from Wheel.

The chief judge and each senior judge shall indicate from time to time to the clerk the percentage of a full caseload that he or she elects to have assigned.    The chief judge, with the consent of a judge, may remove that judge from any wheel temporarily to reduce the number of pending cases and prevent delay in the disposition of cases by a judge who is then overburdened by cases or due to ill health.    The chief judge shall return that judge to the wheel only on consent of the judge.    The clerk shall upon request inform any attorney or party of the identity of judges whose names have been removed from a wheel.

(i)    Visiting Judge.

The chief judge shall approve the assignment or transfer of cases to a visiting judge.

(j)    Proceedings After Assignment.

All proceedings in a case after assignment shall be conducted by the assigned judge, except as provided by these guidelines.

(k)    Recusal.

A judge or magistrate judge may recuse himself or herself at any time in accordance with

28 U.S.C. § 455.   This guideline takes precedence over any other guideline.

(l)    Appeals-Assignment on Reversal or Remand.

   (1)    In a criminal case upon reversal of a judgment and a direction for retrial or resentence, on receipt of the mandate of the appellate court the clerk shall randomly select a different judge to preside over the case.   Notwithstanding this provision the chief judge may order the case assigned to the original presiding judge to avoid placing an excessive burden on another judge.

   (2)    In a civil case upon reversal the case shall remain assigned to the judge who was previously assigned, unless the chief judge or his designee orders otherwise.

[Amended: January 10th, 2012]


## 50.3.1    Related Civil Cases

(a)    "Related" Civil Case Defined.   A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge.

(b)    Civil Cases Not Deemed "Related".   A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties.

(c)    Civil Cases Presumptively Not "Related": Unless Both Cases Are Still Pending.

Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court.

(d)    Judicial Determination That Civil Cases Are "Related".    Except for the cases

described in the final sentence of paragraph (e), all civil cases shall be randomly assigned when they are filed. Other than the cases described in the final sentence of paragraph (e), civil cases shall not be deemed to be "related" for purposes of this guideline at the instance of any litigant or attorney unless and until there has been a determination by a judge of this court that the standard of paragraph (a) is met, i.e., that because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge. Any party may apply for such a determination by filing with the clerk a letter of no more than three single-spaced pages explaining why the standard of paragraph (a) is met and serving copies of the letter on all other parties. Such an application must be made after the date when at least a majority of the defendants have been served with the complaint, but not more than 30 days after that date unless the judge passing on the application permits a later filing for good cause shown. Before making such an application, the applicant must confer in good faith with all other parties in an effort to reach an agreement on whether or not the case is "related". After such an application is made, any other party may serve and file within seven (7) days a letter of no more than three single-spaced pages supporting or opposing the application. Any determination by a judge of this court that the standard of paragraph (a) is or is not met shall be made by a judge or judges designated by the chief judge, who shall not include the judge to whom the case has been randomly assigned or the judge to whom the case will be assigned if it is determined to be "related".

(e)    Assignment of Related Cases.    Cases which have been judicially determined to be related shall be assigned by the clerk to the judge to whom was assigned the case with the lowest docket number in the series of related cases. The clerk shall advise the judge of such assignment of a related case. In the interest of judicial economy, the following categories of civil cases shall be deemed to be "related" without further order of the court: (1) all habeas corpus petitions filed by the same

petitioner; (2) all pro se civil actions filed by the same individual; and (3) any other subject-matter category of cases where the chief judge finds that the standard of paragraph (a) is met.

(f) No Vested Rights. As stated in the Introduction to these Division of Business Rules, this rule is adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys and shall be subject to such amendments from time to time as shall be approved by the court. This rule shall not be deemed to prevent the reassignment of cases at the initiative of and by agreement of the judges involved.

[Amended: September 22, 2008]


**50.3.2   Related Criminal Cases**

(a) In General

(1) For purposes of this rule, a "case" refers to a criminal proceeding commenced by indictment or information. It does not include wiretap applications, motions in connection with grand jury proceedings, or ex parte motions made outside of a proceeding commenced by indictment or information.

(2) All criminal cases shall be randomly assigned upon filing.

(3) This rule shall not be deemed to prevent the reassignment of cases at the initiative of and by agreement of the judges involved.

(4) As stated in the Introduction to these Division of Business Rules, this rule is adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys and shall be subject to such amendments from time to time as shall be approved by the court.

(b) Relevant Considerations in Relating Cases

(1) There shall be a presumption that one case is "related" to another when the

facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case.

(2)     The presumption shall be overcome upon a determination by the relevant judges that reassignment would not achieve a significant savings of judicial resources or serve the interests of justice.

(3)     In a case involving racketeering charges, the determination of whether that case should be related to another shall be made on the basis of the predicate acts charged, not the criminal enterprise.

(4)     If a defendant has been convicted in more than one case and the sentences are pending before different judges, each of the pending sentences shall be imposed by a single judge determined by all of the relevant judges to be best suited to do so.

(c)     Obligation of the United States Attorney's Office

(1)     It is the affirmative obligation of the United States Attorney's Office ("USAO") to give notice to all relevant judges whenever it appears that one case may be presumptively related to another pursuant to Section (b)(1). Such notice shall be by letter and filed together with the indictment, information or Federal Criminal Rule 7(b) motion and addressed to each of the judges concerned. The letter shall set forth the facts relevant to deciding whether the indictment or information should be related to another case. The letter shall in addition state clearly whether its purpose is solely to provide notice to the Court under this rule, or whether the USAO seeks reassignment.

(2)     The USAO may move for leave to file a notice required by the rule ex parte and under seal for good cause shown. The USAO shall promptly move to unseal the notice once the need for ex parte and sealed filing no longer exists. Absent leave of court, the USAO shall publicly file a notice indicating that an ex parte sealed filing pursuant to this rule is being

submitted.

(3)     These obligations are continuing. The USAO should endeavor to provide notice that could avoid having two or more judges sentence different defendants or the same defendant in related cases.

(d)     Input from Defendants

Any defendant may request reassignment to a judge whom the defendant contends has a case that is presumptively related pursuant to Section (b)(1). In addition, any defendant may request that a case previously assigned to a judge as related be reassigned to the original judge on the ground that it was not properly related. Such requests shall be made by filed letter in both cases, addressed to both judges.

(e)     Joint Application for Reassignment

Nothing in this rule shall preclude the USAO and defendant from jointly seeking reassignment to another judge in the interests of justice or on the grounds that a significant savings of judicial resources would be achieved.

## 50.4    Reassignment of Cases

No case shall be reassigned except in the interest of justice and the efficient disposition of the business of the court.   The chief judge may at any time, with the consent of the judges involved, reassign individual cases.   Reassignment of cases to accommodate changes in the complement of judges shall be made in accordance with the order of the Board of Judges.

## 50.5    Miscellaneous Judge and Duty Magistrate Judge

(a) Duties and Functions of the Miscellaneous Judge

(1) All matters, including those requiring immediate action or brought as special proceedings which cannot be assigned in the ordinary course, shall be randomly assigned pursuant to the procedures set forth in 50.2(b) of these rules.

(2) The miscellaneous judge shall hear and determine matters requiring immediate action in cases already assigned to any judge of the court, if that judge is unavailable or otherwise unable to hear the matter only for such immediate emergency action. The matter or case will remain assigned to the judge originally selected at random.

(3) The miscellaneous judge shall preside over admissions to the bar and naturalization proceedings.

(b) Duties and Functions of the Duty Magistrate Judge

(1) Preside over the arraignment part;

(2) Empanel grand juries, receive indictments and enter presentment orders, refer criminal cases to the clerk for assignment pursuant to 50.2, and discharge grand juries;

(3) Decide requests to be excused from service on the grand and petit juries; and

(4) Preside over admissions to the bar and naturalization proceedings when requested.

(c) Limitation of Duties in Matters Already Assigned.

The miscellaneous judge shall dispose of matters under paragraph (a)(2) only to the extent necessary and shall continue the case before the assigned judge. All applications for emergency action or relief shall disclose any prior application to a judge for the same or related relief and the outcome thereof.


**50.6 Calendars**

(a) Numbers; Order of Cases.

The docket number of each case shall be the calendar number. No note of issue shall be

required to place the case on the calendar.    Each judge shall dispose of cases assigned to him or her as required by law and the efficient administration of justice.

(b)    Preferences.

Each judge shall schedule cases appearing on his or her docket in such order as seems just and appropriate, giving preference to the processing and disposition of the following:

(1)    *habeas corpus* petitions and motions attacking a federal sentence;

(2)    Proceedings involving recalcitrant witnesses before federal courts or grand juries, under 28 U.S.C. § 1846;

(3)    Actions for temporary or preliminary injunctive relief; and

(4)    Any other action if good cause is shown.

(c)    Publication of Calendars.

Each court day the clerk shall post on bulletin boards throughout the courthouse and provide to legal newspapers for publication copies of the judges' calendars.


**50.7    Conference**

The judge assigned to any case may direct the attorneys to appear to discuss the case informally, to entertain oral motions, to discuss settlement, or to set a schedule for the events in the case, including completion of discovery, pretrial and trial.

**INDIVIDUAL RULES OF**
**DISTRICT JUDGE JOAN M. AZRACK**
**United States District Court**
**Eastern District of New York**
**Long Island Courthouse**
**100 Federal Plaza**
**Central Islip, NY 11722**

**Courtroom: 920**
**Chambers:  (631) 712-5600**
**Courtroom Deputy:  Lauren Posillico (631) 712-5609**
**Fax: (631) 712-5606**

**Unless otherwise ordered by Judge Azrack in a specific case, matters before Judge Azrack shall be conducted in accordance with the following practices:**

I.    **ELECTRONIC CASE FILING (ECF)**

    **A.**  All documents must be filed electronically.

    **B.**  Chambers staff are unable to assist with filing via ECF.  For ECF assistance, call (631) 712-6030.    Attorneys should also refer to the Court's website at:
        https://www.nyed.uscourts.gov/attorneys
        https://www.nyed.uscourts.gov/court-info/faq/CM_ECF

    **C.**  Attorneys will receive all notifications and orders from the Court electronically through ECF.

    **D.**  Parties filing voluminous or non-text exhibits that are impracticable to file electronically should contact Chambers prior to filing.

    **E.**  Litigants proceeding *pro se* are exempt from ECF requirements. Chambers mails copies of any orders to *pro se* parties. *Pro se* parties are responsible for maintaining a current address on file with the Court. *Pro se* parties without ECF  access shall file all documents through the Clerk's Office and shall not fax any document to Chambers without prior approval.

    **F.**  In *pro se* cases, parties represented by counsel must still submit documents electronically. For questions about filing and serving documents in cases where one or more parties are proceeding *pro se*, contact the *pro se* office at (631) 712-6060.

II. **COURTESY COPIES**

    A. **Hard copies of documents filed by ECF should <u>not</u> be provided to Chambers unless the submission exceeds 20 pages, including exhibits.** Any courtesy copies submitted to Chambers must be clearly marked "Courtesy Copy," "Original Filed by ECF," and "Assigned Document Number [indicate document number from docket sheet]." Any exhibits or appendices should be clearly labeled and tabbed in the courtesy copy. Where a filing is of substantial length, the filer should submit the hard copy in a binder.

    B. Courtesy copies should be mailed to Chambers on the filing date; overnight or expedited mail is not required unless the Court orders otherwise.

    C. Courtesy copies of any pleadings permitted under Federal Rule of Civil Procedure ("FRCP") 7(a) and any filing directed to the assigned Magistrate Judge should not be provided to Judge Azrack.

III. **COMMUNICATIONS WITH CHAMBERS**

    A. **Telephone Calls**: Parties may contact Courtroom Deputy Lauren Posillico at (631) 712-5609 regarding docketing, scheduling, or calendar matters. If parties have questions concerning the application of Judge Azrack's individual rules, they shall jointly contact Chambers at (631) 712-5600.

    B. **Requests for Adjournments or Extensions of Time**: All requests for adjournments of court appearances or extensions of time must be made in the form of a letter filed by ECF at least **<u>48 hours</u>** before the deadline or court appearance. The request must indicate: (1) the original date and time; (2) the reason for the request; (3) how much additional time is requested; (4) the number of previous requests; (5) whether the adversary consents, and, if not, the reasons given by the adversary for refusing consent; (6) proposed alternative dates when all parties are available; and (7) whether the request affects any other scheduled deadline or court appearance (in which case alternative dates must be proposed). *See* § IV(A), *infra*, for further details.

    C. **Urgent Communications**: Materials filed via ECF may not be reviewed the same day they are filed. If a submission requires immediate attention, please notify Chambers by telephone after filing on ECF.

IV.    **MOTIONS**

A.  **Judge to Whom Motions Are to Be Made**: All dispositive motions, including motions to dismiss, motions for summary judgment, motions to change venue, motions to remand, and motions for class certification are to be made to Judge Azrack.

The assigned Magistrate Judge will preside over pretrial case management, discovery, and settlement. Unless otherwise specifically ordered, all discovery and other non-dispositive pretrial motions and applications are to be made to the Magistrate Judge in accordance with the Magistrate Judge's individual rules. Non-dispositive motions and applications include:

1.   Discovery motions and applications, including motions to stay discovery.
2.   Motions to amend pleadings.
3.   Extensions of time to serve, answer, or file amended pleadings.
4.   Stipulations concerning amendments to pleadings.
5.   Stipulations to transfer venue.
6.   Motions to quash subpoenas.
7.   So ordering of subpoenas.
8.   Applications concerning confidentiality/protective orders.
9.   Sealing and unsealing orders.
10.  Motions to withdraw as counsel.
11.  *Pro hac vice* motions.
12.  Substitutions of counsel.
13.  Motions to disqualify counsel.
14.  Requests for adjournments or extensions of time concerning arbitration or mediation proceedings.

B.  **Pre-Motion Conference**: Except as noted below, a pre-motion conference is required before making any motion addressed to Judge Azrack. To arrange a pre-motion conference, the moving party shall file (via ECF) a letter not to exceed three pages in length setting forth the basis or bases for the anticipated motion. All parties so served must file a letter response (also via ECF), not to exceed three pages, within seven days of service. Service of a pre-motion letter by the moving party within the time requirements established by statute or the Federal Rules of Civil Procedure for the filing of a motion (such as FRCP 12), shall constitute timely service of the motion.

No pre-motion conference is required for motions pursuant to FRCP 50, 52, 59, and 60, habeas corpus/prisoner petitions, Social Security and Bankruptcy appeals, objections to Reports and Recommendations by Magistrate Judges, motions for default judgment, and motions filed by *pro se* parties. Counsel should be aware that the Court of Appeals will not accept an argument that compliance with district court motion rules should excuse non-compliance with Federal Rule of Appellate Procedure 4.

C. **Memoranda of Law**: Unless prior permission has been granted, memoranda of law in support of, and in opposition to, motions are limited to 25 pages, and reply memoranda are limited to 15 pages. Memoranda of 10 pages or more shall contain a table of contents.

D. **Summary Judgment Motions**: Except in *pro se* cases, Local Rule 56.1 statements by a party opposing summary judgment shall quote verbatim the moving party's Local Rule 56.1 statement, and shall respond to each allegation in the moving party's statement immediately beneath each allegation. The opposing statement also may, if necessary, include a separate section of additional material facts alleged to be in dispute. If the opposing statement includes a separate section of additional facts, the moving party must file a reply statement addressing the additional assertions.

On motions for summary judgment, do not attach complete deposition transcripts as exhibits. Attach only pages containing relevant testimony to which citation is made in the motion papers.

E. **Magistrate Appeals and Objections to Magistrate Reports and Recommendations**

In accordance with FRCP 72, all Magistrate appeals and objections to Reports and Recommendations must be served upon all parties and filed with the Court within 14 days of service of the challenged order or report. The party opposing an appeal or objection shall file an opposition within 14 days of service. All appeals and objections must set forth the specific aspects of the order or report that are being challenged.

For Magistrate appeals concerning discovery, the appeal must be in the form of a letter, not exceeding three pages in length. The party opposing such an appeal shall file an opposition letter, not exceeding three pages in length. If the Court desires a reply letter or additional briefing, the Court will inform the parties.

For all other Magistrate appeals and objections to Reports and Recommendations, the parties shall follow the page limits set forth in Section IV(c) above. For such appeals and objections, a reply, if any, shall be filed within seven days of service of the opposition.

**F. Filing of Motion Papers**

    1.    For motions in which a pre-motion conference request is required, if the motion goes forward, the Court will set a briefing schedule at the pre-motion conference. For all other motions, the parties shall submit a proposed briefing schedule to the Court.

    2.    Except for motions pursuant to FRCP 50, 52, 59, and 60 and motions where the movant is *pro se*, **no motion papers shall be filed on ECF until the motion is fully briefed.** The movant shall serve the notice of motion and all supporting papers on the other parties in accordance with the briefing schedule. When the adversary serves its opposition papers, the adversary will also provide the movant with one additional copy of the opposition papers (and, if the adversary is represented by counsel, with a PDF version of the opposition papers). Once the motion is fully briefed, the moving party is responsible for filing the full set of motion papers via ECF. The moving party is also responsible for providing Chambers with one courtesy copy of all motion papers, together with a cover letter specifying each document in the package. A copy of the cover letter shall be sent to opposing counsel.

    3.    **Oral Argument**: Parties may request oral argument at the time their moving, opposition, or reply papers are filed. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

    4.    Notices of motion shall not contain a return date.

**G. Motions Implicating Fed. R. App. P. 4(a)(4)(A) or Similar Time-Limiting Rules**

As indicated above, these practices do not require a pre-motion conference or that a motion be fully briefed before it is filed when strictly enforced time limits must be met to preserve rights. Regardless, if any party concludes in good faith that delaying the filing of a motion, in order to comply with any aspect of these individual practices, will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil and/or Appellate Procedure, together with an explanation of the basis for the conclusion.

**V.    PRETRIAL PROCEDURES**

**A. Joint Pretrial Orders in Civil Cases**: A joint pretrial order shall be prepared under the supervision of the assigned Magistrate Judge in accordance with the schedule set by the Magistrate Judge. The parties are directed to cooperate with each other in the preparation of the joint pretrial order, which shall include the following:

1.  The full caption of the action.

2.  The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

3.  A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

4.  A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matters, but including citations to all statutes relied on. The parties shall identify all claims and defenses previously asserted which are not to be tried.

5.  Any stipulations of fact or law that have been agreed to by all parties.

6.  A statement regarding damages and other relief sought.

7.  A brief statement by plaintiff as to the basis of subject matter jurisdiction and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

8.  Names of all witnesses (fact and expert), together with a brief narrative statement of the expected testimony of each witness and an indication whether the witness will testify in person or by deposition. Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown.

9.  Schedule of exhibits to be offered in evidence by each party. To the extent practicable, counsel should identify any anticipated objections to an opposing party's exhibits. Exhibits admitted by stipulation are to be designated as such. Only exhibits listed shall be offered in

evidence except when prompt notice has been given and good cause shown.

10. A designation by each party of deposition testimony to be offered in its case-in-chief, with any cross-designations.

11. A statement as to whether all parties have consented to trial of the case by a Magistrate Judge (without identifying which parties have or have not so consented).

**B. Filings Prior to Trial in Civil Cases**: After the parties have filed their joint pretrial order, the Court will set deadlines for submission of the following trial materials:

1. **In All Trials**: Two courtesy copies of all exhibits, which shall be appropriately labeled and indexed, including a table of contents. All exhibits must be premarked for trial and exchanged with the other parties at least ten days before trial. Where exhibits are voluminous, they should be paginated and placed in binders with tabs.

2. **In Jury Trials**:

   i. *Voir dire* questions. Only questions specifically addressing the issues to be tried should be submitted. Routine questions are not necessary.

   ii. A joint list of all persons, entities, or places that may be mentioned at trial.

   iii. A joint, brief, summary of the case that will be read to the jury during *voir dire*.

   iv. Proposed verdict forms.

   v. A joint request to charge. General instructions will be prepared by the Court. The joint request to charge shall include the elements of the claims, the damages sought, the defenses, any special requests to charge, and supporting authority. In preparing the joint request to charge, the parties shall confer in good faith and attempt to resolve any disagreements. Areas of honest disagreement should be highlighted, clearly identified, and supported by authority. In addition to filing the joint request to charge on ECF and providing a courtesy copy to the Chambers, an electronic copy should be emailed to Chambers at [Azrack_chambers@nyed.uscourts.gov](mailto:Azrack_chambers@nyed.uscourts.gov).

vi.    Fully briefed motions addressing any evidentiary or other issues that should be resolved *in limine*.

vii.    A pretrial memorandum where a party believes it would be useful.

3.    **In Non-Jury Trials**:  Legal memoranda addressing all contested legal issues.

## VI.    Technology and Internet Access

The Court does not have audiovisual technology available for use during hearings or trials.  Also, there is no wired internet access in the courtroom.

A party seeking to bring and use audiovisual technology during a proceeding shall inform my Courtroom Deputy at least one week prior to the proceeding.

INDIVIDUAL PRACTICE RULES OF
MAGISTRATE JUDGE A. KATHLEEN TOMLINSON
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722-9014
Courtroom 910
**Chambers: (631) 712-5760**
**Fax: (631) 712-5766**
**Courtroom Deputy Edher Montero: (631) 712-5765**

I.   <u>**Communications with Chambers**</u>

A.   *Telephone Calls*

Telephone calls to Chambers are permitted with all parties on the line, subject to the rules set  forth below in Rule I.D.  All questions regarding docketing, scheduling or criminal matters should be directed to Edher Montero.  Other questions should be directed to the Law Clerks at the main Chambers number.

B.   *Letters*

All letters sent to the Court are to be filed via ECF (see Rule II below) unless otherwise directed by the Court, with copies simultaneously delivered to all parties, and with service on all parties indicated on the face of the letter.

C.   *Faxes*

Faxes are permitted only in the following circumstances: 1) time sensitive requests that have already been electronically filed, and 2) cases not subject to ECF requirements.  **Faxes may not exceed four pages, including cover sheet and attachments.**  Longer faxes require advance permission.  Papers faxed to Chambers must also be simultaneously faxed to all other parties**.**

D.   *Requests for Adjournments or Extensions of Time*

All requests for adjournments of a court appearance, absent an emergency, shall be made **in writing at least 48 hours prior to the scheduled appearance**. Further, all requests for adjournments or extensions of time must state: (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether those previous requests were granted or denied, (4) **the reason(s) why an adjournment or extension is necessary**, and (5) whether the adversary consents (including any reasons given by the adversary for withholding consent). Both requests for adjournments and for extensions of time **must** be filed electronically as "MOTIONS." If the requested adjournment or extension affects any other scheduled date, a proposed revised date(s) must be provided.  Courtesy copies of time sensitive

submissions, such as requests for adjournments, **must also be faxed** to Chambers.

## II.    <u>Electronic Case Filing (ECF)</u>

**A.**   Regardless of the district judge assigned, **all documents** directed to Magistrate Judge Tomlinson in civil actions filed after October 1, 2002 MUST be filed electronically, with limited exceptions as stated in Rule II.E. below.  ECF procedures are available on our Website [http://www.nyed.uscourts.gov].  Questions regarding ECF filing or training should be directed to Cinthia Mahon in Central Islip at (631) 712-6011, or Terry Vaughn in Brooklyn at (718) 260-2330.

**B.**   In all cases assigned to Magistrate Judge Tomlinson, no matter which district judge is assigned, attorneys must make an appearance and register to receive ECF notifications prior to filing any letters, motions or other documents.

**C.**   All orders issued by Magistrate Judge Tomlinson will be transmitted only electronically.  Hard copies will not be mailed to attorneys.  Accordingly, attorneys are responsible for keeping their e-mail addresses current with the Clerk's Office.

**D.**   Hard copies or courtesy copies *generally* do not need to be sent to Chambers, with the following exceptions: (1) where a letter motion with exhibits or attachments exceeds 20 pages, or (2) motions referred from District Court Judges or motions on notice made to Magistrate Judge Tomlinson.  All such papers must be clearly marked "Courtesy Copy" and indicate that the original was filed by ECF.

**E.**   The following documents are exempt from electronic filing and should only be filed in hard copy:

i.   Non-text exhibits or materials in excess of 50 pages. If attachments to a letter motion exceed this limit, the movant must electronically file the letter only, indicating in the docket entry that the attachments exceed 50 pages and will be filed in hard copy, and submit the attachments for filing, with a courtesy copy to Magistrate Judge Tomlinson.

ii.   Documents filed under seal or subject to a court-ordered confidentiality agreement.

iii.   *Ex parte* settlement statements.

**F.**   <u>*Exemptions*</u>.  Litigants proceeding *pro se* are exempt from ECF requirements.  Parties represented by counsel, however, must file documents electronically, even in *pro se* cases.

### III. Motions

#### A. *Discovery or Other Non-Dispositive Motions*

1. Letter Motions: *Discovery or other non-dispositive motions may be made by letter* motion, pursuant to Local Civil Rules 37.1 and 37.3, and filed electronically as a "MOTION." No pre-motion conference is required. Such letter motions may not exceed three pages in length, exclusive of attachments. A response not exceeding three pages in length, exclusive of attachments, must be served and filed within three business days of receipt of the letter motion. Replies are not permitted on letter motions. Parties must make a good faith effort, pursuant to Local Civil Rule 26.5, to resolve disputes, including in-person contact either by telephone or in person, **before** making a motion.

2. Motions on Notice: Although parties are encouraged to make discovery and other non-dispositive motions by letter pursuant to Local Rule 37.3, such motions may be made on notice pursuant to Local Civil Rule 6.1 and must comply with Rule III herein. No pre-motion conference is required.

#### B. *Dispositive Motions*

Dispositive motions, such as motions to dismiss and motions for summary judgment, must be made to the presiding district court judge, in conformance with his or her individual rules, unless the parties have consented to Magistrate Judge Tomlinson's jurisdiction for all purposes in accordance with 28 U.S.C.§ 636 (c)(1).

#### C. *General Motion Practices for Motions on Notice Made to Magistrate Judge Tomlinson*

1. Service and filing:

   a. No motion papers shall be filed until the motion has been fully briefed.

   b. The parties are to set their own briefing schedule which is then to be submitted to the Court for approval. No revisions to the schedule will be made without the Court's approval.

   c. Each party shall be responsible for filing its own motion papers via ECF on the date the reply brief is scheduled to be filed or any return date stated in the approved briefing schedule. Parties are to confer to ensure that all papers are being filed on the same day.

2. Memoranda of Law

   Unless prior permission has been granted, memoranda of law in support of and in opposition to motions on notice are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of ten (10) pages or more shall contain a table of contents. Case citations must contain pinpoint cites. All memoranda of law must use one-inch margins, double spacing, and 12-point font. Legal arguments must be set forth in a memorandum of law; affidavits or affirmations containing legal argument will be rejected. See Local Civil Rule 7.1. **Any memoranda, affidavits, or affirmations not complying with the requirements set forth herein will be rejected.**

3. Courtesy Copies

   After electronic filing, one hard copy of the motion papers, marked as "Courtesy Copy," should be submitted to Magistrate Judge Tomlinson. Courtesy copies of dispositive motions made to the district judge should **not** be provided to the magistrate judge.

4. Oral Argument on Motions

   Where the parties are represented by counsel, oral argument will be held on motions. Within one week of filing fully briefed motions, the parties are to contact the Court to set a mutually acceptable date for oral argument.

D. **Submission of Summary Judgment Motions in Cases Before Magistrate Judge Tomlinson for All Purposes**

1. No pre-motion conference is required. However, prior to filing such a motion, the movant is required to submit a letter of no more than two pages in length (a) briefly stating the basis for the motion, **and** (2) setting forth a briefing schedule that has been agreed upon by the parties. The briefing schedule is subject to approval by the Court and no papers may be filed until such approval is given.

2. All motions for summary judgment must comply with Rule 56 of the Federal Rules of Civil Procedure as well as Local Civil Rule 56.1 ("Rule 56.1"), **as amended on March 26, 2004**. If the non-movant is proceeding *pro se*, the movant must also comply with Local Civil Rule 56.2.

3. Summary judgment motions are also subject to the requirements set forth above in

Rule III.C.1 through C.4.

**E. *Motions Implicating Fed. R. App. P. 4(a)(4)(A) or Similar Time-Limiting Rules***

If any party concludes in good faith that delaying the filing of a motion, in order to comply with any aspect of these individual practices, will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil and/or Appellate Procedure, together with an explanation of the basis for the conclusion.

**F. *Motions for Admission "Pro Hac Vice"***

A motion for admission *pro hac vice*, together with a proposed order admitting the attorney *pro hac vice*, shall be served and filed electronically at least seven days prior to the return date designated in the notice of motion. Although there is no need to file a memorandum of law, this motion must comply with Local Civil Rule 1.3. These motions shall be on submission. If any party objects to the motion, opposition papers must be served and filed at least two days prior to the return date. No reply papers are permitted.

**IV.    Pretrial Procedures in Cases before Magistrate Judge Tomlinson for All Purposes**

**A. *Joint Pretrial Orders*.** On the date specified in the scheduling order, the parties shall submit a joint pretrial order which includes the following:

1.    the full caption of the action;

2.    the names, addresses (including firm names), telephone and fax numbers of trial counsel;

3.    a brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

4.    a brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter, but including citations to all statutes on which the party is relying.   The parties shall also list all claims and defenses previously asserted that are not to be tried;

5.    a statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed;

6.     any stipulations or statement of facts that have been agreed to by all parties;

7.     a list by each party as to the fact witnesses and expert witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition.  Only listed witnesses will be permitted to testify except for good cause shown;

8.     a designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party; and,

9.     a list of exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties who will be offering them.  The schedule must also include possible impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal.  The parties must list and briefly describe the basis for any objections that they have to the admissibility of any exhibits to be offered by any other party.  Parties are expected to resolve before trial all issues of authenticity, chain of custody, and related grounds.  Only the exhibits listed will be received in evidence except for good cause shown.  All exhibits must be pre-marked for the trial and exchanged with the other parties at least ten days before trial.  Where exhibits are voluminous, they should be placed in binders with tabs.

**B.**     ***Filings Prior to Trial.***  Unless otherwise ordered by the Court, each party shall electronically file the following items ten (10) days prior to the commencement date of trial:

1.     <u>Proposed Voir Dire Questions and Final Witness List</u>: in jury cases, requests to charge should be limited to the elements of the claims, the damages sought and defenses.  General instructions will be prepared by the Court.  Proposed jury charges must also be submitted on a CD or diskette in WordPerfect format;

2.     <u>Claims for R</u>elief:  by claim, a detailed statement regarding damages and other relief sought;

3.     <u>Elements of Claims and Defenses</u>:  in non-jury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

4.     <u>Pre-Trial Memorandu</u>m: required to be submitted by each party;

5.     <u>Motions *in Limine*</u>: all motions addressing any evidentiary or other issue which should be resolved *in limine* are to be filed fifteen (15) days prior to jury selection, with a courtesy copy to Chambers so indicating.  Any opposition should be filed seven (7) days prior to jury selection, with a courtesy copy to Chambers so

indicating.  Any reply should be made in the same manner three (3) days prior to jury selection.